## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Filed: |
| | ) | |
| Verizon Communications Inc. and MCI, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## **FINAL JUDGMENT**

WHEREAS, plaintiff, United States of America, filed its Complaint on October 27, 2005, plaintiff and defendants, Verizon Communications Inc. ("Verizon") and MCI, Inc. ("MCI"), by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of certain rights or assets by the defendants to assure that competition is not substantially lessened;

AND WHEREAS, plaintiff requires defendants to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, defendants have represented to the United States that the divestitures required below can and will be made and that defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED, AND DECREED:

## I.  Jurisdiction

This Court has jurisdiction over the subject matter of and each of the parties to this action.  The Complaint states a claim upon which relief may be granted against defendants under Section 7 of the Clayton Act, as amended (15 U.S.C. § 18).

## II.  Definitions

As used in this Final Judgment:

A.      "Verizon" means defendant Verizon Communications Inc., a Delaware corporation with its headquarters in New York, New York, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.      "MCI" means defendant MCI, Inc., a Delaware corporation with its headquarters in Ashburn, Virginia, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

-2-

C.     "Acquirer" or "Acquirers" means the entity or entities to whom defendants divest the Divestiture Assets.

D.     "Divestiture Assets" means IRUs for Lateral Connections to the locations listed in Appendix A and sufficient transport as described below and all additional rights necessary to enable those assets to be used by the Acquirer to provide telecommunications services.  The Divestiture Assets shall include IRUs for transport facilities sufficient to connect the Lateral Connections to locations mutually agreed upon by defendants and the Acquirer, subject to the approval of the United States in its sole judgment.  The term "Divestiture Assets" shall be construed broadly to accomplish the complete divestiture of assets and the purposes of this Final Judgment.  With the approval of the United States, in its sole discretion, and at the Acquirer's option, the Divestiture Assets may be modified to exclude assets and rights that are not necessary to meet the competitive aims of this Final Judgment.

E.     "IRU" means indefeasible right of use, a long-term leasehold interest that gives the holder the right to use specified strands of fiber in a telecommunications facility.  An IRU granted by defendants under this Final Judgment shall (1) be for a minimum of 10 years; (2) not require the Acquirer to pay a monthly or other recurring fee to preserve or make use of its rights; (3) include all additional rights and interests necessary to enable the IRU to be used by the Acquirer to provide telecommunications services; and (4) contain other commercially reasonable and customary terms, including terms for payment to the grantor for ancillary services, such as maintenance fees on a per occurrence basis; and (5) not unreasonably limit the right of the Acquirer to use the asset as it wishes (e.g., the Acquirer shall be permitted to splice into the IRU fiber, though such splice points must be mutually agreed upon by defendants and Acquirer).

F.     "Lateral Connection" means fiber strands from the point of entry of the building to the splice point with fiber used to serve different buildings and shall consist of the greater of (1) eight (8) fiber strands or (2) one-half of the currently unused fiber strands in MCI's facilities serving the building measured at the time of the filing of the Complaint.  The fiber strands may be provided from those owned or controlled by either Verizon or MCI, as mutually agreed by defendants and Acquirer.

### III.  **Applicability**

A.     This Final Judgment applies to Verizon and MCI, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

B.     Defendants shall require, as a condition of the sale or other disposition of all or substantially all of their assets or of lesser business units that include the Divestiture Assets, that the purchasers agree to be bound by the provisions of this Final Judgment, provided, however, that defendants need not obtain such an agreement from the Acquirers.

### IV.  **Divestitures**

A.     Defendants are ordered and directed, within 120 calendar days after the closing of Verizon's acquisition of MCI, or five (5) days after notice of the entry of this Final Judgment by the Court, whichever is later, to divest the Divestiture Assets in a manner consistent with this Final Judgment to an acquirer and on terms acceptable to the United States in its sole discretion. The United States, in its sole discretion, may agree to one or more extensions of this time period

not to exceed sixty (60) days in total, and shall notify the Court in such circumstances. If

approval or consent from any government unit is necessary with respect to divestiture of the

Divestiture Assets by defendants or the Divestiture Trustee and if applications or requests for

approval or consent have been filed with the appropriate governmental unit within 120 calendar

days after the closing of Verizon's acquisition of MCI, but an order or other dispositive action on

such applications has not been issued before the end of the period permitted for divestiture, the

period shall be extended with respect to divestiture of those Divestiture Assets for which

governmental approval or consent has not been issued until five (5) days after such approval or

consent is received. Defendants agree to use their best efforts to divest the Divestiture Assets

and to seek all necessary regulatory or other approvals or consents necessary for such divestitures

as expeditiously as possible. This Final Judgment does not limit the Federal Communications

Commission's exercise of its regulatory powers and process with respect to the Divestiture

Assets. Authorization by the Federal Communications Commission to conduct the divestiture of

a Divestiture Asset in a particular manner will not modify any of the requirements of this decree.

     B.     In accomplishing the divestitures ordered by this Final Judgment, defendants

promptly shall make known, by usual and customary means, the availability of the Divestiture

Assets. Defendants shall inform any person making inquiry regarding a possible purchase of the

Divestiture Assets that they are being divested pursuant to this Final Judgment and provide that

person with a copy of this Final Judgment. Defendants shall offer to furnish to all prospective

Acquirers, subject to customary confidentiality assurances, all information and documents

relating to the Divestiture Assets customarily provided in a due diligence process except such

information or documents subject to the attorney-client or work-product privileges. Defendants

shall make available such information to the United States at the same time that such information is made available to any other person.

C.      Defendants shall permit prospective Acquirers of the Divestiture Assets to have reasonable access to personnel and to make inspections of the physical facilities of the Divestiture Assets; access to any and all environmental, zoning, and other permit documents and information; and access to any and all financial, operational, or other documents and information customarily provided as part of a due diligence process.

D.      Defendants shall warrant to all Acquirers of the Divestiture Assets that each asset will be operational on the date of sale.

E.      Defendants shall not take any action that will impede in any way the permitting, operation, or divestiture of the Divestiture Assets.

F.      At the option of the Acquirers, defendants shall enter into a contract for a period of up to one (1) year for transition services customarily necessary to maintain, operate, provision, monitor, or otherwise support the Divestiture Assets.  The terms and conditions of any contractual arrangement meant to satisfy this provision must be reasonably related to market conditions.

G.      Defendants shall warrant to the Acquirer of the Divestiture Assets that there are no material defects in the environmental, zoning, or other permits pertaining to the operation of each asset, and that following the sale of the Divestiture Assets, defendants will not undertake, directly or indirectly, any challenges to the environmental, zoning, or other permits relating to the operation of the Divestiture Assets.

