IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> SBC COMMUNICATIONS, INC. <br><br> and <br><br> AT&T CORP. <br><br> Defendants. | Civil Action No. 1:05CV02102 <br><br> Judge: Emmet G. Sullivan |
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC. <br><br> and <br><br> MCI, INC. <br><br> Defendants. | Civil Action No. 1:05CV02103 <br><br> Judge: Henry H. Kennedy |

**PLAINTIFF'S UNCONTESTED MOTION AND MEMORANDUM FOR
CONSOLIDATION OF ACTIONS FOR PROCEEDINGS UNDER
THE ANTITRUST PROCEDURES AND PENALTY ACT, 15 U.S.C. §§ 16(b)-(h)**

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff United States hereby moves the Court to consolidate <u>United States v. SBC Communications, Inc. & AT&T Corp.</u>, (No. 1:05CV02102) (Dist. D.C., filed October 27, 2005) with <u>United States v. Verizon Communications, Inc. & MCI, Inc.</u>,(No. 1:05CV02103) (Dist. D.C., filed October 27, 2005) for purposes of proceedings under the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)-(h) (the "APPA"), which applies to civil antitrust cases brought and settled by the United States. The United States has met and conferred with the parties on this question pursuant to LCvR 7.1(m) and this Motion is uncontested. Due to the similar issues in these matters and in the interest of judicial efficiency, the Court should grant Plaintiff's Uncontested Motion to consolidate these actions in one court. Plaintiff United States has no preference as to which court these consolidated actions are assigned and leaves it to the Court's discretion. A proposed Order accompanies this Motion and Memorandum.

Both of these actions arise out of separate antitrust investigations conducted by the Antitrust Division of the United States Department of Justice ("Antitrust Division") into whether the mergers of Verizon Communications, Inc. ("Verizon") with MCI, Inc. ("MCI"), and SBC Communications, Inc. ("SBC") with AT&T Corp. ("AT&T") would lessen competition substantially for certain telecommunications products and services in numerous geographic markets.

These merger investigations conducted by the Antitrust Division were similar in nature in that SBC and Verizon, the acquirers, are both incumbent local exchange carriers ("ILECs"). SBC, formerly Southwestern Bell, and Verizon, formerly Bell Atlantic Corporation, are regional bell operating companies ("RBOCs"), formed as two of the seven regional holding companies to

result from the breakup of AT&T's local telephone business in 1984. AT&T and MCI are the nation's largest and second largest interexchange carriers ("IXCs"), offering traditional long distance telephone service, as well as two of the largest competitive local exchange carriers ("CLECs"), offering local network exchange and access for voice and data services. Thus, each transaction involved an RBOC purchasing an IXC that operated within its respective territory.

Through these separate investigations, the Antitrust Division determined that the consummation of these transactions would lessen competition substantially in interstate trade and commerce in numerous geographic markets for local private lines and voice and data telecommunications services that rely on local private lines, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. Plaintiff United States and Defendants negotiated and reached settlements that resolve the competitive issues posed by each transaction.

On October 27, 2005, Plaintiff United States filed separate but similar complaints in U.S. District Court for the District Court of Columbia, alleging that these transactions would effectively eliminate competition for facilities-based local private line service to buildings within Verizon and SBC's respective operating territories. At the same time, Plaintiff United States also filed a proposed Final Judgment, and Stipulation between the parties by which they have agreed that the Court may enter the proposed Final Judgment in each action following Defendants' compliance with the APPA.

## II. THESE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT UNDER THE APPA AND ARE APPROPRIATE FOR CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question or law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). Even if there are some questions that are not common, consolidation is not precluded. Batazzi v. Petroleum Helicopters, Inc. 664 F.2d 49,50 (5th Cir. 1981); See Central Motor Co. v. United States, 583 F.2d 470 (10th Cir. 1978).

These actions are substantially related for purposes of the APPA. In analyzing the Proposed Final Judgments, and before entering them, the Court must consider an enumerated number of factors to determine that the entry of such judgments is in the public interest. As the United States Court of Appeals for the District of Columbia Circuit has held, the APPA permits a court to consider, among other things, the relationship between the remedy secured and the specific allegations set forth in the government's complaint, whether the consent judgment is sufficiently clear, whether enforcement mechanisms are sufficient, and whether the consent judgment may positively harm third parties. See United States v. Microsoft Corp., 56 F.3d 1448, 1458-62 (D.C. Cir. 1995). The similarities of both the alleged competitive harm and remedy between these cases makes consolidation appropriate.

The complaints filed in these separate actions allege identical relevant product markets: the markets for local private lines and the voice and data telecommunications services that rely on them. Although the competitive effects of these transactions vary by geographic market, due

largely to the different regional service areas of SBC and Verizon, Plaintiff United States seeks the same type of relief from the Court, specifically, that SBC and Verizon divest the assets consisting of connections to more than 350 buildings in their respective territories, to a single buyer in each city, generally using long-term leases commonly used in the telecommunications industry, known as indefeasible rights of use or "IRUs."

It is therefore practicable to consolidate these cases for review by a single judge. While each case must be examined under the APPA on its own merits, consolidation of these before one court will likely eliminate duplicative efforts. Accordingly, in the interests of efficiency, judicial economy, and to avoid unnecessary costs and undue delay, Plaintiff United States moves the Court to consolidate these two cases only for purposes of proceedings under the APPA.[1] Consolidation offers efficiency and convenience and would not delay disposition of either case.

### III. CONCLUSION

In the interests of efficiency and judicial economy, Plaintiff United States requests that the Court grant its motion to consolidate United States v. Verizon Communications, Inc. & MCI, Inc.,(No.1:05CV02103) (Dist. D.C., filed October 27, 2005) with United States v. SBC Communications, Inc. & AT&T Corp., (No. 1:05CV02102) (Dist. D.C., filed October 27, 2005) for purposes of proceedings under the APPA before one of the two courts at the Court's

---

[1] A court has broad discretion in determining whether consolidation is practical. Atlantic States Legal Foundation, Inc. v. Koch Refining Co., 681 F.Supp. 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc. 776 F.2d 1492, 1495 (11th Cir 1985).

discretion.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Laury E. Bobbish
                                        Attorney
                                        U.S. Department of Justice
                                        1401 H. St. N.W.
                                        Washington, DC 20530
                                        (202)-514-5709
                                        Attorney for the United States