# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WORLDCOM, INC., and )<br>INTERMEDIA COMMUNICATIONS, INC. )<br>   Defendants. )<br>) | Civil Action No. 00 2789<br><br>Filed: 11/17/2000 |

**PROPOSED FINAL JUDGMENT**

  WHEREAS, plaintiff, United States of America, filed its Complaint on November 17, 2000, and plaintiff and defendants, WorldCom Inc. ("WorldCom") and Intermedia Communications, Inc. ("Intermedia"), by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law;

  AND WHEREAS, this Final Judgment does not constitute any evidence against or admission by any party regarding any issue of fact or law;

  AND WHEREAS, defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

  AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of certain rights or assets by the defendants to assure that competition is not substantially lessened;

  AND WHEREAS, plaintiff requires defendants to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

  AND WHEREAS, defendants have represented to the United States that the divestitures

required below can and will be made and that they will later raise no claims of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before testimony is taken, and without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED, AND DECREED:

### I.  JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against defendants under Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.

### II.  DEFINITIONS

As used in this Final Judgment:

A.  "Acquirer" means the entity to whom defendants divest the Intermedia Assets.

B.  "WorldCom" means defendant WorldCom, Inc., a Georgia corporation with its headquarters in Clinton, Mississippi, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents and employees.

C.  "Intermedia" means defendant Intermedia Communications, Inc., a Delaware Corporation with its headquarters in Tampa, Florida, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents and employees.

D.  "Digex" means Digex, Inc., a Delaware Corporation with its headquarters in Beltsville, Maryland, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships

and joint ventures, and their directors, officers, managers, agents and employees.

E.  "Capital Stock of Digex" means the capital stock of Digex, regardless of class, owned by Intermedia.

F.  "Intermedia Assets" means all of assets of Intermedia, except for the Capital Stock of Digex, including:

1. All tangible assets that comprise the Intermedia business, including research and development activities; all networking equipment and fixed assets, personal property, office furniture, materials, supplies, and other tangible property and all assets used exclusively in connection with the Intermedia Assets; all licenses, permits and authorizations issued by any governmental organization relating to the Intermedia Assets; all contracts, teaming arrangements, agreements, leases, commitments, certifications, and understandings, relating to the Intermedia Assets, including supply agreements; all customer lists, contracts, accounts, and credit records; all repair and performance records and all other records relating to the Intermedia Assets;

2. All intangible assets used in the development, production, servicing and sale of Intermedia Assets, including, but not limited to all patents, licenses and sublicenses, intellectual property, copyrights, trademarks, trade names, service marks, service names, technical information, computer software and related documentation, know-how, trade secrets, drawings, blueprints, designs, design protocols, specifications for materials, specifications for parts and devices, safety procedures for the handling of materials and substances, all research data concerning historic and current research and development relating to the Intermedia Assets, quality assurance and control procedures, design tools and

simulation capability, all manuals and technical information defendants provide to their own employees, customers, suppliers, agents or licensees, and all research data concerning historic and current research and development efforts relating to the Intermedia Assets, including, but not limited to designs of experiments, and the results of successful and unsuccessful designs and experiments.

G. "Merger" means the proposed merger of WorldCom and Intermedia pursuant to the merger agreement dated September 5, 2000.

### III.    APPLICABILITY

A. This Final Judgment applies to WorldCom and Intermedia, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

B. Defendants shall require, as a condition of the sale or other disposition of all or substantially all the Intermedia Assets, that the purchaser agrees to be bound by the provisions of this Final Judgment, provided, however, that defendants need not obtain such an agreement from the Acquirer.

