IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　Defendants. | Civil Action No.:  1:05CV02102 (EGS) |
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　Defendants. | Civil Action No.:  1:05CV02103 (EGS) |

**RESPONSE OF THE UNITED STATES TO ACTEL'S MOTION FOR *AMICUS CURIAE*
AND INTERVENOR STATUS PURSUANT TO THE TUNNEY ACT**

ACTel's Motion for *Amicus Curiae* and Intervenor Status Pursuant to the Tunney Act seeks two entirely separate things: (1) leave to file the Memorandum attached to its Motion as its Opposition to the United States' Motion for Entry of Final Judgments[1] and (2) "*amicus curiae* or intervenor status."  The United States does not oppose granting ACTel leave to file the

---

[1] ACTel's Memorandum is styled as a "Memorandum of Points and Authorities in Support of ACTel's Motion for *Amicus Curiae* and Intervenor Status Pursuant to the Tunney Act and in Opposition to the United States' Motion for Entry of Final Judgments."  We understand it to constitute ACTel's Opposition to the United States' Motion for Entry of Final Judgments.

Memorandum as its Opposition. We anticipate filing our response explaining why ACTel's Opposition is without merit on, or before, the date established by the Court.[2]

The United States opposes ACTel's motion as to *amicus curiae* status. Because the Tunney Act provides that the Court may allow participation by third parties to the "extent which serves the public interest as the court may deem appropriate," 15 U.S.C. § 16(f)(3), with or without the status of an *amicus*, no useful purpose would be served by granting ACTel that status. On the other hand, granting it would raise the question of what privileges, or even rights, are attached to that status, and how it would impact the Tunney Act review. We submit that it is preferable for the Court to grant (or deny) specific requests to participate in specified ways, rather than to issue blank checks which could later prove disruptive to the efficient conduct of these proceedings.

ACTel also requests leave to intervene, but only for purposes of appeal. The United States opposes that request on the grounds that it is premature.[3] ACTel cannot know prior to the Court's public interest determination whether it will wish, or have any basis, to appeal that determination.[4] In those rare instances when courts have granted intervention for purposes of

---

[2] The United States is filing this pleading to respond to ACTel's request to participate in the proceedings. After receiving any additional filings by ACTel on May 16 as ordered by the Court, the United States will respond to the substantive issues raised by ACTel by May 31, 2006.

[3] The United States, of course, does not now waive any objections it might have should ACTel renew its motion to intervene for purposes of appeal at a later date.

[4] *See, e.g., United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319436 at *3 n.3 (D.D.C. Feb. 28, 2002) (denying motion to intervene for purposes of appeal as premature); *United States v. Thomson Corp.*, No. 96-1415, 1996 WL 554557, at *3 (D.D.C. Sept. 25, 1996) (denying motion to intervene but noting that the movant could later "renew its motion to intervene for purposes of appeal or in view of later developments that may present changed and more compelling circumstances").

appeal from a Tunney Act final judgment, they have done so after the public interest determination, when the final judgment has been, or is about to be, entered, and a record to inform the decision on intervention exists.[5]

                                                    Respectfully submitted,

                                                    /s/
                                                  Laury E. Bobbish
                                                  Assistant Chief

                                                  /s/
                                                  Claude F. Scott, Jr. (D.C. Bar No. 414906)
                                                  Lawrence M. Frankel (D.C. Bar No. 441532)
                                                  Jared A. Hughes
                                                  Trial Attorneys

                                                  Telecom & Media Section
                                                  Antitrust Division
                                                  U.S. Department of Justice
                                                  1401 H Street, N.W., Suite 8000
                                                  Washington, D.C. 20530
                                                  (202) 514-5621
                                                  Attorneys for the United States

---

[5] *See United States v. Mountain Health Care,* No. 02-288 (W.D.N.C. Sept. 15, 2003), Docket, *available at* https://ecf.ncwd.uscourts.gov (Final Judgment, Sept. 15, 2003; Motion for Leave to Intervene for Purposes of Appeal, Sept. 26, 2003; Order Granting Leave to Intervene for Purposes of Appeal, Oct. 30, 2003), *appeal dismissed,* 96 F. App'x 140, 2004 WL 938495 (4th Cir. 2004); *United States v. Thomson Corp.*, No. 96-1415, 1997 WL 90992, at *4 (D.D.C. February 27, 1997) (permitting intervention, which had previously been denied as untimely, once entry of final judgment was "in all likelihood imminent"); *United States v. AT&T,* 552 F. Supp. 131, 219 (D.D.C. 1982) ("At the time the decree is entered, the Court will issue an order describing the rights of intervenors. These will include: (1) the right to appeal the entry of the decree[.]").