# EXHIBIT 7

Case 1:05-cv-02103-EGS    Document 36-8    Filed 05/16/2006    Page 2 of 3
Case 1:05-cv-02103-EGS    Document 36-8    Filed 05/16/2006    Page 2 of 3




FORMAT FOR PRINTING sponsored by

October 26, 2005

REVIEW & OUTLOOK

## Antitrust Busters
*October 26, 2005*

**DOW JONES REPRINTS**
This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit: www.djreprints.com.

• See a sample reprint in PDF format.
• Order a reprint of this article now.

Presidents expect their political appointees to exercise adult supervision over the career staff. So we can only hope Attorney General Alberto Gonzales will start doing precisely that with his Antitrust Division, which oddly enough doesn't seem to understand antitrust law.

The inmates have been running that corner of the Justice asylum since Charles James departed in 2002. Successor Hewitt Pate suffered embarrassing legal defeats, including an attempt to block Oracle's hostile, but ultimately successful, takeover of PeopleSoft. The hope was that Mr. Pate's departure would give President Bush a chance to improve this part of his economic policy-making team.

So it is disappointing to find that his nominated replacement, acting antitrust chief Thomas Barnett, has so far shown none of the fresh thinking needed to drag the career lawyers into the 21st-century marketplace. The Antitrust Division is still sitting on the proposed SBC-AT&T and Verizon-MCI mergers, despite their obvious competitive merits. It has launched an ill-considered suit against national realtors. And now comes this week's news that Mr. Barnett's team is demanding that Oracle submit to yet another extensive regulatory review as part of its $5.85 billion offer to buy fellow software company, Siebel Systems.

A review isn't a Justice lawsuit, but what's worrisome is that Mr. Barnett was the intellectual architect of Justice's previous Oracle-PeopleSoft lawsuit. That case was all but laughed out of federal Judge Vaughn Walker's court last year, after he slammed the Division's restrictive definition of the Oracle-PeopleSoft "market" and listed no fewer than 10 fatal flaws in the case. Justice didn't even bother to appeal.

Yet far from treating the ruling as a learning moment, Mr. Barnett is on record as saying that "If I were to see the same case tomorrow, I would bring it." He also suggested that with a better judge, he'd have won. It says something about Mr. Barnett's policy impulses that, in griping about Judge Walker, he is dismissing a Reagan nominee widely recognized as an antitrust expert.

The Oracle-Siebel merger ought to be an easy call. The two companies compete in what's known as the "CRM" market, for software that helps companies with their sales and marketing. This is a highly competitive arena with some 150 players, and even the largest, Germany's SAP, has 17% of the market. Such fragmentation is precisely why companies are looking to consolidate, and even a combined Siebel-Oracle will have only 21% of the CRM market. The merger is logical enough that even the litigious state attorneys general -- the hound dogs of antitrust headlines -- have shown no interest.

As for the alleged need for more "review," Justice spent some 14 months investigating every last market in which Oracle operates as part of its PeopleSoft inquiry. One speculation is that Mr. Barnett, still smarting from his loss in that case, is extending the current probe in order to give European antitrust officials time to jump in and block the Siebel deal, thereby protecting SAP from greater competition and sparing Mr. Barnett from having to prove his case in a U.S. court.

These antitrust shenanigans have little economic or legal merit, and increasingly look to be examples of antitrust lawyers trying to justify their employment. It's worth noting that in the weeks after Oracle's PeopleSoft victory in court, numerous mergers were announced -- from Sony's $3 billion bid for MGM to Cendant's purchase of Orbitz -- as businesses entertained hopes of overcoming regulatory review. Mr. Barnett's nomination is pending before the Senate. Someone ought to tell him that if he can't respect antitrust precedent, he belongs in another job.

**URL for this article:**
http://online.wsj.com/article/SB113029164675279590.html

**Copyright 2006 Dow Jones & Company, Inc. All Rights Reserved**

This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our **Subscriber Agreement** and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit **www.djreprints.com**.