**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br>v.<br><br>**SBC Communications, Inc. and AT&T Corp.,**<br><br>    **Defendants.** | Civil Action No.<br>1:05CV02102 (EGS) |
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br>v.<br><br>**Verizon Communications Inc. and MCI, Inc.,**<br><br>    **Defendants.** | Civil Action No.<br>1:05CV02103 (EGS) |

**VERIZON'S OPPOSITION TO MICHAEL LOVERN, SR.'S REQUEST TO INTERVENE AND APPEAR AS *AMICUS CURIAE***

On May 15, 2006, Michael Lovern, Sr. and two companies allegedly founded by him (collectively "Mr. Lovern") filed a Motion for Leave to Appear as *Amicus Curiae* in *United States v. SBC Communications, Inc. & AT&T Corp.* (Civil Action No. 1:05CV02102 (EGS)). Mr. Lovern did not file any motion in *United States v. Verizon Communications Inc. & MCI, Inc.* (Civil Action No. 1:05CV02103 (EGS)).

Mr. Lovern, however, indicated in a telephone call to Verizon counsel and a pleading filed last week that he also is attempting to intervene or appear as *amicus curiae* in the *Verizon* case. *See* Response Motion by Michael Lovern, Sr., *et al.* to AT&T's Motion in Opposition to *Amicus Curiae*'s Intervention, ¶ 1 (dated May 27, 2006 and filed May 30, 2006) ("In addition,

now that AT&T has copied Verizon & MCI on [its Opposition to Mr. Lovern's] motion [in the *AT&T* case], this Court needs to recognize that MCI Shareholders have Billions of Dollars in legal claims associated with the InterCompany Settlement System (ISS) that will disappear if VERIZON is allowed to take over MCI.  Verizon is just as culpable as SBC Communications and AT&T et al.")

      Verizon opposes any attempt by Mr. Lovern to intervene or appear as *amicus curiae* in the *Verizon* case, for the reasons set out in (i) the Opposition of the United States to Michael Lovern, Sr.'s Motion for *Amicus Curiae* and Intervenor Status and (ii) AT&T Inc.'s Opposition to Michael Lovern, Sr.'s Motion to Intervene and Appear as *Amicus Curiae*.  Moreover, Mr. Lovern's specific allegations relating to Verizon ("MCI Shareholders have Billions of Dollars in legal claims" and "the claims of MCI Shareholders . . . will be destroyed if Verizon takes control of MCI") have nothing to do with the efficacy of the Justice Department's remedy for the antitrust issues alleged in its complaint.  *Compare* 15 U.S.C. § 16 (Tunney Act proceeding requires the Court to determine whether entry of "a consent judgment . . . brought by or on behalf of the United States *under the antitrust laws*" is in the public interest (emphasis added)).

## CONCLUSION

Mr. Lovern's attempt to intervene or appear as *amicus curiae* in the *Verizon* case should be denied.

Respectfully submitted,

/s/ Mark C. Hansen_____

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Mark L. Evans |
| Verizon Communications Inc. | Aaron M. Panner |
| 1515 N. Courthouse Road | Evan T. Leo |
| Arlington, Virginia 22201 | Kellogg, Huber, Hansen, Todd, |
| Telephone: (703) 351-3000 | Evans & Figel, P.L.L.C. |
| Facsimile: (703) 351-3670 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036-3209 |
| | Telephone (202) 326-7900 |
| | Facsimile (202) 326-7999 |

June 5, 2006