# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | Civil Action No.: 1:05CV02102 (EGS) |
| ) | |
| v. ) | |
| ) | |
| SBC Communications, Inc. and ) | |
| AT&T Corp., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| United States of America, ) | |
| Plaintiff, ) | Civil Action No.: 1:05CV02103 (EGS) |
| ) | |
| v. ) | |
| ) | |
| Verizon Communications Inc. and ) | |
| MCI, Inc., ) | |
| ) | |
| Defendants. ) | |

## JOINT SUBMISSION OF THE PARTIES, ACTEL, AND COMPTEL REGARDING THE ORGANIZATION AND CONDUCT OF THE JULY 12, 2006 HEARING

Pursuant to the Court's order of May 10, 2006, counsel for the parties, ACTel, and COMPTEL conferred via telephone on June 19, 2006 to discuss their views on how the hearing currently scheduled for July 12, 2006, should be organized and conducted. Counsel were unable to reach a consensus on how the hearing should be conducted, and submit their proposals herein. The following are the respective recommendations of each party, ACTel, and COMPTEL.

**I.    Plaintiff the United States**

1.    The issue before the Court is whether the entry of the settlements set forth in the proposed Final Judgments adequately remedy the alleged harm and therefore fall within the reaches of the public interest.  The issues relevant to this Court's public interest determination have been thoroughly addressed in the voluminous filings from the parties, ACTel, and COMPTEL.  Consequently, as stated in earlier filings, the United States does not believe that the hearing tentatively scheduled for July 12, 2006 is necessary.

2.    However, the United States recognizes that the Court may find it helpful to ask questions of counsel to clarify issues raised by the parties, ACTel, and COMPTEL.  Therefore, if the Court wishes to hold a hearing on July 12, 2006 for this purpose, the United States proposes that the Court initially allot thirty minutes of time for the United States, thirty minutes for the defendants collectively, and thirty minutes for  ACTel and COMPTEL collectively.  The United States, as movant, should be permitted to reserve a portion of its time for rebuttal.

3.    The allotted time for all parties and amici should be used principally to respond to questions that the Court may raise rather than for prepared statements reiterating the positions previously set forth in the filings.  Additional time to respond to the Court's questions should be permitted as necessary.  Further, the United States recommends that the Court direct the parties and amici to focus their remarks on the issue before the Court–whether the specific remedies proposed by the Government for the competitive harms alleged in the Complaints are in the public interest.

4.    The United States does not believe that live witness testimony is necessary or helpful, given the already voluminous record in the proceeding.

## II.    Defendant AT&T

1.    The issue before the Court is whether the divestiture remedy proposed by the Department of Justice for the competitive harm alleged in the Complaint is in the public interest.

2.    AT&T submits that the record in this matter provides a complete and sufficient basis for the court to render a decision on the issue before it.  That record–which consists of the Government's Complaint, the Proposed Amended Final Judgments, the Competitive Impact Statement, public comments, and the Department of Justice's responses to those comments–as amplified by the extensive briefing that has taken place during the course of the instant court proceeding, contains the requisite information upon which this Court's public interest determination can, and should, be made.  As confirmed by COMPTEL's and ACTel's filings in this Court, there are no new issues that are not reflected in the record.

3.    Consequently, AT&T is of the view that no hearing is necessary, unless the Court has questions for the parties and/or amici, or believes its determination would be aided by hearing further argument on the Government's pending Motion for Entry of the Final Judgments.

4.    If the Court desires a hearing, there certainly is no need for live testimony on the issues that are relevant to this Court's determination of the public interest, because those issues can be "meaningfully evaluated simply on the basis of briefs and oral arguments ...."[1]  Indeed, the legal issues are particularly well suited to resolution by means of briefing, and the Government's analysis of the relevant factual issues is amply reflected in the record before the Court.  "Only where it is imperative that the court should resort to calling witnesses for the purpose of eliciting

---

[1] S. Rep. No. 93-298, quoted with approval in House Rep. No. 93-1463, reprinted in U.S. Code Cong. and Admin. News, 93rd Cong. 2d Sess., at 6538-39 (1974).

additional facts should it do so."[2]  Such an imperative does not exist here.  Accordingly, AT&T submits that this matter is ripe for resolution by this Court without the need for an evidentiary hearing.

5.      If the Court deems it useful to proceed with the hearing, recognizing the Court's discretion to allow as much time as is necessary and appropriate to respond to the Court's questions, AT&T suggests the following guidelines as to timing:

a.      The Department of Justice, as the moving party, to be allotted thirty (30) minutes to present its case;

b.      AT&T and Verizon, as the other parties to the case, to be allotted fifteen (15) minutes each to present their respective supporting cases;

c.      COMPTEL and ACTel to be allotted fifteen (15) minutes each to present their respective challenges to the proposed entry of final judgment;

d.      AT&T and Verizon to be allotted ten (10) minutes each, if necessary, to respond to the arguments presented by COMPTEL and ACTel;

e.      Finally, the Department of Justice to be allotted fifteen (15) minutes to respond to the arguments presented by COMPTEL and ACTel.

Because of the similarity of the issues raised, the issues can be addressed in the context of a single presentation addressing both Consent Decrees.

6.      Finally, in view of the record that has developed and the multiple opportunities that the parties and amici have had to make submissions to the Court, the Court should make clear that the hearing will be limited to the record now before the Court and confined to the question whether the specific remedy proposed by the Government for the competitive harm alleged in the Complaint is in the public interest.

_____

[2] *Id.*

4

### III.    Defendant Verizon

1.      Verizon submits that it is unnecessary for the Court to hear further evidence or argument from the parties.  The Court has an extensive record already before it.

2.      To the extent there is a hearing, it should be for the purpose of answering any specific questions the Court may have, based on its review of the record before it.

