UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
            Plaintiff,         )
                               )
     v.                        )  Civil Action No. 03-2512 (EGS)
                               )
                               )
SBC COMMUNICATIONS, INC. and   )
AT&T CORP.                     )
                               )
            Defendants.        )
_____)
                               )
UNITED STATES OF AMERICA       )
                               )
            Plaintiff,         )
                               )
     v.                        )  Civil Action No. 03-2513 (EGS)
                               )
                               )
VERIZON COMMUNICATIONS, INC. and )
MCI, INC.                      )
                               )
            Defendants.        )
_____)
```

**O R D E R**

A motions hearing is currently scheduled for July 12, 2006, at 9:00 AM.  That hearing shall be organized and conducted in the following manner.  The Court hereby

**ORDERS** that the principal parties to the above-captioned cases, United States, SBC Communications, Inc. ("SBC"), and Verizon Communications, Inc. ("Verizon") shall each have 45 minutes to make their principal arguments as to why the Court

1

shall approve the government's Proposed Final Judgments ("PFJs"); and it is

**FURTHER ORDERED** that the *amici curiae*, COMPTEL and ACTel, shall each have 45 minutes to make their principal arguments as to why the PFJs are not in the interest of the public; and it is

**FURTHER ORDERED** that all of the principal parties and both *amici curiae* shall each have 15 minutes to respond to any arguments presented by any of the parties; and it is

**FURTHER ORDERED** that the parties are to consider the following questions in preparing for the hearing.  However, these questions and areas of inquiry neither reflect the Court's intent to limit the scope of a party's presentation at the hearing nor reflect the Court's intent to limit the scope of the Court's inquiry at the hearing.

(1) What authority, if any, does the Court have to question the scope of the government's Complaints in these two case?

(2)  What authority, if any, does the Court have to inquire of the government as to what other alternative remedies it (and the defendants) considered and why those alternatives were rejected in view of the remedies suggested?

(3) What weight should the Court give to the legislative history of the amended Tunney Act, 15 U.S.C. §16, in its determination of what the appropriate standard of review is under the 2004 amended Tunney Act?

(4) The government and the defendants contend that the Court should continue to be deferential to the government in its Tunney Act review. Is that consistent with the legislative history of the amended Tunney Act, which purport to overturn this Circuit's precedents that employed what Congress considered to be too deferential a standard in evaluating consent decrees?

(5) What specific evidence is the government relying on for its assertion that its proposed remedies would replace the competition that would be lost as a result of the two mergers?

(6) Has the government provided the Court with sufficient information for it to make an independent determination as to whether entry of the proposed consent decrees is in the public interest? If not, what other information should the government have provided to the Court?

(7) What weight, if any, should the Court give to the findings of the FCC as related to these two mergers?

(8) Through the eyes of a layperson, the mergers, in and of themselves, appear to be against public interest given the apparent loss in competition. In layperson's terms, why isn't that the case?

(9) Why isn't the government's selected remedy broader in time - i.e. IRUs longer than ten years - and in substance - i.e. focus on the transport as well as the last-mile connections?

(10) What consideration should the Court give the arguments of the Attorney General of New York, Elliot Spitzer, that the mergers will adversely affect digital subscriber lines ("DSL") and the Internet backbone?

(11) What criteria did the government use in determining which buildings should be covered by the PFJs?

**IT IS SO ORDERED.**


**SIGNED:    EMMET G. SULLIVAN**
**UNITED STATES DISTRICT COURT**
**JULY 7, 2006**