# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, ) | |
| ) | Civil Action No.:  1:05CV02102 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SBC Communications, Inc. and ) | |
| AT&T Corp., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| United States of America, ) | |
| ) | Civil Action No.: 1:05CV02103 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Verizon Communications Inc. and ) | |
| MCI, Inc., ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' OPPOSITION TO AMERICAN ANTITRUST INSTITUTE INC.'S MOTION TO INTERVENE

The United States opposes the motion of the American Antitrust Institute ("AAI") to intervene.  The "testimony" offered by the AAI will add nothing substantive to the record before the Court as it either consists of inadmissible opinion regarding legal standards applicable to these proceedings or duplicates COMPTEL's objections to the proposed Final Judgments.  In addition, the AAI fails to satisfy – indeed, wholly ignores – the requirements of Rule 24.

## I.    Participation by AAI in These Proceedings Will Serve No Useful Purpose

AAI is "an education, research, and advocacy organization."[1]  It is a group of academics and attorneys dedicated to promoting its views on antitrust policy,[2] which it frequently injects into Tunney Act proceedings through public comments and other means.[3]  AAI asserts that it "intervened" in the 2002 Microsoft Tunney Act proceedings.[4]  This is incorrect.  The court permitted AAI limited participation as an amicus curiae, not as an intervenor.[5]  Moreover, AAI had sought much more extensive participation in that proceeding, but the court flatly refused to permit AAI to play the role it sought because that role would "sidetrack" and "delay" the

--------------------------------------------------

[1] http://www.antitrustinstitute.org/about.cfm.

[2] *Id.*

[3]  *United States v. Univision Communications, Inc.,*1:03CV00758 (RMC) (D.D.C. Dec. 22, 2003); *United States v. Archer-Daniels-Midland Co.,* 1:02CV01768 (JDB) (D.D.C. Jul. 22, 2003); *United States v. Alcoa, Inc.,* 1:00CV954 (RMU) (D.D.C. Jul. 10, 2001).  In addition, during the proceedings relating to the Microsoft settlement, AAI filed suit against the Department of Justice, alleging that the United States had not met its obligations under the Tunney Act.  The court dismissed AAI's Tunney Act claim, *American Antitrust Institute, Inc. v. Microsoft Corp.,* 1:02CV00138 (CKK) (D.D.C. Feb. 20, 2002) (Memorandum Opinion), and AAI voluntarily dismissed its remaining claims for mandamus and administrative review after the court called for additional briefing on the government's motion to dismiss these claims.  *American Antitrust Institute, Inc. v. Microsoft Corp.,* 1:02CV00138 (CKK) (D.D.C. Aug. 8, 2002) (Order directing United States to re-file Motion to Dismiss); *id.* (D.D.C. Oct. 15, 2002) (Notice of Voluntary Dismissal).

[4] Motion of the American Antitrust Institute, Inc. to Intervene and Memorandum of Points and Authorities at 6 ("AAI Mem.").

[5] *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319076, at *1 (D.D.C. Feb. 28, 2002). AAI was one of approximately 11 entities permitted to participate as amici in the Microsoft matter.

proceedings.[6]  As the "testimony" offered by AAI here is unlikely to be of assistance to the

Court, AAI should not be permitted to sidetrack and delay these proceedings.[7]

AAI's first proposed witness, Professor Darren Bush, is a law professor who co-authored

an article critical of the D.C. Circuit's Tunney Act jurisprudence.  AAI proposes that he provide

expert testimony on the "procedural, substantive, or constitutional issues that may arise in

connection with the Court's fashioning of an appropriate procedure for the discharge of the

Court's duty to make a public interest determination."[8]  These are legal issues that have been

extensively briefed and argued before the Court, not issues which require expert testimony.[9]  No

useful purpose would be served by allowing Professor Bush's views to be offered as "expert

testimony."

