IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SBC Communications, Inc. and )<br>AT&T Corp., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Verizon Communications, Inc. and )<br>MCI, Inc., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05CV02103 (EGS) |

**AT&T INC.'S OPPOSITION TO
THE AMERICAN ANTITRUST INSTITUTE, INC.'S
MOTION TO INTERVENE**

The American Antitrust Institute, Inc. not only seeks to disrupt these proceedings at the eleventh and a half hour, but touts itself as "uniquely qualified" to help the Court make a "meaningful" determination. AAI has utterly failed to satisfy the standards for intervention in a Tunney Act proceeding, and its request is plainly untimely and dilatory. AAI's proffered excuse for its tardiness – that previously it did not believe the Court would take its responsibilities under the Tunney Act seriously – is an affront to the integrity and credibility of this Court, makes a

1

mockery of the orderly and timely proceedings that the public interest requires under the Tunney Act, and provides no justification whatsoever for tolerating the delay and disruption that would inevitably result from AAI's participation in these proceedings at this late date. The reality is that AAI has blithely ignored the Tunney Act process at each step of the way, and its participation, as intervenor or otherwise, is neither necessary nor appropriate to the Court's public interest determination.

Moreover, AAI offers nothing in the way of explanation of what it might contribute to these proceedings, other than two purported "independent experts." As to Professor Farrell, AAI fails to disclose that he is clearly aligned with CLEC interests already represented by COMPTEL and ACTel, as evidenced by the fact he submitted testimony at the FCC on behalf of COMPTEL and against SBC and Verizon in recent special access proceedings and on behalf of an opponent of both mergers that are the subject of this proceeding. Moreover, Professor Bush is offered for the impermissible purpose of telling this Court what the law is. Given that the only issue before the Court is whether the proposed remedy adequately addresses the competitive harm alleged in the Complaint under the public interest standard (and it does 100%), AAI's motion should be denied.

I.  **AAI Has Not Met The Standard For Timely Intervention in a Tunney Act Proceeding**

In this Circuit, a party seeking to intervene must demonstrate that the Government "is not vigorously and faithfully representing the public interest, that it was unduly influenced or that it exercised bad faith or malfeasance in reaching the proposed final judgment." *United States v. Thomson Corp.*, No. Civ. A. 96-1415, 1996 WL 554557, at *2-3 (D.D.C. Sept. 25, 1996). AAI does not offer any arguments, let alone facts, to meet this high burden. For this reason alone, AAI's motion should be denied.

AAI also fails to meet the requirements of Federal Rule of Civil Procedure 24(b)(2).[1] To obtain permissive intervention under Rule 24(b)(2), a non-party must file a "timely motion" which demonstrates that: (1) intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties"; and (2) AAI has a "claim or defense" that has "a question of law or fact in common" with "the main action." AAI cannot meet either requirement.

Moreover, it is hard to imagine how AAI's request could be more untimely, coming as it does almost 6 months after the Tunney Act comment period began, 5 months after COMPTEL's much-publicized intervention motion, and 2 months after the first hearing where this Court's role was completely clear.[2] AAI was not unaware of these proceedings, as it filed comments at the FCC, raising competitive issues about these mergers that go beyond the scope of the Government's complaint, and it concedes that it knew was aware of the Tunney Act process for filing comments that began back in January, and of the ability to seek to participate at a much earlier date. But AAI consciously chose to "de-prioritize" any participation because it purportedly did not believe that the Court's review would be "meaningful." AAI Mot. at 7.[3]

---

[1] AAI claims to be moving for intervention under Rule 24(b)(1). AAI Mot. at 1. Rule 24(b)(1) is inapplicable in Tunney Act proceedings. *See, e.g.*, *United States v. Microsoft Corp.*, Civ. A. No. 98-1232 (CKK), 2002 U.S. Dist. LEXIS 26551, at *7 (D.D.C. Feb. 28, 2002); *United States v. Int'l Business Machines Corp.*, No. 72-344 (AGS), 1995 U.S. Dist. LEXIS 8482, at *11-12 (S.D.N.Y. June 19, 1995); *United States v. G. Heileman Brewing Co., Inc.*, 563 F. Supp. 642, 648 (D.Del. 1983). Accordingly, AT&T analyzes the request as if made pursuant to Rule 24(b)(2).

[2] While AAI should not require confirmation, we note that the Court itself repeatedly stated at the May 10 hearing that "my determination will indeed be independent" and "anyone who knows me knows I am not going to [rubber stamp], so that's clear." Transcript of May 10, 2006 Hearing at 25, 33.

[3] AAI explains that: "Prior to the hearing in this case on July 12th, 2006, the AAI was justifiably skeptical that any meaningful judicial review of the public interest effects of the proposed final judgments would take place. Although AAI filed comments on the competitive implications of the present transactions before the FCC, participation in the instant proceeding

(continued…)

The proffered excuse simply cannot be taken seriously. Apart from the fact that the Court's active role was clear at the initial hearing over 2 months ago on May 10, a third party is not allowed to make an entirely subjective decision to ignore the statutory standard for review and assume that the judicial role will be meaningless. That is not only an insult to this Court, but would undermine the timeliness standard by creating a loophole that swallows the rule.

