# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 98-1232 (CKK) |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court upon the filing of a motion for limited participation by the American Antitrust Institute, Inc. (AAI). AAI requests leave of the Court to participate "as amicus curiae or otherwise" in the judicial proceeding being conducted by this Court pursuant to 15 U.S.C. § 16(e) and (f) (hereinafter referred to as "the Tunney Act proceeding"). The purpose of the Tunney Act proceeding is to assist the Court in determining whether the "Revised Proposed Final Judgment" (RPFJ) submitted by the United States and Microsoft Corporation in the above-captioned matter is "in the public interest." 15 U.S.C. § 16(e) and (f). AAI expressly does not seek to intervene, nor to "present further its substantive arguments against the settlement," AAI Mot. at 4, but instead requests participation to "assist the Court in ensuring that the parties fully comply with the disclosure and comment requirements of the Tunney Act, 15 U.S.C. § 16[(b)-(h)]," AAI Mot. at 1. AAI's motion is opposed by both the United States and Microsoft. Upon review of AAI's motion and the oppositions of the United States and Microsoft, the Court concludes, in its discretion, that AAI's will be permitted to serve as amicus

curiae to a very limited extent.

AAI identifies itself as a non-profit advocacy organization whose "mission is to support the laws and institutions of antitrust." AAI Mem., Ex. 1 at 2. On January 24, 2002, AAI submitted comments regarding the RPFJ to the United States Department of Justice. *Id.*, Ex. 2. AAI's comments have since been provided in full to the Court as part of a group of approximately 47 "major comments." *Id.* at 4. In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

In support of its motion, AAI properly recognizes this Court's broad discretion to determine the nature and extent of third-party participation in Tunney Act proceedings. In pertinent part, 15 U.S.C. § 16(f)(3) instructs that the Court, in making its determination of the public interest, may

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant Section 16(f):

> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*United States v. AT&T*, 552 F. Supp. 131, 218 (D.D.C. 1982) (citing legislative history), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983). In response to

Section 16(f), AAI proposes extensive involvement in the Tunney Act proceedings as follows:

(1) Fully advising the Court of the details concerning [alleged] deficiencies in the Microsoft Parties' Tunney Act compliance;
(2) Responding to the briefs that will be filed by the Microsoft Parties with respect to the requirements of the Tunney Act and their compliance therewith;
(3) Proposing for the Court's consideration appropriate findings of fact and conclusions of law, remedial measures, orders, questions it should pose to the Microsoft Parties, or documents it should request from the parties;
(4) Monitoring the Microsoft Parties' compliance with any further orders of the Court designated to remedy Tunney Act deficiencies and reporting to the Court on such compliance;
(5) Advising the Court with respect to the appropriate standard of review to be applied to the RPFJ in the Court's public interest determination; and
(6) Providing appropriate oral and/or written arguments on the above matters.

AAI Mot. at 4-5. As is apparent from AAI's proposal and, as the United States appropriately notes, AAI "seeks for itself a special and remarkable status in this Tunney Act proceeding." United States Resp. at 2. The Court sees absolutely no need for such substantial assistance from AAI. Moreover, contrary to AAI's contention, the Court is quite certain that if AAI was permitted to participate to the full extent it proposes, these proceedings would be inappropriately sidetracked and delayed.[1]

Pursuant to the flexible framework of Section 16(f) and, in exercising its discretion, the Court rejects AAI's extensive proposal for participation in the Tunney Act proceedings. Notwithstanding this rejection of AAI's proposal, the Court shall permit AAI to participate in a substantially more limited role. In order to ensure that the participation of AAI as amicus curiae

---

[1] Indeed, this is not the first time AAI has attempted to litigate these issues. AAI recently filed a separate action challenging the parties' compliance with the Tunney Act and seeking a preliminary injunction. The motion for preliminary injunction was denied, and substantial portions of the complaint were dismissed. *See American Antitrust Institute v. Microsoft, Corp.*, No. 02-138 (D.D.C. February 20, 2002) (Memorandum Opinion denying AAI's motion for a preliminary injunction and dismissing AAI's amended complaint in part).

is helpful to the Court, the Court shall establish strict parameters to govern the manner in which AAI may contribute to the Tunney Act proceedings. The Court wants first to emphasize that AAI's participation as amicus curiae should not be utilized to *repeat* arguments and assertions detailed in its comments filed pursuant to 15 U.S.C. § 16(b). Instead, the Court shall permit AAI to submit a single amicus brief in *reply* to the memoranda filed by Microsoft and the United States in response to the public comments. In accordance with LCvR 7.1(e), any such reply memorandum shall not exceed twenty-five pages. In its role of amicus curiae, AAI may use the reply memorandum to raise arguments responsive to the February 27, 2002, and March 1, 2002, memoranda filed by the United States and Microsoft. AAI may also utilize the reply memorandum to raise new issues and arguments which were not raised in the comments AAI filed with the Department of Justice. If AAI prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002. Otherwise, AAI shall file its reply brief not later than 10 a.m. on March 11, 2002. In addition, the Court will permit AAI to address the Court for no more than ten minutes during the upcoming Tunney Act hearing. AAI may use this time to address any issues not previously raised in its comments and/or to emphasize the most significant issues raised in its comments. Again, the Court does not want this time to be spent summarizing or rehashing issues previously discussed in detail in the comments filed with the Department of Justice. Participation of amici beyond these parameters will not be permitted, as such participation threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court.

      Based on the foregoing, it is this 28th day of February, 2002, hereby

**ORDERED** that AAI's motion for limited participation is GRANTED in part and DENIED in part; and it is further

**ORDERED** AAI may file a single amicus reply brief not exceeding twenty-five pages in length; and it is further

**ORDERED** that, if AAI prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002.  Otherwise, AAI shall file its reply brief not later than 10 a.m. on March 11, 2002; and it is further

**ORDERED** that AAI may present no more than ten minutes of oral argument at the upcoming Tunney Act hearing; and it is further

**ORDERED** that, if AAI chooses to present argument to the Court at the upcoming Tunney Act hearing, it shall identify the individual who will be addressing the Court not later than 10 a.m. on March 4, 2002.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge