**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SBC Communications, Inc. and )<br>AT&T Corp., )<br>)<br>Defendants. )<br>)  | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>Verizon Communications, Inc. and )<br>MCI, Inc., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05CV02103 (EGS) |

**REPLY TO OPPOSITION TO THE MOTION FOR LEAVE TO INTERVENE OF THE
AMERICAN ANTITRUST INSTITUTE**

Predictably, those who have repeatedly sought to deny this Court any acknowledgement that its responsibilities were increased as a result of the 2004 Tunney Act amendments, or any cooperation in helping the Court to meet those burdens, are again seeking to limit this Court's ability to discharge these responsibilities. While the Department of Justice ("DOJ") and the defendants, in ways that are alternately intransigent to merely passive-aggressive (allowing the parties to consummate their mergers prior to any review by the court, and then claiming this is the ordinary practice of the Antitrust Division), have consistently sought to limit the Court's discretion and ability to act throughout this Tunney Act proceeding. First, having failed to offer

the Court the information it needs to determine whether the proposed settlements are in the public interest, the parties are trying to limit the Court's access to independent information. In the present instance, the parties' use of innuendo, and outright fabrications, to infer bias on the part of a witness whose testimony proposed intervenor the American Antitrust Institute ("AAI") seeks to present smacks of desperation. AAI has offered the Court two expert witnesses, that it believes are uniquely qualified to help the Court reach its decision. The DOJ and the defendants, on the other hand, have offered the Court no witnesses to help the Court reach its decision. If the Court believes the presence of these witnesses can provide any assistance, the Court has every right under the Tunney Act to avail itself of AAI's offer. Thus, there can be no legitimate claim of prejudice to the DOJ or the defendants if the court grants the AAI's Motion to Intervene, or otherwise allows AAI, and its witnesses some form of participation under the broad auspices of the Tunney Act, 15 U.S.C. § 16(f).

AT&T erroneously asserts that Professor Farrell, because he has previously consulted for COMPTEL, or its members, would be a biased witness.[1] Verizon goes even further and makes gross misstatements to support a claim of bias:

> Professor Farrell is an economist who was hired by amicus CompTel to prepare declarations in opposition to the mergers on a variety of grounds—none of which were persuasive to any government agency. He therefore cannot credibly offer an unbiased judgment on the targeted remedy that the government proposes.

Verizon Opposition at 3. Verizon's assertion is patently false. Professor Farrell has not been retained by COMPTEL to perform an analysis regarding the central public interest issue in this case—whether the harm to competition alleged in the Complaints—elimination of competition in

---

[1] AT&T implies bias on behalf of Professor Farrell, and states that "he is clearly aligned with CLEC interests already represented by COMPTEL. . . ." AT&T Opposition at 2. Moreover, because Professor Farrell has previously done work for COMPTEL and its members, AT&T accuses Professor Farrell of "obvious bias." *Id*. at 5.,

certain relevant product markets in areas "no broader than each metropolitan area" (Complaints at ¶24)—is fully addressed by the proposed consent decrees.

COMPTEL has not retained Professor Farrell to provide any particular point of view with respect to whether entry of the consent decrees that are the subject of the present proceeding is in the public interest. In its comments filed with the DOJ in the present case, COMPTEL cited to two separate declarations by Professor Farrell filed with the Federal Communications Commission ("FCC") to support COMPTEL's explanation of why the present decrees are inadequate. The only purpose for which COMPTEL *has ever retained* Professor Farrell was to prepare a declaration rebutting economic testimony offered by the Bell Companies (only 2 of which are defendants in the present case) in the FCC's inquiry into special access rates and pricing practices. In the SBC/AT&T and Verizon/MCI merger proceedings at the FCC, Global Crossing filed a declaration by Professor Farrell suggesting an appropriate framework for the Commission to follow in conducting a market definition analysis. COMPTEL agreed with Dr. Farrell's analysis, and attached this analysis to our Tunney Act comments filed with the DOJ. However, COMPTEL has been actively participating in this matter since February 8, 2006, and has made no attempt to hire Dr. Farrell for this proceeding. Moreover, COMPTEL has no affiliation with the American Antitrust Institute, and has no ongoing relationship with Dr. Farrell. Thus, the Court should reject the defendants' efforts to attack Dr. Farrell's objectivity based on an alleged relationship with COMPTEL.

## Conclusion

For all of the foregoing reasons, the court should allow such participation by the AAI, and its witnesses, as the court may find helpful in conducting its Tunney Act review.

Dated: July 17, 2006                              Respectfully submitted,


                                                  _____/s/_____
                                                  Kevin R. Sullivan (D.C. Bar No. 411718)
                                                  Peter M. Todaro (D.C. Bar. No. 455430)
                                                  King & Spalding LLP
                                                  1700 Pennsylvania Avenue N.W.,
                                                  Washington, D.C. 20006
                                                  (202) 737-0500
                                                  (202) 626-3737 (fax)

                                                  Jonathan D. Lee (D.C. Bar No. 435586)
                                                  General Counsel
                                                  COMPTEL
                                                  1900 M Street N.W., Suite 800
                                                  Washington, D.C. 20036
                                                  (202) 296-6650
                                                  (202) 296-7585 (fax)

                                                  *Attorneys for Amicus Curiae*
                                                  *COMPTEL*

4