Federal Communications Commission                                    DA 05-635

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | **)** | |
| | **)** | |
| SBC Communications Inc. and | **)** | |
| AT&T Corp. Applications for | **)** | WC Docket No.  05-65 |
| Approval of Transfer Of Control | **)** | |
| | **)** | |
| Order Adopting Protective Order | **)** | |

**ORDER**

**Adopted:  March 10, 2005**                         **Released:  March 10, 2005**

By the Chief, Wireline Competition Bureau:

1.    On February 22, 2005, SBC Communications Inc. and AT&T Corp., collectively referred to herein as "Applicants," filed a joint application pursuant sections 214 and 310(d) of the Communications Act of 1934, as amended, 47 U.S.C. §§ 214, 310(d), and Section 2 of the Cable Landing License Act, 47 U.S.C. § 35, with the Federal Communications Commission ("Commission") asking the Commission to approve the assignment to SBC of licenses held by AT&T and its subsidiaries.

2.    The Commission anticipates that it may seek documents in this proceeding from the Applicants and others (individually, each a "Submitting Party") that contain proprietary or confidential information, and that, therefore, such documents should be made available pursuant to a protective order. Consequently, the Wireline Competition Bureau hereby adopts the attached Protective Order (Appendix A) to ensure that any confidential or proprietary documents submitted by a Submitting Party are afforded adequate protection.  The Protective Order does not constitute a resolution of the merits concerning whether any information submitted under the Protective Order would be released publicly by the Commission upon a proper request under the Freedom of Information Act ("FOIA") or otherwise.

3.    Under the Protective Order, two copies of each document that a Submitting Party claims is confidential or proprietary (the "Confidential Filing") must be delivered in person to Gary Remondino, Wireline Competition Bureau, Federal Communications Commission, 445 12th Street, S.W., Washington, D.C. 20554. The documents should be accompanied by a cover letter stating "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN WC DOCKET NO. 05-65." Each page of the confidential or proprietary document should be stamped "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN WC DOCKET NO. 05-65 before the Federal Communications Commission."  In addition a Submitting Party must file with the Secretary's Office one copy of the Confidential Filing and two copies of the Confidential Filing in redacted form (the "Redacted Confidential Filing").  The two copies of the Redacted Confidential Filing and their accompanying cover letters should be stamped "REDACTED – FOR PUBLIC INSPECTION."  The cover letter accompanying the Redacted Confidential Filing should state that the Submitting Party is filing redacted version of such documents.

4.    Any party seeking access to confidential documents subject to the Protective Order shall request access pursuant to the terms of the Protective Order and must sign the Acknowledgement of Confidentiality (attached as Appendix B).

5.    The Submitting Party shall make the confidential or proprietary documents available for review at the offices of the Submitting Party's outside counsel or, if the Submitting Party has not retained outside counsel, at the offices of the Submitting Party's in-house counsel.  Parties reviewing these documents will be provided the following alternatives:  (1) parties will be provided adequate opportunity to inspect the documents on site; (2) parties may inspect the documents on site with the ability to request copies, at cost, of all or some of the documents, other than those marked as "Copying Prohibited"; or (3) parties may request a complete set of the documents at cost, other than those marked "Copying Prohibited," allowing two days after the request is made for receipt of the copies.  If a complete set of documents will be requested, parties are encouraged to make such requests at the time they submit the Acknowledgment of Confidentiality.  This will allow parties the opportunity to begin reviewing the documents at the end of the five-day period referred to in paragraph 7 of the Protective Order.  All copies of documents that are removed from the Submitting Party's office will be stamped as described above in paragraph 3 and must be returned in accordance with the terms of the Protective Order.

6.    *Authority*.  This Order is issued pursuant to Sections 4(i), 214(a) and 310(d) of the Communications Act of 1934, as amended, 47 U.S.C. §§ 154(i), 214(a) and 310(d), Section 2 of the Cable Landing Act, 47 U.S.C. § 35, Section 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4), and authority delegated under Section 0.291 of the Commission's rules, 47 C.F.R. § 0.291, and is effective upon its adoption.