H.    Unless the United States otherwise consents in writing, the divestitures pursuant to Section IV, or by trustee appointed pursuant to Section V, of this Final Judgment, shall include the entire Divestiture Assets, and shall be accomplished in such a way as to satisfy the United States, in its sole discretion, that the Divestiture Assets can and will be used by the Acquirer as part of a viable, ongoing telecommunications business.  Divestiture of the Divestiture Assets may be made to more than one Acquirer, provided that (i) all Divestiture Assets in a given metropolitan area are divested to a single Acquirer unless otherwise approved by the United States, in its sole discretion, and (ii) in each instance it is demonstrated to the sole satisfaction of the United States that the Divestiture Assets will remain viable and the divestiture of such assets will remedy the competitive harm alleged in the Complaint.  The divestitures, whether pursuant to Section IV or Section V of this Final Judgment,

(1)    shall be made to an Acquirer (or Acquirers) that, in the United States's sole judgment, has the intent and capability (including the necessary managerial, operational, technical, and financial capability) of competing effectively in the provision of telecommunications services; and

(2)    shall be accomplished so as to satisfy the United States, in its sole discretion, that none of the terms of any agreement between an Acquirer (or Acquirers) and defendants gives defendants the ability unreasonably to raise the Acquirer's costs, to lower the Acquirer's efficiency, or otherwise to interfere in the ability of the Acquirer to compete effectively.

I.      To the extent leases, contracts, agreements, intellectual property rights, licenses, or other commitments with third-parties are not assignable or transferrable without the consent of the licensor or other third parties, defendants shall use their best efforts to obtain those consents.

## V.  Appointment of Trustee

A.      If defendants have not divested the Divestiture Assets within the time period specified in Section IV(A), defendants shall notify the United States of that fact in writing, specifically identifying the Divestiture Assets that have not been divested.  Upon application of the United States, the Court shall appoint a trustee selected by the United States and approved by the Court to effect the divestiture of the Divestiture Assets.

B.      After the appointment of a trustee becomes effective, only the trustee shall have the right to sell the Divestiture Assets.  The trustee shall have the power and authority to accomplish the divestiture to Acquirers acceptable to the United States, in its sole judgment, at such price and on such terms as are then obtainable upon reasonable effort by the trustee, subject to the provisions of Sections IV, V, and VI of this Final Judgment, and shall have such other powers as this Court deems appropriate.  Subject to Section V(D) of this Final Judgment, the trustee may hire at the cost and expense of defendants any investment bankers, attorneys, technical experts, or other agents, who shall be solely accountable to the trustee, reasonably necessary in the trustee's judgment to assist in the divestiture.

C.      Defendants shall not object to a sale by the trustee on any ground other than the trustee's malfeasance.  Any such objections by defendants must be conveyed in writing to the

United States and the trustee within ten (10) calendar days after the trustee has provided the notice required under Section VI.

      D.     The trustee shall serve at the cost and expense of defendants, on such terms and conditions as the plaintiff approves, and shall account for all monies derived from the sale of the assets sold by the trustee and all costs and expenses so incurred.  After approval by the Court of the trustee's accounting, including fees for its services and those of any professionals and agents retained by the trustee, all remaining money shall be paid to defendants and the trust shall then be terminated.  The compensation of the trustee and any professionals and agents retained by the trustee shall be reasonable in light of the value of the Divestiture Assets and based on a fee arrangement providing the trustee with an incentive based on the price and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

      E.     Defendants shall use their best efforts to assist the trustee in accomplishing the required divestitures, including their best efforts to effect all necessary regulatory or other approvals or consents and will provide necessary representations or warranties as appropriate, related to the sale of the Divestiture Assets.  The trustee and any consultants, accountants, attorneys, technical experts, and other persons retained by the trustee shall have full and complete access to the personnel, books, records, and facilities related to the Divestiture Assets, and defendants shall develop financial and other information relevant to the Divestiture Assets as the trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information.  Defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

F.      After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment.  To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court.  Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person.  The trustee shall maintain full records of all efforts made to divest the Divestiture Assets.

G.      If the trustee has not accomplished such divestiture within six months after its appointment, the trustee shall promptly file with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture, (2) the reasons, in the trustee's judgment, why the required divestiture has not been accomplished, and (3) the trustee's recommendations.  To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court.  The trustee shall at the same time furnish such report to the plaintiff who shall have the right to make additional recommendations consistent with the purpose of the trust.  The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include extending the trust and the term of the trustee's appointment by a period requested by the United States.

H.      In addition, notwithstanding any provision to the contrary, the United States, in its sole discretion, may require defendants to include additional assets, or allow, with the written approval of the United States, defendants to substitute substantially similar assets, which

-10-

substantially relate to the Divestiture Assets to be divested by the trustee to facilitate prompt

divestiture to an acceptable Acquirer or Acquirers.

## VI. **Notice of Proposed Divestiture**

A.      Within two (2) business days following execution of a definitive divestiture

agreement, defendants or the trustee, whichever is then responsible for effecting the divestiture

required herein, shall notify the United States of any proposed divestiture required by Section IV

or V of this Final Judgment.  If the trustee is responsible, it shall similarly notify defendants.  The

notice shall set forth the details of the proposed divestiture and list the name, address, and

telephone number of each person not previously identified who offered or expressed an interest

in or desire to acquire any ownership interest in the Divestiture Assets, together with full details

of the same.

B.      Within fifteen (15) calendar days of receipt by the United States of such notice,

the United States may request from defendants, the proposed Acquirer or Acquirers, any other

third party, or the trustee, if applicable, additional information concerning the proposed

divestiture, the proposed Acquirer or Acquirers, and any other potential Acquirer.  Defendants

and the trustee shall furnish any additional information requested within fifteen (15) calendar

days of the receipt of the request, unless the parties shall otherwise agree.

C.      Within thirty (30) calendar days after receipt of the notice or within twenty (20)

calendar days after the United States has been provided the additional information requested

from defendants, the proposed Acquirer or Acquirers, any third party, and the trustee, whichever

is later, the United States shall provide written notice to defendants and the trustee, if there is

-11-

one, stating whether or not it objects to the proposed divestiture. If the United States provides

written notice that it does not object, the divestiture may be consummated, subject only to

defendants' limited right to object to the sale under Section V(C) of this Final Judgment. Absent

written notice that the United States does not object to the proposed Acquirer or upon objection

by the United States, a divestiture proposed under Section IV or Section V shall not be

consummated. Upon objection by defendants under Section V(C), a divestiture proposed under

Section V shall not be consummated unless approved by the Court.