### IV.    DIVESTITURES

A. Defendants are ordered and directed, within one hundred eighty (180) calendar days from the closing of the Merger following the receipt of all required approvals by the Federal Communications Commission and state authorities, to divest the Intermedia Assets as an ongoing, viable business in a manner consistent with this Final Judgment to an Acquirer acceptable to the United States in its sole discretion. The United States, in its sole discretion, may agree to an

extension of this time period for up to thirty (30) calendar days after regulatory approvals required to close the divestiture of the Intermedia Assets have been obtained.  The United States shall notify the Court in the case of such an extension.  Defendants agree to use their best efforts to divest the Intermedia Assets as expeditiously as possible.

      B.     In accomplishing the divestiture ordered by this Final Judgment, defendants promptly shall make known, by usual and customary means, the availability of the Intermedia Assets.  Defendants shall inform any person making an inquiry regarding a possible purchase of the Intermedia Assets that they are being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment.  Defendants shall offer to furnish to all prospective Acquirers, subject to customary confidentiality assurances, all information and documents relating to the Intermedia Assets customarily provided in a due diligence process except such information or documents subject to attorney-client privilege or attorney work-product privileges.  Defendants shall make available such information to the United States at the same time that such information is made available to any other person.

      C.     Defendants shall provide the Acquirer and the United States information relating to the personnel involved in the management of the Intermedia Assets and personnel engaged in the provision and selling of services offered by the Intermedia Assets in order to enable the Acquirer to make offers of employment.  Defendants shall not interfere with any negotiations by the Acquirer to employ any Intermedia employee who works at, or whose primary responsibility concerns, any business that is part of the Intermedia Assets.  Further, for a period of twelve (12) months following the closing of the Merger, defendants shall not solicit to hire, or hire, any Intermedia employee who, within six (6) months of the date of the sale of the business that is part of the Intermedia Assets that

employs the individual, receives a reasonable offer of employment from the approved Acquirer of the Intermedia Assets, unless such employee is terminated or laid off by the Acquirer.

D.    Defendants shall permit prospective Acquirers of the Intermedia Assets to have reasonable access to personnel and to make inspections of the physical facilities of the Intermedia Assets any and all environmental, zoning, and other permit or license documents and information, and to make inspection of the Intermedia Assets, and have access to any and all financial, operational, business, strategic or other documents and information customarily provided as part of a due diligence process.

E.    Defendants shall warrant to any Acquirer of the Intermedia Assets that the assets will be fully operational on the date of sale.

F.    Defendants shall not take any action, direct or indirect, that will impede in any way the operation, sale, or divestiture of the Intermedia Assets.

G.    Unless the United States otherwise consents in writing, the divestitures pursuant to Section IV or by trustee appointed pursuant to Section V of this Final Judgment shall include all Intermedia Assets and be accomplished in such a way as to satisfy the United States, in its sole discretion, that the Intermedia Assets can and will be used by the Acquirer as a viable, ongoing business engaged in the provision of Internet backbone and access services.  Unless the United States otherwise consents in writing, the divestitures required by Section IV or V  shall be made to a single Acquirer.  If, after making a reasonable, good faith effort, Defendants are unable to effect a sale to a single Acquirer, they may submit more than one Acquirer for approval by the United States which, in its sole discretion, may determine whether to permit such a sale. The divestiture, whether pursuant to Section IV or Section V of this Final Judgment, shall be made to an Acquirer for whom it is

demonstrated to the United States's sole satisfaction that: (1) the Acquirer has the capability and intent of competing effectively in the provision of Internet backbone and access services; and (2) the Acquirer has the managerial, operational, and financial capability to compete effectively in the provision of Internet backbone and access services. Such divestiture shall be accomplished so as to satisfy the United States, in its sole discretion, that none of the terms of any agreement between an Acquirer and defendants gives any defendant the ability unreasonably to raise the Acquirer's costs, lower the Acquirer's efficiency, or otherwise interfere in the ability of the Acquirer to compete effectively.

      H.      Nothing herein shall be construed to provide to any person or entity that is not a party to this Final Judgment any rights with respect to its enforcement, modification or termination.