3.      No time allocations or allotments are necessary; the Court should address its questions to the relevant parties.  If the Court has questions of amici, and amici accordingly argue to the Court, the Court should provide for appropriate rebuttal by the government and the other parties.

### IV.    ACTel

Current Status

1.      During our "meet and confer," AT&T stated its intention to seek leave to file an out-of-turn brief not contemplated by the Court's minute order of May 10, 2006.  The Government and Verizon stated that they may attempt to do so, as well.  As of this writing (prepared on June 19, 2006), ACTel has not seen any of these briefs.  We have therefore informed the parties that, upon review of these filings, it may be necessary for ACTel to seek leave to take some discovery, including depositions, and to file an additional brief.  It may also be necessary for ACTel to put on live testimony at the July 12, 2006, hearing in response to whatever the parties submit.  With these reservations in mind, ACTel has informed the parties that ACTel will not object to their further briefing if they do not object to ACTel's filing briefs in reply.

July 12 Hearing

2.     ACTel does not believe that the hearing scheduled for July 12 should be constrained as the parties have requested.  ACTel believes the Court is required to decide whether the proposed decree is in the public interest and, under the statute, must therefore evaluate "competition in the relevant markets" in order to determine whether the proposed remedy is "effective."  The Court therefore needs to avail itself of all relevant information, not just what the parties say is important.

3.     In addition, ACTel believes this is a public hearing in an important case to determine what is in the public interest.  The Tunney Act was intended to bring "sunshine" to the DoJ consent decree process, and the hearing should therefore be sufficiently comprehensive to enable the public to understand the issues, the evidence, and the Court decision.

4.     Given the Government's burden of proof, ACTel asks that the Government make the initial presentation, followed by the merging companies.  ACTel and Comptel should then make their initial presentations.  The Government and parties may then reply, followed by a reply from the amici.

5.     ACTel requests one hour for its oral argument, 45 minutes for initial presentation and 15 minutes in reply.  ACTel's presentation will focus principally on three issues: (1) The Court's authority and scope of review; (2) the harm to competition in the relevant markets; and (3) the effectiveness of the remedy.

6.     From ACTel's perspective, the parties can have whatever time they feel they need, subject, of course, to the Court's determination.

<u>Live Witnesses and Evidence</u>

7.    Given the record prior to the filing of additional briefs by the parties, ACTel did not intend to put on "live" witnesses if the parties did not.  However, ACTel may well need to put on live witnesses depending upon additional submissions by the parties.

8.    ACTel believes that live testimony, if any is permitted, should be put on as part of each participant's presentation, allowing, of course, additional time for the witnesses.

9.    ACTel believes that all such presentations can be completed in the time scheduled for the hearing by the Court.


V.    **COMPTEL**

1.    COMPTEL intends to address any request by the court for more information.  This willingness to be responsive to the court's need for information extends to producing live witnesses that can address any further questions from the court.

2.    Absent any specific questions from the court, COMPTEL does not intend to produce live witnesses.  Rather, COMPTEL will be prepared to address any further questions from the court through oral argument.

3.    In addition to responding to any specific questions from the court, COMPTEL will present oral argument on the following questions which are before the court:

    a.    Has the DOJ demonstrated that its proposed decrees would replace the competition that the DOJ alleges would be lost as a result of the violations alleged in the complaints (i.e., the elimination of AT&T/MCI from the metro markets identified in the complaints)?

    b.    Has the DOJ provided the court with sufficient information for the court to make an independent determination as to whether entry of the proposed

consent decrees is in the public interest?  Specifically, has the DOJ given the court sufficient information for the court to consider, as required by law, i) the competitive impact of the judgment, including, inter alia, the anticipated effects of alternative remedies actually considered, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and ii) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial?

4.    Time limits should be left to the court, with ample rebuttal time allowed to all parties.

DATED: June 20, 2006

                                            Respectfully submitted,


_____/s/_____                  _____/s/_____
Laury E. Bobbish                             Wilma A. Lewis
Assistant Chief                              Wm. Randolph Smith (D.C. Bar No. 356402)
                                             Crowell & Moring, LLP
                                             1001 Pennsylvania Avenue, N.W.
_____/s/_____                   Washington, DC 20004-2595
Claude F. Scott, Jr. (D.C. Bar No. 414906)   (202) 624-2500
Lawrence M. Frankel (D.C. Bar No. 441532)    Attorneys for AT&T, Inc.
Jared A. Hughes
Trial Attorneys
                                             _____/s/_____
                                             Thomas Cohen
Telecom & Media Section                      Kelley Drye & Warren LLP
Antitrust Division                           3050 K Street, N.W.
U.S. Department of Justice                   Suite 400
1401 H Street, N.W., Suite 8000              Washington, DC 20007
Washington, D.C. 20530                       (202) 342-8400
(202) 514-5621                               Attorney for ACTel
Attorneys for the United States


                                             _____/s/_____
                                             Gary L. Reback (D.C. Bar No. 218594)
_____/s/_____                   Carr & Ferrell LLP
Mark C. Hansen                               2200 Geng Road
Kellogg, Huber, Hansen, Todd, Evans          Palo Alto, CA 94303
    & Figel, P.L.L.C.                         (650) 812-3489
1615 M Street, N.W.                          Attorney for ACTel
Suite 400
Washington, DC 20036-3209
(202) 326-7900                               _____/s/_____
Attorney for Verizon Communications Inc.     Kevin R. Sullivan (D.C. Bar No. 411718)
                                             King & Spalding LLP
                                             1700 Pennsylvania Avenue, N.W.
                                             Washington, D.C. 20006
                                             (202) 737-0500
                                             Attorney for COMPTEL