---

[6] *Id.* at *2 ("As is apparent from AAI's proposal . . . AAI 'seeks for itself a special and remarkable status in this Tunney Act proceeding.'  The Court sees absolutely no need for such substantial assistance from AAI.  Moreover, contrary to AAI's contention, the Court is quite certain that if AAI was permitted to participate to the full extent it proposes, these proceedings would be inappropriately sidetracked and delayed." (citation omitted)).

[7] AAI's request to intervene here comes more than eight months after the Complaints and proposed Final Judgments in these matters were filed, more the five months after the statutorily required public comment period closed, and subsequent to the Court's seven-hour hearing on whether the proposed Final Judgments are in the public interest.  Hence, its request is not timely.

[8] AAI Mem. at 3.

[9] "Whether expert opinion testimony is 'otherwise admissible' depends, in part, on whether it 'will assist the trier of fact' in either 'understand[ing] the evidence or . . . determin[ing] a fact in issue.' *See* Fed. R. Evid. 702.  Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus is not 'otherwise admissible.'"  *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."); *see also Weston v. Washington Metro. Area Transit Auth.*, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996) ("An expert witness may not deliver legal conclusions on domestic law[.]"); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (joining "at least seven circuit courts" in asserting that the Federal Rules of Evidence prohibit expert testimony as to applicable principles of law).  Moreover, it is not clear how Professor Bush's testimony would meet the other requirements of Fed. R. Evid. 702.

Professor Joseph Farrell, AAI's other proposed witness, is an economist whose views are already of record here. Dr. Farrell submitted testimony to the FCC in opposition to the SBC-AT&T merger on behalf of Global Crossing, a competitor to the merging parties and member of COMPTEL.[10] He also submitted testimony on behalf of COMPTEL itself in the current ongoing FCC regulatory proceeding regarding special access prices. COMPTEL made his declarations part of the record here by attaching them to its public comment. AAI proposes that Dr. Farrell review the documents filed by the United States, as well as the FCC orders, and testify as to "the required public interest determination and/or the proper weight to be accorded the FCC orders in the present case."[11] Federal Rule of Evidence 702 provides for expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."[12] The Court's public interest determination and its determination of what weight to give to the considered order of an independent regulatory commission in this proceeding are legal determinations, not factual ones.

Neither witness proffered by AAI is likely to aid the Court in determining whether the proposed Final Judgments remedy the harm alleged in the Complaints, and allowing this "testimony" will only further delay these proceedings.

---

[10] http://www.comptelascent.org/news/member-profiles/profiles/global-crossing.html

[11] AAI Mem. at 2-3.

[12] Fed. R. Evid. 702.

4

## II.     AAI Does Not Meet Rule 24's Requirements for Permissive Intervention

Rule 24 of the Federal Rules of Civil Procedure governs intervention in Tunney Act proceedings.[13]  It provides for two forms of intervention: intervention of right and permissive intervention.  AAI seeks only permissive intervention pursuant to Rule 24(b)(1).[14]  Rule 24(b)(1) authorizes a court to permit intervention "when a statute of the United States confers a conditional right to intervene."[15]  The Tunney Act confers no such right.[16]  Thus, AAI fails to qualify for permissive intervention under the only statutory authority cited in its Motion.

AAI also would not qualify for permissive intervention under Rule 24(b)(2) (which it does not even mention).  Rule 24(b)(2) authorizes a court to grant intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."[17]  However, AAI proffers no "claim" or "defense" and raises no argument that it has such a claim

---

[13] *See* 15 U.S.C. § 16(f)(3) (permitting court to grant "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*") ("[T]he Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention.").

[14] AAI Mem. at 7.

[15] Fed. R. Civ. P. 24(b)(1).