Moreover, the parties, and indeed the public interest in a prompt resolution of this proceeding, should not be prejudiced by AAI's self-imposed failure to have taken this Court and the Tunney Act seriously. The Court, the parties and *amici* all have invested substantial resources in this proceeding from the outset, and have developed what is one of the most extensive records in any Tunney Act proceeding. AAI's belated filing is an affront to the orderly process, and it frankly appears to be nothing more than a deliberate attempt to derail the Court's schedule.[4]

## II.    AAI Has Failed to Demonstrate Any Need to Further Delay This Proceeding

Even if AAI could satisfy the standards for intervention under the Tunney Act (which it cannot), it makes no showing why the Court should permit intervention at this late date. AAI

---

(continued)

was de-prioritized based on AAI's institutional experience that 'business as usual' for judicial review under the Tunney Act – contrary to the plain meaning and clear legislative history of the statute – has in the past amounted to nothing more than a 'rubber stamp' for the government's recommendations." AAI Mot. at 7 (footnote omitted).

[4]    Contrary to its assertion that it "intervened" in the Tunney Act proceedings in the Microsoft litigation, AAI Mot. at 6, AAI was not permitted to intervene but only granted a very limited right to participate. *See* Ex. A hereto. It is also worth noting that AAI's motion in the Microsoft litigation was made well <u>before</u> the Tunney Act hearing in that case, not afterwards as here, and even then the Court found that "if AAI was permitted to participate to the full extent it proposes, the proceedings would be inappropriately sidetracked and delayed". *Id.* at 4.

provides no specificity as to why its participation would assist the Court, or what its purported experts would say if they testified. Its motion rests on the most general, conclusory assertions. In fact, there is every reason to expect that AAI's proffered experts have nothing useful to add.

One of AAI's experts – Professor Farrell – is far from a disinterested observer. He submitted testimony to the FCC on behalf of COMPTEL in a recent FCC special access proceeding, and filed a declaration in the FCC merger proceeding for Global Crossing, a CLEC and one-time member of COMPTEL who opposed the SBC/AT&T merger. *See* Ex. B and D to COMPTEL's Public Comments. In addition to obvious bias, AAI's suggestion that he could advise on "the proper weight to be accorded the FCC orders" is an attempt to invade the province of this Court's judicial notice function.

Likewise, the Court should reject proffered testimony from Professor Bush, as an "expert" on the Tunney Act. As this Court is well aware, legal conclusions are beyond the bounds of permissible expert testimony.[5] The same is true as applied to legislative history: the Court is its own expert in such matters of law, and outside testimony is unwarranted.[6] Nor does

---

[5] *See, e.g.*, *Weston v. WMATA*, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996) ("An expert witness may not deliver legal conclusions on domestic law, for legal principles are outside the witness' area of expertise under Federal Rule of Evidence 702."); *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir. 1977) ("testimony as to the applicable legal standard was plainly erroneous, thus demonstrating the danger in allowing experts to testify as to their understanding of the law. Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.").

[6] *See, e.g.*, *G.F. Company v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994) ("Because the interpretation of legislative history and the application of a statute to a particular case are uniquely questions for a court, we strike the affidavits from the record."); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 1995 WL 161537, at *3 (S.D. Cal. 1995) (unreported) ("Mycogen has submitted a declaration from an expert who was involved in the legislative process. . . . The court rejects this declaration as irrelevant to the question of statutory interpretation which is a task for the court to carry out by looking at the language of the statute and the legislative history, rather than by surveying expert opinion.").

the Court need to hear more legal arguments from lawyers about the Tunney Act, as those issues already have been fully and repeatedly briefed and argued by the parties and *amici*.

In short, neither AAI nor its "experts" would add anything to the issue before the Court, namely whether the proposed remedy addresses the competitive harm alleged in the Complaint under the public interest standard.  AAI's offer to present expert testimony to address consideration "to be given to the likelihood of competitive harm not alleged in the pleadings" (AAI Mot. at 4) is plainly irrelevant, as it goes outside the harm the Government alleged.  And, AAI does not even suggest that it would comment on the efficacy of the remedy itself, which the Government has confirmed addresses 100% of the harm alleged.

## Conclusion

AAI's motion should be recognized for what it plainly is – a last ditch effort to derail the schedule for resolution of this Tunney Act proceeding.  The Court should reject this improper attempt to subvert the Tunney Act process.  For the foregoing reasons, the Court should deny AAI's belated attempt to participate in this proceeding.

Respectfully submitted,


  /s/  Wilma A. Lewis
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated:  July 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2006, true and correct copies of AT&T Inc.'s Opposition to The American Antitrust Institute's Motion to Intervene were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff*

Laury E. Bobbish
Assistant Chief, Telecommunications &
Media Enforcement Section
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530

Lawrence M. Frankel
Attorney, Telecommunications & Media
Enforcement Section
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 800
Washington, D.C. 20530

*Attorneys for ACTel*

Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

Thomas Cohen
3050 K Street, N.W., Suite 400
Washington, DC 20007

*Attorneys for COMPTEL*

Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

*Attorneys for Verizon Communications, Inc*

John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for MCI, Inc.*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for AAI*

Jonathan Rubin
Jonathan L. Rubin, P.A.
1717 K Street, N.W., Suite 600
Washington, DC 20036

                                  /s/ Wilma A. Lewis