FEDERAL COMMUNICATIONS COMMISSION

Jeffrey J. Carlisle
Chief, Wireline Competition Bureau

**APPENDIX A**

**Protective Order**

**WC Docket No. 05-65**

1.    *Definitions.*  As used herein, capitalized terms, not otherwise defined herein or in the accompanying Order, shall have the following meanings:

"Stamped Confidential Document" means any document, or any part thereof, that bears the legend (or which otherwise shall have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN WC DOCKET NO. 05-65 before the Federal Communications Commission," unless the Commission determines, *sua sponte* or by request pursuant to Sections 0.459 or 0.461 of its rules, that any such document is not entitled to confidential treatment.  The term "document" means any written, recorded, electronically stored, or graphic material, whether produced or created by the Submitting Party or another person.  By designating a document a "Stamped Confidential Document," a Submitting Party signifies that it contains information that the Submitting Party believes should be subject to protection under FOIA and the Commission's implementing rules.

"Confidential Information" means information contained in Stamped Confidential Documents or derived therefrom that is not otherwise available from publicly available sources;

"Counsel" means In-House Counsel and Outside Counsel of Record;

"In-House Counsel" means the attorney or attorneys employed by a party to these proceedings or who is employed by an affiliated entity and who are actively engaged in the conduct of this proceeding, *provided that*, such counsel are not involved in competitive decision-making, *i.e.*, In-House Counsel's activities, association, and relationship with a client are not such as to involve such counsel's advice and participation in any or all of the client's business decisions made in light of similar or corresponding information about a competitor; and

"Outside Counsel of Record" means the firm(s) of attorneys, or sole practitioner(s), as the case may be, representing a party in these proceedings, provided that the Outside Counsel of Record is not involved in competitive decision-making.

"Reviewing Party" means a person who has obtained access to Confidential Information (including Stamped Confidential Documents") pursuant to paragraphs 4 and 7 of this Protective Order.

2.    *Use of Confidential Information.*  Persons obtaining access to Confidential Information (including Stamped Confidential Documents) under this Protective Order shall use the information solely for the preparation and conduct of this license transfer proceeding before the Commission as delimited in this paragraph and paragraphs 4, 9, and 10, and any subsequent judicial proceeding arising directly from this proceeding and, except as provided herein, shall not use such documents or information for any other purpose, including without limitation business, governmental, or commercial purposes, or in other administrative, regulatory or judicial proceedings.  Should the Commission rely upon or otherwise make reference to the contents of any of the Stamped Confidential Documents or Confidential Information in its decision in this proceeding, it will do so by redacting any Confidential Information from the public version of the decision

3

and by making the unredacted version of the decision available only to a court and to those persons entitled to access to Confidential Information under this Protective Order.

3.        *Non-Disclosure of Stamped Confidential Information.*  Except with the prior written consent of the Submitting Party, or as hereinafter provided under this Protective Order, neither a Stamped Confidential Document nor any Confidential Information may be disclosed by a Reviewing Party to any person other than the Commission and its staff.

4.        *Permissible Disclosure.*  Subject to the requirements of paragraph 7, Stamped Confidential Documents may be reviewed by Counsel.  Subject to the requirements of paragraph 7, Counsel may disclose Stamped Confidential Documents and other Confidential Information to: (1) outside consultants or experts retained for the purpose of assisting Counsel in this proceeding, *provided that,* the outside consultants or experts are not involved in the analysis underlying the business decisions of any competitor of any Submitting Party nor participate directly in those business decisions; (2) paralegals or other employees of such Counsel not described in clause 3 of this paragraph 4 assisting Counsel in this proceeding; (3) employees of such Counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving documents or data or designing programs for handling data connected with this proceeding, or performing other clerical or ministerial functions with regard to documents connected with this proceeding; and (4) employees of third-party contractors performing one or more of the functions set forth in clause 3 of this paragraph 4.  Reviewing Parties may discuss and share the contents of the Stamped Confidential Documents and Confidential Information with any other Reviewing Party and with the Commission and its staff.  A Submitting Party's Stamped Confidential Documents and Confidential Information may also be disclosed to employees and Counsel of the Submitting Party.