## VII. <u>Financing</u>

Defendants shall not finance all or any part of any purchase made pursuant to Section IV

or V of this Final Judgment.

## VIII. <u>Preservation of Assets</u>

Until the divestiture required by this Final Judgment has been accomplished, defendants

shall take all steps necessary to comply with the Stipulation signed by defendants and the United

States. Defendants shall take no action that would jeopardize the divestiture ordered by this

Court.

## IX. <u>Affidavits</u>

A.    Within twenty (20) calendar days of the filing of the Complaint in this matter, and

every thirty (30) calendar days thereafter until the divestiture has been completed under Section

IV or V, defendants shall deliver to the United States an affidavit as to the fact and manner of its

compliance with Section IV or V of this Final Judgment. Each such affidavit shall include the name, address, and telephone number of each person who, during the preceding thirty (30) days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person during that period. Each such affidavit shall also include a description of the efforts defendants have taken to solicit buyers for the Divestiture Assets, and to provide required information to prospective Acquirers, including the limitations, if any, on such information. Assuming the information set forth in the affidavit is true and complete, any objection by the United States to information provided by defendants, including limitation on information, shall be made within fourteen (14) calendar days of the receipt of such affidavit.

B.      Within twenty (20) calendar days of the filing of the Complaint in this matter, defendants shall deliver to the United States an affidavit that describes in reasonable detail all actions defendants have taken and all steps defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment. Defendants shall deliver to the United States an affidavit describing any changes to the efforts and actions outlined in defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C.      Defendants shall keep all records of all efforts made to preserve and divest the Divestiture Assets until one year after such divestiture has been completed.

-13-

## X.  **Compliance Inspection**

A.      For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to defendants, be permitted:

(1)      access during defendants' office hours to inspect and copy, or at plaintiff's option, to require that defendants provide copies of, all books, ledgers, accounts, records and documents in the possession, custody, or control of defendants, relating to any matters contained in this Final Judgment; and

(2)      to interview, either informally or on the record, defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by defendants.

B.      Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.      No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the

-14-

executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

       D.      If at the time information or documents are furnished by defendants to the United States, defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall give defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than grand jury proceedings).

## XI.  <u>No Reacquisition</u>

Defendants may not reacquire (or lease back without the approval of the United States, in its sole discretion) any part of the Divestiture Assets during the term of this Final Judgment.

## XII.  <u>Retention of Jurisdiction</u>

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

### XIII.  <u>Expiration of Final Judgment</u>

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.


### XIV.  <u>Public Interest Determination</u>

Entry of this Final Judgment is in the public interest.


**Date:** _____

Court approval subject to procedures of Antitrust
Procedures and Penalties Act, 15 U.S.C. § 16