## V.    APPOINTMENT OF TRUSTEE

      A.      In the event that defendants have not divested the Intermedia Assets within the time specified in Section IV(A) of this Final Judgment, defendants shall notify the United States of that fact in writing. Upon application of the United States, the Court shall appoint a trustee to be selected by the United States and approved by the Court to effect the divestiture of the Intermedia Assets.

      B.      After the appointment of the trustee becomes effective, only the trustee shall have the right to divest the Intermedia Assets. The trustee shall have the power and authority to accomplish the divestiture to an Acquirer acceptable to the United States at such price and on such terms as are then obtainable upon reasonable efforts of the trustee, subject to the provisions of Sections IV, V and VI of this Final Judgment, and shall have such other powers as the Court shall deem appropriate. Subject to Section V(D) of this Final Judgment, the trustee shall have the power and authority to hire

at the cost and expense of defendants any investment bankers, attorneys, or other agents, who shall be solely accountable to the trustee, reasonably necessary in the judgment of the trustee to assist in the divestiture.  The trustee shall have the power and authority to accomplish the divestiture at the earliest possible time to an Acquirer acceptable to the United States, in its sole discretion, and shall have such other powers as this Court shall deem appropriate.

   C. Defendants shall not object to a sale by the trustee on any ground other than the trustee's malfeasance.  Any such objections by defendants must be conveyed in writing to the United States and the trustee within ten (10) calendar days after the trustee has provided the notice required under Section VI.

   D. The trustee shall serve at the cost and expense of defendants, on such terms and conditions as the United States approves, and shall account for all monies derived from the sale of each asset sold by the trustee and all costs and expenses so incurred.  After approval by the Court of the trustee's accounting, including fees for its services and those of any professionals and agents retained by the trustee, all remaining money shall be paid to defendants and the trust shall then be terminated.  The compensation of such trustee and of any professionals and agents retained by the trustee shall be reasonable in light of the value of the divested Intermedia Assets and based on a fee arrangement providing the trustee with an incentive based on the price and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

   E. Defendants shall use their best efforts to assist the trustee in accomplishing the required divestitures, including their best efforts to effect all necessary regulatory approvals.  The trustee and any consultants, accountants, attorneys, and other persons retained by the trustee shall have full and complete access to the personnel, books, records, and facilities of the Intermedia Assets,

and defendants shall develop financial and other information relevant to such business as the trustee may reasonably request, subject to reasonable protection for trade secrets or other confidential research, development or commercial information. Defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

      F.      After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestitures ordered under this Final Judgment. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Intermedia Assets, and shall describe in detail each contact with any such person. The trustee shall maintain full records of all efforts made to divest the Intermedia Assets.

      G.      If the trustee has not accomplished such divestiture within six months after its appointment, the trustee shall file promptly with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture, (2) the reasons, in the trustee's judgment, why the required divestiture has not been accomplished, and (3) the trustee's recommendations. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. The trustee shall at the same time furnish such report to the United States, who shall have the right to make additional recommendations consistent with the purpose of the trust. The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include extending the trust and the term of

the trustee's appointment by a period requested by the United States.

### VI.   NOTICE OF PROPOSED DIVESTITURE

A. Within two (2) business days following execution of a definitive divestiture agreement, defendants or the trustee, whichever is then responsible for effecting the divestiture, shall notify the United States of the proposed divestiture. If the trustee is responsible, it shall similarly notify defendants. The notice shall set forth the details of the proposed transaction and list the name, address, and telephone number of each person not previously identified who offered, or expressed an interest in or desire to acquire any ownership interest in the Intermedia Assets, together with full details of the same.