[16] *See United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319139, at *2 (denying a motion to intervene under Rule 24(b)(1) because it "ignores this Circuit's precedent which declined to conclude that the Tunney Act confers a 'conditional right to intervene'" (citing *MSL,* 118 F.3d at 780 n.2)); *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983) (stating the Tunney Act "does not confer any *right* to intervene, conditional or otherwise" (emphasis in original)); *United States v. IBM*, 1995-2 Trade Cas. (CCH) ¶ 71,135, at 75,457 (S.D.N.Y. 1995), 1995 WL 366383, at *4-*5; *see also* 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed to require the court to . . . permit anyone to intervene.").  If the Tunney Act were construed to grant a conditional right to intervene, the "condition" would be satisfaction of Rule 24(b)(2) and the Court's favorable exercise of discretion.

[17] Fed. R. Civ. P. 24(b)(2).

with a "question in law or fact in common" with the main action.[18]  AAI's argument that the

record is insufficient for the Court to enter the proposed Final Judgments is not a claim that could

be raised in a court of law as part of a lawsuit.  Indeed, AAI as an "advocacy organization" is

unlikely to have a legal "claim" relevant to this proceeding.[19]  Although intervention is routinely

denied in Tunney Act proceedings,[20] participation short of intervention is more readily allowed.

This Court has already granted substantial participation in these proceedings to ACTel and

COMPTEL.  Participation even short of intervention by AAI here is unwarranted.


## Conclusion

The cases currently before the Court were filed more than eight months ago, and the

Court already has an extensive record before it.  Should the Court conclude that it has additional

questions and requires more information to make its public interest determination, the parties are

in the best position to provide such information through the least burdensome, least complicated

---

[18] AAI also failed to file any "pleading setting forth the claim or defense for which intervention is sought" required by Rule 24(c).  *Cf. Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring) (discussing relationship between pleading requirement of Rule 24(c) and "claim or defense" in Rule 24(b)(2)).

[19] Even if AAI qualified for permissive intervention, it would not have standing to participate as a party under Article III of the Constitution.  *See In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 29 (D.C. Cir. 2000) (noting that "potential intervenors must demonstrate 'prudential' as well as constitutional standing").  AAI fails to allege that it has suffered an "invasion of a legally protected interest which is . . . concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A "particularized" interest is one that is personal to the litigant, not one that is shared by the public at large.  *See id.* at 560 n.1.  Because AAI, as an "advocacy organization" cannot identify any such interest "on which an independent federal suit could be based," Article III prohibits its intervention as a party to this proceeding.  *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006) (Posner, J.).

[20] *See* Memorandum of the United States in Opposition to COMPTEL's Motion for Leave to Intervene Or in the Alternative to Participate as Amicus Curiae at 10 n.10 (Feb. 22, 2006).

means possible.[21]  AAI's belated proposed intervention and offer of experts is unlikely to assist

the Court in its determination.  Accordingly, the Court should deny AAI's motion.

Respectfully submitted,

_____/s/_____

Laury E. Bobbish
Assistant Chief

_____/s/_____

Claude F. Scott, Jr. (D.C. Bar No. 414906)
Lawrence M. Frankel (D.C. Bar No. 441532)
Jared A. Hughes
Trial Attorneys

Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

---

[21] *See* S. Rep. No. 93-298, 93d Cong., 1st Sess., at 6 (1973) (stating that "the trial judge will adduce the necessary information through the least complicated and least time-consuming means possible"); *accord* H.R. Rep. No. 93-1463, 93d Cong., 2d Sess., at 8 (1973).  The 2004 amendments did not significantly alter the procedure by which courts go about making their public interest determination. *See, e.g.,* 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene."); 150 Cong. Rec. S3610, at S3615 (daily ed. Apr. 2, 2004) (statement of Sen. Leahy) (noting that "the legislation makes clear that this amendment to the Tunney Act will not change the law regarding whether a court may be required . . . to permit intervention or to hold a hearing in a . . . proceeding"); *id.* at S3618 (statement of Sen. Kohl) (noting that "[o]ur amendments make no changes to" how to conduct Tunney Act proceedings).