5.        *Protection of Stamped Confidential Documents and Confidential Information.*  Persons described in paragraph 4 shall have the obligation to ensure that access to Stamped Confidential Documents and Confidential Information is strictly limited as prescribed in this Protective Order.  Such persons shall further have the obligation to ensure that:  (1) Stamped Confidential Documents and Confidential Information are used only as provided in this Protective Order; and (2) Stamped Confidential Documents are not duplicated except as necessary for filing at the Commission under seal as provided in paragraph 9 below.

6.        *Prohibited Copying.*  If, in the judgment of the Submitting Party, a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited," and no copies of such document, in any form, shall be made.  Application for relief from this restriction against copying may be made to the Commission, with notice to Outside Counsel of Record for the Submitting Party.

7.        *Procedures for Obtaining Access to Confidential Documents.*  In all cases where access to Stamped Confidential Documents and Confidential Information is permitted pursuant to paragraph 4, before reviewing or having access to any Stamped Confidential Documents or Confidential Information, each person seeking such access shall execute the attached Acknowledgment of Confidentiality ("Acknowledgment") and file it with the Bureau, on behalf of the Commission, and serve it upon each Submitting Party through its Outside Counsel of Record so that the Acknowledgment is received by each Submitting Party at least five business days prior to such person's reviewing or having access to such Submitting Party's Stamped Confidential Documents or Confidential Information, except that, where the person seeking access is one described in either clause 2, 3 or 4 of paragraph 4, the Acknowledgment shall be delivered promptly prior to the person's obtaining access.  Each Submitting Party shall have an opportunity to object to the disclosure of Stamped Confidential Documents to any such persons.  Any objection must be filed at the Commission and served on Counsel representing, retaining or employing such person within three business days after receiving a copy of that person's Acknowledgment (or where the person seeking access is one described in either clause

3 or 4 of paragraph 4, such objection shall be filed and served as promptly as practicable after receipt of the relevant Acknowledgment). Until any such objection is resolved by the Commission and, if appropriate, any court of competent jurisdiction prior to any disclosure, and unless such objection is resolved in favor of the person seeking access, persons subject to an objection from a Submitting Party shall not have access to Stamped Confidential Documents or Confidential Information. The Submitting Party shall make available for review the Stamped Confidential Documents of such party at the offices of such party's Outside Counsel of Record or, if the Submitting Party does not have Outside Counsel of Record, at the offices of such party's In-House Counsel.

8. *Requests for Additional Disclosure*. If any person requests disclosure of Confidential Information outside the terms of this Protective Order, requests will be treated in accordance with Sections 0.442 and 0.461 of the Commission's rules.

9. *Filings with the Commission*. Persons described in paragraph 4 may, in any documents that they file in this proceeding, reference Confidential Information, but only if they comply with the following procedure:

a. Any portions of the pleadings that contain or disclose Confidential Information must be physically segregated from the remainder of the pleadings;

b. The portions of pleadings containing or disclosing Confidential Information must be covered by a separate letter to the Secretary of the Commission referencing this Protective Order;

c. Each page of any party's filing that contains or discloses Confidential Information subject to this order must be clearly marked: "Confidential Information included pursuant to Protective Order, WC Docket No. 05-65;" and

d. The confidential portion(s) of the pleading shall be served on the Secretary of the Commission, the Bureau, and each Submitting Party. Such confidential portions shall be served under seal, and shall not be placed in the Commission's public file. A party filing a pleading containing Confidential Information shall also file redacted copies of the pleading containing no Confidential Information, which copies shall be placed in the Commission's public files. Parties should not provide courtesy copies of pleadings containing Confidential Information to Commission Staff unless the Bureau so requests. Any courtesy copies shall be submitted under seal.

10. *Client Consultation*. Nothing in this order shall prevent or otherwise restrict Counsel from rendering advice to their clients relating to the conduct of this proceeding and any subsequent judicial proceeding arising therefrom and, in the course thereof, relying generally on examination of Stamped Confidential Documents or Confidential Information; *provided, however*, that in rendering such advice and otherwise communicating with such client, Counsel shall not disclose Stamped Confidential Documents or Confidential Information.