_____
**United States District Judge**

-16-

**APPENDIX A**

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 1 CITY HALL PLZ | BOSTON | MA | 02201 | BOSTON-WORCESTER |
| 10 TARA BLVD | NASHUA | NH | 03062 | BOSTON-WORCESTER |
| 100 NAGOG PARK | ACTON | MA | 01720 | BOSTON-WORCESTER |
| 1000 TECHNOLOGY PARK DR | BILLERICA | MA | 01821 | BOSTON-WORCESTER |
| 109 STATE ST | BOSTON | MA | 02109 | BOSTON-WORCESTER |
| 110 HUNTINGTON AVE | BOSTON | MA | 02116 | BOSTON-WORCESTER |
| 110 SPIT BROOK RD | NASHUA | NH | 03062 | BOSTON-WORCESTER |
| 12 HARTWELL AVE | LEXINGTON | MA | 02421 | BOSTON-WORCESTER |
| 12 NEW ENGLAND EXECUTIVE PARK | BURLINGTON | MA | 01803 | BOSTON-WORCESTER |
| 125 CAMBRIDGEPARK DR | CAMBRIDGE | MA | 02140 | BOSTON-WORCESTER |
| 125 MIDDLESEX TPKE | BEDFORD | MA | 01730 | BOSTON-WORCESTER |
| 1255 BOYLSTON ST | BOSTON | MA | 02215 | BOSTON-WORCESTER |
| 1295 BOYLSTON ST | BOSTON | MA | 02215 | BOSTON-WORCESTER |
| 132 BROOKLINE AVE | BOSTON | MA | 02215 | BOSTON-WORCESTER |
| 135 SANTILLI HWY | EVERETT | MA | 02149 | BOSTON-WORCESTER |
| 141 LEDGE ST | NASHUA | NH | 03060 | BOSTON-WORCESTER |
| 1550 SOLDIERS FIELD RD | BOSTON | MA | 02135 | BOSTON-WORCESTER |
| 161 DEVONSHIRE ST | BOSTON | MA | 02110 | BOSTON-WORCESTER |
| 165 DASCOMB RD | ANDOVER | MA | 01810 | BOSTON-WORCESTER |
| 175 GREAT RD | BEDFORD | MA | 01730 | BOSTON-WORCESTER |
| 180 HARTWELL RD | BEDFORD | MA | 01730 | BOSTON-WORCESTER |
| 2 CHARLESGATE W | BOSTON | MA | 02215 | BOSTON-WORCESTER |
| 2 FENWAY PLZ | BOSTON | MA | 02215 | BOSTON-WORCESTER |
| 2 HERITAGE DR | QUINCY | MA | 02171 | BOSTON-WORCESTER |
| 211 CONGRESS ST | BOSTON | MA | 02110 | BOSTON-WORCESTER |
| 220 BEAR HILL RD | WALTHAM | MA | 02451 | BOSTON-WORCESTER |
| 235 WYMAN ST | WALTHAM | MA | 02451 | BOSTON-WORCESTER |
| 25 LINNELL CIR | BILLERICA | MA | 01821 | BOSTON-WORCESTER |
| 25 MALL RD | BURLINGTON | MA | 01803 | BOSTON-WORCESTER |
| 262 WASHINGTON ST | BOSTON | MA | 02108 | BOSTON-WORCESTER |
| 275 WYMAN ST | WALTHAM | MA | 02451 | BOSTON-WORCESTER |
| 28 CROSBY DR | BEDFORD | MA | 01730 | BOSTON-WORCESTER |
| 29 RANDOLPH RD | BEDFORD | MA | 01731 | BOSTON-WORCESTER |
| 3 CLOCK TOWER PL | MAYNARD | MA | 01754 | BOSTON-WORCESTER |
| 30 HAMILTON RD | LEXINGTON | MA | 02420 | BOSTON-WORCESTER |
| 300 LONGWOOD AVE | BOSTON | MA | 02115 | BOSTON-WORCESTER |
| 31 NAGOG PARK | ACTON | MA | 01720 | BOSTON-WORCESTER |
| 33 ARCH ST | BOSTON | MA | 02110 | BOSTON-WORCESTER |
| 330 BROOKLINE AVE | BOSTON | MA | 02215 | BOSTON-WORCESTER |
| 35 DUNHAM RD | BILLERICA | MA | 01821 | BOSTON-WORCESTER |
| 35 NORTHEASTERN BLVD | NASHUA | NH | 03062 | BOSTON-WORCESTER |
| 4 CROSBY DR | BEDFORD | MA | 01730 | BOSTON-WORCESTER |
| 40 OLD BOLTON RD | STOW | MA | 01775 | BOSTON-WORCESTER |
| 4040 MYSTIC VALLEY PKWY | MEDFORD | MA | 02155 | BOSTON-WORCESTER |
| 419 BOYLSTON ST | BOSTON | MA | 02116 | BOSTON-WORCESTER |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 420 BEDFORD ST | LEXINGTON | MA | 02420 | BOSTON-WORCESTER |
| 426 WASHINGTON ST | BOSTON | MA | 02108 | BOSTON-WORCESTER |
| 44 BINNEY ST | BOSTON | MA | 02115 | BOSTON-WORCESTER |
| 465 HUNTINGTON AVE | BOSTON | MA | 02115 | BOSTON-WORCESTER |
| 5 CLOCK TOWER PL | MAYNARD | MA | 01754 | BOSTON-WORCESTER |
| 55 NORTH RD | BEDFORD | MA | 01730 | BOSTON-WORCESTER |
| 550 KING ST | LITTLETON | MA | 01460 | BOSTON-WORCESTER |
| 561 VIRGINIA RD | CONCORD | MA | 01742 | BOSTON-WORCESTER |
| 565 MEMORIAL DR | CAMBRIDGE | MA | 02139 | BOSTON-WORCESTER |
| 60 1ST AVE | WALTHAM | MA | 02451 | BOSTON-WORCESTER |
| 600 TECHNOLOGY PARK DR | BILLERICA | MA | 01821 | BOSTON-WORCESTER |
| 61 HANCOCK ST | QUINCY | MA | 02171 | BOSTON-WORCESTER |
| 63 3RD AVE | BURLINGTON | MA | 01803 | BOSTON-WORCESTER |
| 65 BOSTON POST RD W | MARLBOROUGH | MA | 01752 | BOSTON-WORCESTER |
| 650 ELM ST | MANCHESTER | NH | 03101 | BOSTON-WORCESTER |
| 67 S BEDFORD ST | BURLINGTON | MA | 01803 | BOSTON-WORCESTER |
| 7 SHATTUCK RD | ANDOVER | MA | 01810 | BOSTON-WORCESTER |
| 7 VAN DE GRAAFF DR | BURLINGTON | MA | 01803 | BOSTON-WORCESTER |
| 700 BOYLSTON ST | BOSTON | MA | 02116 | BOSTON-WORCESTER |
| 745 BOYLSTON ST | BOSTON | MA | 02116 | BOSTON-WORCESTER |
| 77 S BEDFORD ST | BURLINGTON | MA | 01803 | BOSTON-WORCESTER |
| 8 COMMERCE DR | BEDFORD | NH | 03110 | BOSTON-WORCESTER |
| 8 COTTON RD | NASHUA | NH | 03063 | BOSTON-WORCESTER |
| 80 CENTRAL ST | BOXBOROUGH | MA | 01719 | BOSTON-WORCESTER |
| 81 GRENIER ST | BEDFORD | MA | 01731 | BOSTON-WORCESTER |
| 90 CENTRAL ST | BOXBOROUGH | MA | 01719 | BOSTON-WORCESTER |
| 900 TECHNOLOGY PARK DR | BILLERICA | MA | 01821 | BOSTON-WORCESTER |
| 91 HARTWELL AVE | LEXINGTON | MA | 02421 | BOSTON-WORCESTER |
| 1 INTERNATIONAL BLVD | MAHWAH | NJ | 07495 | NEW YORK |
| 1 MALCOLM AVE | TETERBORO | NJ | 07608 | NEW YORK |
| 1 ROCKWOOD RD | SLEEPY HOLLOW | NY | 10591 | NEW YORK |
| 1 SHARP PLZ | MAHWAH | NJ | 07430 | NEW YORK |
| 10 UNION SQ E | NEW YORK | NY | 10003 | NEW YORK |
| 100 ROUTE 206 NORTH | PEAPACK | NJ | 07977 | NEW YORK |
| 100 WOOD AVE S | ISELIN | NJ | 08830 | NEW YORK |
| 1000 HARBOR BLVD | WEEHAWKEN | NJ | 07086 | NEW YORK |
| 106 CORPORATE PARK DR | WHITE PLAINS | NY | 10604 | NEW YORK |
| 1101 WESTCHESTER AVE | WHITE PLAINS | NY | 10604 | NEW YORK |
| 1111 WESTCHESTER AVE | WHITE PLAINS | NY | 10604 | NEW YORK |
| 112 MULBERRY ST | NEWARK | NJ | 07102 | NEW YORK |
| 1212 AVENUE OF THE AMERICAS | NEW YORK | NY | 10036 | NEW YORK |
| 125 KINGSLAND AVE | CLIFTON | NJ | 07014 | NEW YORK |
| 1441 CHESTNUT AVE | HILLSIDE | NJ | 07205 | NEW YORK |
| 15 COLUMBUS CIR | NEW YORK | NY | 10019 | NEW YORK |
| 1639 STATE RT 10 | PARSIPPANY | NJ | 07054 | NEW YORK |
| 173 BELMONT DR | SOMERSET | NJ | 08873 | NEW YORK |
| 180 WATER ST | NEW YORK | NY | 10038 | NEW YORK |
| 1865 BROADWAY | NEW YORK | NY | 10023 | NEW YORK |