B. Within fifteen (15) calendar days of receipt by the United States of such notice, the United States may request from defendants, the proposed Acquirer, any other third party, or the trustee, if applicable, additional information concerning the proposed divestiture, the proposed Acquirer, or any other potential Acquirer.  Defendants and the trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C. Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar days after the United States has been provided the additional information requested from defendants, the proposed Acquirer, any third party, and the trustee, whichever is later, the United States shall provide written notice to defendants and the trustee, if there is one, stating whether or not it objects to the proposed divestiture.  If the United States provides written notice that it does not object, the divestiture may be consummated, subject only to defendants' limited right to object to the

sale under Section V(C) of this Final Judgment. Absent written notice that the United States does not object to the proposed Acquirer, or upon objection by the United States, a divestiture proposed under Section IV or Section V shall not be consummated. Upon objection by defendants under Section V(C), a divestiture proposed under Section V shall not be consummated unless approved by the Court.

## VII. FINANCING

Defendants shall not finance all or any part of any purchase made pursuant to Section IV or V of this Final Judgment.

## VIII. HOLD SEPARATE

Until the divestiture required by this Final Judgment has been accomplished, defendants shall take all steps necessary to comply with the Hold Separate Stipulation and Order entered by this Court. Defendants shall take no action that would jeopardize the divestiture order by this Court.

## IX. AFFIDAVITS

A.  Within twenty (20) calendar days of the filing of the Complaint in this matter and every thirty (30) calendar days thereafter until the divestiture has been completed, pursuant to Section IV or Section V of this Final Judgment, defendants shall deliver to the United States an affidavit as to the fact and manner of compliance with Sections IV or V of this Final Judgment. Each such affidavit shall include the name, address, and telephone number of each person who during the preceding thirty days made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Intermedia Assets, and shall

describe in detail each contact with any such person during that period. Each such affidavit shall also include a description of the efforts defendants have taken to solicit buyers for the Intermedia Assets and to provide required information to prospective Acquirers, including the limitations, if any, on such information. Assuming the information set forth in the affidavit is true and complete, any objection by the United States to information provided by defendants, including limitation on information, shall be made within fourteen (14) days of receipt of such affidavit.

B. Within twenty (20) calendar days of the filing of the Complaint in this matter, defendants shall deliver to the United States an affidavit which describes in reasonable detail all actions defendants have taken and all steps defendants have implemented on an ongoing basis to preserve and maintain the Intermedia Assets and to comply with Section VIII of this Final Judgment. The affidavit also shall describe, but not be limited to, defendants' efforts to maintain and operate the Intermedia Assets as a viable active competitor; to maintain separate management, staffing, sales, marketing, and pricing the Intermedia Assets; and to maintain the Intermedia Assets in operable condition at current (and currently projected future) capacity configurations. Defendants shall deliver to the United States an affidavit describing any changes to the efforts and actions outlined in defendants' earlier affidavit(s) filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C. Defendants shall keep all records of all efforts made to preserve and divest the Intermedia Assets until one year after such divestiture has been completed.

D. Defendants shall promptly inform the United States of any change in the management or operation of the Intermedia Assets that would affect the defendants' ability to fulfill their obligations under this Final Judgment or the Hold Separate Stipulation and Order. Such notice shall

12

include a description of all the steps defendants have taken or will take regarding the subject of such notice.

## X.   COMPLIANCE INSPECTION

A.   For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to defendants, be permitted:

    1.   Access during office hours of defendants to inspect and copy, or at the option of the United States, to require defendants to provide copies of, all books, ledgers, accounts, correspondence, memoranda, and other records and documents in the possession or under the control of defendants, relating to any matters contained in this Final Judgment; and

    2.   To interview, either informally or on the record, defendant's officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint of interference by the defendants.

B.   Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, defendants shall submit such written reports, under oath if requested, relating to any of the matters contained in this Final Judgment and the Hold Separate Stipulation and Order as may be requested.

C. No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D. If at the time information or documents are furnished by defendants to the United States, defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall give defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## XI.   NO REACQUISITION

Defendants may not reacquire any part of the Intermedia Assets during the term of this Final Judgment.

## XII.   RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

### XIII. EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment will expire upon the tenth anniversary of the date of its entry.

### XIV. PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest.

Date:_____.

                                                               Court approval subject to procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

                                                               **United States District Judge**