11. *No Waiver of Confidentiality*. Disclosure of Confidential Information as provided herein by any person shall not be deemed a waiver by any Submitting Party of any privilege or entitlement to confidential treatment of such Confidential Information. Reviewing parties, by viewing this material agree: (1) not to assert any such waiver; (2) not to use Confidential Information to seek disclosure in any other proceeding; and (3) that accidental disclosure of Confidential Information by a Submitting Party shall not be deemed a waiver of any privilege or entitlement as long as the Submitting Party takes prompt remedial action.

12.    *Subpoena by Courts, Departments or Agencies*.  If a court, or a federal or state department or agency issues a subpoena or orders production of Stamped Confidential Documents or Confidential Information that a party has obtained under terms of this Protective Order, such party shall promptly notify each Submitting Party of the pendency of such subpoena or order.  Consistent with the independent authority of any court, department or agency, such notification must be accomplished such that the Submitting Party has a full opportunity to oppose such production prior to the production or disclosure of any Stamped Confidential Document or Confidential Information.

13.    *Violations of Protective Order*.  Should a person that has properly obtained access to Confidential Information under this Protective Order violate any of its terms, that person shall immediately convey that fact to the Commission and to the Submitting Party. Further, should such violation consist of improper disclosure of Confidential Information, the violating person shall take all necessary steps to remedy the improper disclosure. The Commission retains its full authority to fashion appropriate sanctions for violations of this Protective Order, including but not limited to suspension or disbarment of Counsel from practice before the Commission, forfeitures, cease and desist orders, and denial of further access to Confidential Information in this or any other Commission proceeding.  Nothing in this Protective Order shall limit any other rights and remedies available to the Submitting Party at law or in equity against any person using Confidential Information in a manner not authorized by this Protective Order.

14.    *Termination of Proceeding*.  The provisions of this Protective Order shall not terminate at the conclusion of this proceeding.  Within two weeks after conclusion of this proceeding and any administrative or judicial review, persons described by paragraph 4 shall destroy or return to the Submitting Party Stamped Confidential Documents and all copies of the same.  No material whatsoever derived from Stamped Confidential Documents may be retained by any person having access thereto, except Counsel (as described in paragraph 4) may retain, under the continuing strictures of this Protective Order, two copies of pleadings (one of which may be in electronic format) containing Confidential Information prepared on behalf of that party.  All Counsel shall make certification of compliance herewith and shall deliver the same to Counsel for the Submitting Party not more than three weeks after conclusion of this proceeding.  The provisions of this paragraph 14 regarding retention of Stamped Confidential Documents and copies of same shall not be construed to apply to the Commission or its staff.


FEDERAL COMMUNICATIONS COMMISSION


Jeffrey J. Carlisle
Chief, Wireline Competition Bureau

**Federal Communications Commission**                                    DA 05-635

## APPENDIX B

### Acknowledgment of Confidentiality

### WC Docket No. 05-65

I hereby acknowledge that I have received and read a copy of the foregoing Protective Order in the above-captioned proceeding, and I understand it. I agree that I am bound by the Protective Order and that I shall not disclose or use Stamped Confidential Documents or Confidential Information except as allowed by the Protective Order. I acknowledge that a violation of the Protective Order is a violation of an order of the Federal Communications Commission.

Without limiting the foregoing, to the extent that I have any employment, affiliation or role with any person or entity other than a conventional private law firm (such as, but not limited to, a lobbying or public interest organization), I acknowledge specifically that my access to any information obtained as a result of the Protective Order is due solely to my capacity as Counsel or consultant to a party or other person described in paragraph 4 of the foregoing Protective Order and that I will not use such information in any other capacity nor will I disclose such information except as specifically provided in the Protective Order.

I hereby certify that I am not involved in "competitive decision-making" as that term is used in the definition of In-House Counsel in paragraph 1 of the Protective Order.

I acknowledge that it is my obligation to ensure that: (1) Stamped Confidential Documents and Confidential Information are used only as provided in the Protective Order; and (2) Stamped Confidential Documents are not duplicated except as specifically permitted by the terms of paragraph 9 of the Protective Order, and I certify that I have verified that there are in place procedures, at my firm or office, to prevent unauthorized disclosure of Stamped Confidential Documents or Confidential Information.

Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Order or Protective Order.

Executed at _____ this ___ day of _____, ____.


_____
[Name]
[Position]
[Address]
[Telephone]