| Address | City | State | ZIP | Metropolitan Area |
|---------|------|-------|-----|-------------------|
| 199 CHAMBERS ST | NEW YORK | NY | 10007 | NEW YORK |
| 2 CAMPUS DR | PARSIPPANY | NJ | 07054 | NEW YORK |
| 200 METROPLEX DR | EDISON | NJ | 08817 | NEW YORK |
| 221 W 26TH ST | NEW YORK | NY | 10001 | NEW YORK |
| 226 E 54TH ST | NEW YORK | NY | 10022 | NEW YORK |
| 226 WESTCHESTER AVE | WHITE PLAINS | NY | 10604 | NEW YORK |
| 230 US HIGHWAY 206 | FLANDERS | NJ | 07836 | NEW YORK |
| 242 W 36TH ST | NEW YORK | NY | 10018 | NEW YORK |
| 25 W 39TH ST | NEW YORK | NY | 10018 | NEW YORK |
| 253 BROADWAY | NEW YORK | NY | 10007 | NEW YORK |
| 27 RANDOLPH ST | CARTERET | NJ | 07008 | NEW YORK |
| 27 W 23RD ST | NEW YORK | NY | 10010 | NEW YORK |
| 286 ELDRIDGE RD | FAIRFIELD | NJ | 07004 | NEW YORK |
| 2975 WESTCHESTER AVE | PURCHASE | NY | 10577 | NEW YORK |
| 30 DUNNIGAN DR | SUFFERN | NY | 10901 | NEW YORK |
| 30 FRENEAU AVE | MATAWAN | NJ | 07747 | NEW YORK |
| 346 BROADWAY | NEW YORK | NY | 10013 | NEW YORK |
| 346 MADISON AVE | NEW YORK | NY | 10017 | NEW YORK |
| 360 PARK AVE S | NEW YORK | NY | 10010 | NEW YORK |
| 380 ROUTE 59 | AIRMONT | NY | 10901 | NEW YORK |
| 4 MANHATTANVILLE RD | PURCHASE | NY | 10577 | NEW YORK |
| 460 W 54TH ST | NEW YORK | NY | 10019 | NEW YORK |
| 465 ENDO BLVD | GARDEN CITY | NY | 11530 | NEW YORK |
| 485 US HIGHWAY 1 | EDISON | NJ | 08817 | NEW YORK |
| 501 FRANKLIN AVE | GARDEN CITY | NY | 11530 | NEW YORK |
| 511 BENEDICT AVE | TARRYTOWN | NY | 10591 | NEW YORK |
| 55 CARTER DR | EDISON | NJ | 08817 | NEW YORK |
| 580 WHITE PLAINS RD | TARRYTOWN | NY | 10591 | NEW YORK |
| 63 MADISON AVE | NEW YORK | NY | 10016 | NEW YORK |
| 7 AMHERST PL | WHITE PLAINS | NY | 10601 | NEW YORK |
| 7 CAMPUS DR | PARSIPPANY | NJ | 07054 | NEW YORK |
| 70 W RED OAK LN | WEST HARRISON | NY | 10604 | NEW YORK |
| 707 BROAD ST | NEWARK | NJ | 07102 | NEW YORK |
| 75 VIRGINIA RD | WHITE PLAINS | NY | 10603 | NEW YORK |
| 80 GRASSLANDS RD | ELMSFORD | NY | 10523 | NEW YORK |
| 800 WESTCHESTER AVE | RYE BROOK | NY | 10573 | NEW YORK |
| 845 N BROADWAY | WHITE PLAINS | NY | 10603 | NEW YORK |
| 875 MERRICK AVE | WESTBURY | NY | 11590 | NEW YORK |
| DAVIS AVE | WHITE PLAINS | NY | 10601 | NEW YORK |
| 100 S BROAD ST | PHILADELPHIA | PA | 19110 | PHILADELPHIA |
| 1100 N MARKET ST | WILMINGTON | DE | 19801 | PHILADELPHIA |
| 1400 LIBERTY RIDGE DR | CHESTERBROOK | PA | 19087 | PHILADELPHIA |
| 2 WALNUT GROVE DR | HORSHAM | PA | 19044 | PHILADELPHIA |
| 301 W 11TH ST | WILMINGTON | DE | 19801 | PHILADELPHIA |
| 400 CHESTERFIELD PKWY | MALVERN | PA | 19355 | PHILADELPHIA |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 400 MARKET ST | PHILADELPHIA | PA | 19106 | PHILADELPHIA |
| 460 E SWEDESFORD RD | WAYNE | PA | 19087 | PHILADELPHIA |
| 620 LEE RD | CHESTERBROOK | PA | 19087 | PHILADELPHIA |
| 735 CHESTERBROOK BLVD | CHESTERBROOK | PA | 19087 | PHILADELPHIA |
| 750 EAST SWEDESFORD ROAD | VALLEY FORGE | PA | 19482 | PHILADELPHIA |
| 900 W VALLEY RD | WAYNE | PA | 19087 | PHILADELPHIA |
| 1 MCALISTER FARM RD | PORTLAND | ME | 04103 | PORTLAND |
| 10 FREE ST | PORTLAND | ME | 04101 | PORTLAND |
| 111 WESCOTT RD | SOUTH PORTLAND | ME | 04106 | PORTLAND |
| 121 FREE ST | PORTLAND | ME | 04101 | PORTLAND |
| 137 KENNEBEC ST | PORTLAND | ME | 04101 | PORTLAND |
| 144 STATE ST | PORTLAND | ME | 04101 | PORTLAND |
| 145 NEWBURY ST | PORTLAND | ME | 04101 | PORTLAND |
| 148 MIDDLE ST | PORTLAND | ME | 04101 | PORTLAND |
| 162 CANCO RD | PORTLAND | ME | 04103 | PORTLAND |
| 164 MIDDLE ST | PORTLAND | ME | 04101 | PORTLAND |
| 2 LEDGEVIEW DR | WESTBROOK | ME | 04092 | PORTLAND |
| 20 MILK ST | PORTLAND | ME | 04101 | PORTLAND |
| 25 BRADLEY DR | WESTBROOK | ME | 04092 | PORTLAND |
| 25 PREBLE ST | PORTLAND | ME | 04101 | PORTLAND |
| 261 COMMERCIAL ST | PORTLAND | ME | 04101 | PORTLAND |
| 3 CANAL PLZ | PORTLAND | ME | 04101 | PORTLAND |
| 33 SEWALL ST | PORTLAND | ME | 04102 | PORTLAND |
| 4 WESTBROOK CMN | WESTBROOK | ME | 04092 | PORTLAND |
| 400 CONGRESS ST | PORTLAND | ME | 04101 | PORTLAND |
| 400 SOUTHBOROUGH DR | SOUTH PORTLAND | ME | 04106 | PORTLAND |
| 45 BRADLEY DR | WESTBROOK | ME | 04092 | PORTLAND |
| 500 SOUTHBOROUGH DR | SOUTH PORTLAND | ME | 04106 | PORTLAND |
| 51 NONESUCH COVE RD | SCARBOROUGH | ME | 04074 | PORTLAND |
| 510 CONGRESS ST | PORTLAND | ME | 04101 | PORTLAND |
| 565 CONGRESS ST | PORTLAND | ME | 04101 | PORTLAND |
| 636 RIVERSIDE ST | PORTLAND | ME | 04103 | PORTLAND |
| 65 BRADLEY ST | PORTLAND | ME | 04102 | PORTLAND |
| 696 CONGRESS ST | PORTLAND | ME | 04102 | PORTLAND |
| 1 R I H T WAY | RIVERSIDE | RI | 02915 | PROVIDENCE |
| 10 ADMIRAL ST | PROVIDENCE | RI | 02908 | PROVIDENCE |
| 10 DORRANCE ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 111 BREWSTER ST | PAWTUCKET | RI | 02860 | PROVIDENCE |
| 111 DORRANCE ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 120 CORLISS ST | PROVIDENCE | RI | 02904 | PROVIDENCE |
| 125 DUPONT DR | PROVIDENCE | RI | 02907 | PROVIDENCE |
| 127 DORRANCE ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 146 WESTMINSTER ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 155 S MAIN ST | PROVIDENCE | RI | 02903 | PROVIDENCE |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 196 RICHMOND ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 2 RICHMOND SQ | PROVIDENCE | RI | 02906 | PROVIDENCE |
| 20 WASHINGTON PL | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 21 PEACE ST | PROVIDENCE | RI | 02907 | PROVIDENCE |
| 259 PINE ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 291 WESTMINSTER ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 30 CHESTNUT ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 4 RICHMOND SQ | PROVIDENCE | RI | 02906 | PROVIDENCE |
| 40 CATAMORE BLVD | EAST PROVIDENCE | RI | 02914 | PROVIDENCE |
| 400 WESTMINSTER ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 444 WESTMINSTER ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 50 KENNEDY PLZ | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 56 PINE ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 75 FOUNTAIN ST | PROVIDENCE | RI | 02902 | PROVIDENCE |
| 76 DORRANCE ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 86 WEYBOSSET ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 89 SHIP ST | PROVIDENCE | RI | 02903 | PROVIDENCE |
| 1000 SEMMES AVE | RICHMOND | VA | 23224 | RICHMOND |
| 11100 W BROAD ST | GLEN ALLEN | VA | 23060 | RICHMOND |
| 1200 E MAIN ST | RICHMOND | VA | 23219 | RICHMOND |
| 1313 E MAIN ST | RICHMOND | VA | 23219 | RICHMOND |
| 1450 E PARHAM RD | RICHMOND | VA | 23280 | RICHMOND |
| 2040 THALBRO ST | RICHMOND | VA | 23230 | RICHMOND |
| 2215 TOMLYN ST | RICHMOND | VA | 23230 | RICHMOND |
| 2235 STAPLES MILL RD | RICHMOND | VA | 23230 | RICHMOND |
| 4120 COX RD | GLEN ALLEN | VA | 23060 | RICHMOND |
| 4461 COX RD | GLEN ALLEN | VA | 23060 | RICHMOND |
| 4600 COX RD | GLEN ALLEN | VA | 23060 | RICHMOND |
| 4851 LAKE BROOK DR | GLEN ALLEN | VA | 23060 | RICHMOND |
| 7814 CAROUSEL LN | RICHMOND | VA | 23294 | RICHMOND |
| 9950 MAYLAND DR | RICHMOND | VA | 23233 | RICHMOND |
| 9960 MAYLAND DR | RICHMOND | VA | 23233 | RICHMOND |
| 100 S ASHLEY DR | TAMPA | FL | 33602 | TAMPA |
| 10410 HIGHLAND MANOR DR | TAMPA | FL | 33610 | TAMPA |
| 10420 HIGHLAND MANOR DR | TAMPA | FL | 33610 | TAMPA |
| 10430 HIGHLAND MANOR DR | TAMPA | FL | 33610 | TAMPA |
| 10500 UNIVERSITY CENTER DR | TAMPA | FL | 33612 | TAMPA |
| 110 DOUGLAS RD E | OLDSMAR | FL | 34677 | TAMPA |
| 1410 N WESTSHORE BLVD | TAMPA | FL | 33607 | TAMPA |
| 1511 N WESTSHORE BLVD | TAMPA | FL | 33607 | TAMPA |
| 18301 CRANE NEST DRIVE | TAMPA | FL | 33647 | TAMPA |
| 18335 DIGITAL DR | TAMPA | FL | 33647 | TAMPA |
| 1915 N DALE MABRY HWY | TAMPA | FL | 33607 | TAMPA |
| 2002 N LOIS AVE | TAMPA | FL | 33607 | TAMPA |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 2502 N ROCKY POINT DR | TAMPA | FL | 33607 | TAMPA |
| 2701 N ROCKY POINT DR | TAMPA | FL | 33607 | TAMPA |
| 3505 E FRONTAGE RD | TAMPA | FL | 33607 | TAMPA |
| 3608 QUEEN PALM DR | TAMPA | FL | 33619 | TAMPA |
| 3800 CITIBANK CENTER TAMPA | TAMPA | FL | 33610 | TAMPA |
| 3802 COCONUT PALM DR | TAMPA | FL | 33619 | TAMPA |
| 4343 ANCHOR PLAZA PKWY | TAMPA | FL | 33634 | TAMPA |
| 501 BROOKER CREEK BLVD | OLDSMAR | FL | 34677 | TAMPA |
| 5050 W LEMON ST | TAMPA | FL | 33609 | TAMPA |
| 5120 W CLIFTON ST | TAMPA | FL | 33634 | TAMPA |
| 5201 W KENNEDY BLVD | TAMPA | FL | 33609 | TAMPA |
| 5300 W KNOX ST | TAMPA | FL | 33634 | TAMPA |
| 5401 HANGAR ST | TAMPA | FL | 33634 | TAMPA |
| 550 N REO ST | TAMPA | FL | 33609 | TAMPA |
| 5755 HOOVER BLVD | TAMPA | FL | 33634 | TAMPA |
| 8800 GRAND OAK CIR | TAMPA | FL | 33637 | TAMPA |
| 8875 HIDDEN RIVER PKWY | TAMPA | FL | 33637 | TAMPA |
| 1 CURIE CT | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 1000 WILSON BLVD | ARLINGTON | VA | 22209 | WASHINGTON-BALTIMORE |
| 10000 DEREKWOOD LN | LANHAM | MD | 20706 | WASHINGTON-BALTIMORE |
| 1001 G ST NW | WASHINGTON | DC | 20001 | WASHINGTON-BALTIMORE |
| 107 CARPENTER DR | STERLING | VA | 20164 | WASHINGTON-BALTIMORE |
| 10802 PARKRIDGE BLVD | RESTON | VA | 20191 | WASHINGTON-BALTIMORE |
| 10942 BEAVER DAM RD | COCKEYSVILLE | MD | 21030 | WASHINGTON-BALTIMORE |
| 10955 GOLDEN WEST DR | HUNT VALLEY | MD | 21031 | WASHINGTON-BALTIMORE |
| 111 S CALVERT ST | BALTIMORE | MD | 21202 | WASHINGTON-BALTIMORE |
| 1111 CONSTITUTION AVE NW | WASHINGTON | DC | 20002 | WASHINGTON-BALTIMORE |
| 11200 PEPPER RD | HUNT VALLEY | MD | 21031 | WASHINGTON-BALTIMORE |
| 120 E BALTIMORE ST | BALTIMORE | MD | 21202 | WASHINGTON-BALTIMORE |
| 1200 1ST ST SE | WASHINGTON | DC | 20303 | WASHINGTON-BALTIMORE |
| 12001 INDIAN CREEK CT | BELTSVILLE | MD | 20705 | WASHINGTON-BALTIMORE |
| 12007 SUNRISE VALLEY DR | RESTON | VA | 20191 | WASHINGTON-BALTIMORE |
| 1201 SEVEN LOCKS RD | ROCKVILLE | MD | 20854 | WASHINGTON-BALTIMORE |
| 12012 SUNSET HILLS RD | RESTON | VA | 20190 | WASHINGTON-BALTIMORE |
| 12355 SUNRISE VALLEY DR | RESTON | VA | 20191 | WASHINGTON-BALTIMORE |
| 12600 FAIR LAKES CIR | FAIRFAX | VA | 22033 | WASHINGTON-BALTIMORE |
| 12701 FAIR LAKES CIR | FAIRFAX | VA | 22033 | WASHINGTON-BALTIMORE |
| 1301 PENNSYLVANIA AVE NW | WASHINGTON | DC | 20004 | WASHINGTON-BALTIMORE |
| 13461 SUNRISE VALLEY DR | HERNDON | VA | 20171 | WASHINGTON-BALTIMORE |
| 1350 I ST NW | WASHINGTON | DC | 20005 | WASHINGTON-BALTIMORE |
| 1375 PICCARD DR | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 1390 PICCARD DR | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 1401 H ST NW | WASHINGTON | DC | 20005 | WASHINGTON-BALTIMORE |
| 16050 INDUSTRIAL DR | GAITHERSBURG | MD | 20877 | WASHINGTON-BALTIMORE |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 16060 INDUSTRIAL DR | GAITHERSBURG | MD | 20877 | WASHINGTON-BALTIMORE |
| 1709 NEW YORK AVE NW | WASHINGTON | DC | 20006 | WASHINGTON-BALTIMORE |
| 1722 I ST NW | WASHINGTON | DC | 20006 | WASHINGTON-BALTIMORE |
| 1759 BUSINESS CENTER DR | RESTON | VA | 20190 | WASHINGTON-BALTIMORE |
| 1760 BUSINESS CENTER DR | RESTON | VA | 20190 | WASHINGTON-BALTIMORE |
| 1800 G ST NW | WASHINGTON | DC | 20006 | WASHINGTON-BALTIMORE |
| 1800 ROBERT FULTON DR | RESTON | VA | 20191 | WASHINGTON-BALTIMORE |
| 1820 FORT MYER DR | ARLINGTON | VA | 22209 | WASHINGTON-BALTIMORE |
| 1861 INTERNATIONAL DR | MC LEAN | VA | 22102 | WASHINGTON-BALTIMORE |
| 1900 CAMPUS COMMONS DR | RESTON | VA | 20191 | WASHINGTON-BALTIMORE |
| 1916 ISAAC NEWTON SQ W | RESTON | VA | 20190 | WASHINGTON-BALTIMORE |
| 2 E CHASE ST | BALTIMORE | MD | 21202 | WASHINGTON-BALTIMORE |
| 200 FAIRBROOK DR | HERNDON | VA | 20170 | WASHINGTON-BALTIMORE |
| 200 INTERNATIONAL CIR | COCKEYSVILLE | MD | 21030 | WASHINGTON-BALTIMORE |
| 2010 CORPORATE RDG | MC LEAN | VA | 22102 | WASHINGTON-BALTIMORE |
| 2021 L ST NW | WASHINGTON | DC | 20036 | WASHINGTON-BALTIMORE |
| 20300 CENTURY BLVD | GERMANTOWN | MD | 20874 | WASHINGTON-BALTIMORE |
| 20400 CENTURY BLVD | GERMANTOWN | MD | 20874 | WASHINGTON-BALTIMORE |
| 210 N CHARLES ST | BALTIMORE | MD | 21201 | WASHINGTON-BALTIMORE |
| 21355 RIDGETOP CIR | DULLES | VA | 20166 | WASHINGTON-BALTIMORE |
| 21545 RIDGETOP CIR | STERLING | VA | 20166 | WASHINGTON-BALTIMORE |
| 2216 GALLOWS RD | DUNN LORING | VA | 22027 | WASHINGTON-BALTIMORE |
| 2240 BROADBIRCH DR | SILVER SPRING | MD | 20904 | WASHINGTON-BALTIMORE |
| 22461 SHAW RD | STERLING | VA | 20166 | WASHINGTON-BALTIMORE |
| 22800 DAVIS DR | STERLING | VA | 20164 | WASHINGTON-BALTIMORE |
| 2401 E ST NW | WASHINGTON | DC | 20241 | WASHINGTON-BALTIMORE |
| 250 E ST SW | WASHINGTON | DC | 20024 | WASHINGTON-BALTIMORE |
| 2650 PARK TOWER DR | VIENNA | VA | 22180 | WASHINGTON-BALTIMORE |
| 2707 WILSON BLVD | ARLINGTON | VA | 22201 | WASHINGTON-BALTIMORE |
| 2811 LORD BALTIMORE DR | BALTIMORE | MD | 21244 | WASHINGTON-BALTIMORE |
| 300 14TH ST SW | WASHINGTON | DC | 20228 | WASHINGTON-BALTIMORE |
| 301 W PRESTON ST | BALTIMORE | MD | 21201 | WASHINGTON-BALTIMORE |
| 307 INTERNATIONAL CIR | COCKEYSVILLE | MD | 21030 | WASHINGTON-BALTIMORE |
| 35 MARKET PL | BALTIMORE | MD | 21202 | WASHINGTON-BALTIMORE |
| 3910 KESWICK RD | BALTIMORE | MD | 21211 | WASHINGTON-BALTIMORE |
| 4 CHOKE CHERRY RD | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 401 14th St SW | WASHINGTON | DC | 20024 | WASHINGTON-BALTIMORE |
| 401 M ST SW | WASHINGTON | DC | 20024 | WASHINGTON-BALTIMORE |
| 403 GLENN DR | STERLING | VA | 20164 | WASHINGTON-BALTIMORE |
| 4201 WILSON BLVD | ARLINGTON | VA | 22203 | WASHINGTON-BALTIMORE |
| 4330 E WEST HWY | BETHESDA | MD | 20814 | WASHINGTON-BALTIMORE |
| 4350 FAIRFAX DR | ARLINGTON | VA | 22203 | WASHINGTON-BALTIMORE |
| 450 SPRINGPARK PL | HERNDON | VA | 20170 | WASHINGTON-BALTIMORE |
| 5 CHOKE CHERRY RD | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |

| Address | City | State | ZIP | Metropolitan Area |
|---------|------|-------|-----|-------------------|
| 500 N CAPITOL ST NW | WASHINGTON | DC | 20001 | WASHINGTON-BALTIMORE |
| 5161 RIVER RD | BETHESDA | MD | 20816 | WASHINGTON-BALTIMORE |
| 523 E MONUMENT ST | BALTIMORE | MD | 21202 | WASHINGTON-BALTIMORE |
| 5260 WESTERN AVE | CHEVY CHASE | MD | 20815 | WASHINGTON-BALTIMORE |
| 540 HUNTMAR PARK DR | HERNDON | VA | 20170 | WASHINGTON-BALTIMORE |
| 5515 SECURITY LN | ROCKVILLE | MD | 20852 | WASHINGTON-BALTIMORE |
| 5600 FISHERS LN | ROCKVILLE | MD | 20852 | WASHINGTON-BALTIMORE |
| 575 HERNDON PKWY | HERNDON | VA | 20170 | WASHINGTON-BALTIMORE |
| 6000 MCDILL BLVD | WASHINGTON | DC | 20340 | WASHINGTON-BALTIMORE |
| 6009 OXON HILL RD | OXON HILL | MD | 20745 | WASHINGTON-BALTIMORE |
| 601 12TH ST S | ARLINGTON | VA | 22202 | WASHINGTON-BALTIMORE |
| 601 D ST NW | WASHINGTON | DC | 20004 | WASHINGTON-BALTIMORE |
| 601 F ST NW | WASHINGTON | DC | 20004 | WASHINGTON-BALTIMORE |
| 6495 NEW HAMPSHIRE AVE | HYATTSVILLE | MD | 20783 | WASHINGTON-BALTIMORE |
| 656 QUINCE ORCHARD RD | GAITHERSBURG | MD | 20878 | WASHINGTON-BALTIMORE |
| 6610 ROCKLEDGE DR | BETHESDA | MD | 20817 | WASHINGTON-BALTIMORE |
| 666 11TH ST NW | WASHINGTON | DC | 20001 | WASHINGTON-BALTIMORE |
| 6710 OXON HILL RD | OXON HILL | MD | 20745 | WASHINGTON-BALTIMORE |
| 6801 ROCKLEDGE DR | BETHESDA | MD | 20817 | WASHINGTON-BALTIMORE |
| 6903 ROCKLEDGE DR | BETHESDA | MD | 20817 | WASHINGTON-BALTIMORE |
| 7020 VIRGINIA MANOR RD | BELTSVILLE | MD | 20705 | WASHINGTON-BALTIMORE |
| 7067 COLUMBIA GATEWAY DR | COLUMBIA | MD | 21046 | WASHINGTON-BALTIMORE |
| 7129 AMBASSADOR RD | BALTIMORE | MD | 21244 | WASHINGTON-BALTIMORE |
| 7500 BOSTON BLVD | SPRINGFIELD | VA | 22153 | WASHINGTON-BALTIMORE |
| 7811 MONTROSE RD | ROCKVILLE | MD | 20854 | WASHINGTON-BALTIMORE |
| 7925 WESTPARK DR | MC LEAN | VA | 22102 | WASHINGTON-BALTIMORE |
| 8230 LEESBURG PIKE | VIENNA | VA | 22182 | WASHINGTON-BALTIMORE |
| 8230 OLD COURTHOUSE RD | VIENNA | VA | 22182 | WASHINGTON-BALTIMORE |
| 8400 BALTIMORE AVE | COLLEGE PARK | MD | 20740 | WASHINGTON-BALTIMORE |
| 8521 LEESBURG PIKE | VIENNA | VA | 22182 | WASHINGTON-BALTIMORE |
| 8620 WESTWOOD CENTER DR | VIENNA | VA | 22182 | WASHINGTON-BALTIMORE |
| 8930 STANFORD BLVD | COLUMBIA | MD | 21045 | WASHINGTON-BALTIMORE |
| 9201 CORPORATE BLVD | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 9210 CORPORATE BLVD | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 9211 CORPORATE BLVD | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 9270 GAITHER RD | GAITHERSBURG | MD | 20877 | WASHINGTON-BALTIMORE |
| 9307 GERWIG LN | COLUMBIA | MD | 21046 | WASHINGTON-BALTIMORE |
| 9704 MEDICAL CENTER DR | ROCKVILLE | MD | 20850 | WASHINGTON-BALTIMORE |
| 9840 O'BRIAN ROAD | Fort Meade | MD | 20755 | WASHINGTON-BALTIMORE |
| LANGLEY HQTRS | LANGLEY | VA | 22101 | WASHINGTON-BALTIMORE |
| NASA GODDARD SFC BLDG 1 | GREENBELT | MD | 20771 | WASHINGTON-BALTIMORE |
| RTE 198 RACETRACK ROAD | LAUREL | MD | 20725 | WASHINGTON-BALTIMORE |