# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:05CV02102 (EGS) |
| SBC COMMUNICATIONS, INC. and ) AT&T CORP. ) | |
| Defendants. ) | |
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:05CV02103 (EGS) |
| VERIZON COMMUNICATIONS, INC. and ) MCI INC. ) | |
| Defendants. ) | |

## **ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(7), and in the interest of ensuring an efficient and prompt resolution of this action and of protecting information of the parties and non-parties from improper disclosure, the Court hereby enters the following Protective Order:

### A.  DEFINITIONS

1. As used herein:

   (a)  "Highly Confidential Document(s)" means each of the unredacted versions of the memorandum opinions and orders of the Federal Communications Commission ("FCC") released on November 17, 2005, in the following dockets: *SBC*

*Communications Inc. and AT&T Corp., Applications for Approval of Transfer of Control*, WC Docket No. 05-65, 20 FCC Rcd. 18290 (2005), and *Verizon Communications Inc. and MCI, Inc., Applications for Approval of Transfer of Control,* WC Docket No. 05-75, 20 FCC Rcd. 18433 (2005).  These proceedings are the "FCC Regulatory Proceedings."

(b)  "Highly Confidential Information" means the information that was redacted from the public versions of the Highly Confidential Documents identified in paragraph 1(a).

(c)  "Disclosed" means directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(d)  "Outside Counsel of Record" or "Outside Counsel" means the firm(s) of attorneys, or sole practitioners(s), as the case may be, representing an Interested Party in the above-captioned proceedings, provided that such persons are not involved in competitive decision-making, *i.e.*, Outside Counsel's activities, association, and relationship with a client do not involve advice about or participation in the business decisions of the client or of any competitor of a Protected Person, nor the analysis underlying the business decisions.  Outside Counsel of Record includes any attorney representing a non-commercial Interested Person in these proceedings, provided that such a person is not involved in the competitive decision-making activities of any competitor of a Protected Person.

(e)  "Outside Consultant" means consultants or experts retained for the purpose of assisting an Interested Person to the above-captioned proceedings, provided that the Outside Consultants are not involved in competitive decision-making, *i.e.*, Outside Consultants' activities, association and relationship with a client do not involve advice about or participation in the business decisions of the client or of any competitor of a Protected Person, nor the analysis underlying the business decisions.  Outside Consultant includes any expert employed by a non-commercial Interested Person in these proceedings, provided that such a person is not involved in the competitive decision-making activities of any competitor of a Protected Person.

(f)  "Interested Person" means the parties to the above-captioned action and those entities that are participating in this action by leave of Court, including the *amici curiae* ACTel and COMPTEL.

(g)     "Protected Person" means an entity that produced Highly Confidential Information to the FCC in the course of the FCC Regulatory Proceedings. A list of the Protected Parties and their representatives for purposes of giving the notice required in paragraphs 6 and 7 below is attached to this Order as Appendix A.

(h)     "This action" and/or "this proceeding" means the above-captioned proceedings pending in this Court, including any appellate proceedings.

**B.     ACCESS TO AND USE OF HIGHLY CONFIDENTIAL DOCUMENTS AND INFORMATION**

2.     Except as otherwise authorized by this Order, Highly Confidential Information and the Highly Confidential Documents shall be used only for the purpose of participating in this proceeding, and shall not be obtained by any person other than the individuals set forth below:

(a)     the Court;

(b)     all persons assisting the Court in the above-captioned actions, including clerks, court reporters and stenographic or clerical personnel;

(c)     Department of Justice attorneys, economists and employees working on these proceedings who sign the attached Acknowledgment of Confidentiality;

(d)     Outside Counsel of Record for Interested Persons, who sign the attached Acknowledgment of Confidentiality; and

(e)     Outside Consultants for Interested Persons, who sign the attached Acknowledgment of Confidentiality. Interested Parties who intend to use Outside Consultants should assure that the Protected Parties receive notice of the identity of their selected Outside Consultants at least two days before filing the Agreements Concerning Confidentiality applicable to those Outside Consultants.

3.     All individuals who have access to the Highly Confidential Documents under the terms of this Order shall have the obligation to ensure that further access is strictly limited as prescribed by this Order. Such individuals shall further have the obligation to ensure that the Highly Confidential Information is used only as provided in this Order and is not duplicated except as necessary for a filing with the Court. If a filing

is made with the Court that contains Highly Confidential Information, that filing shall be made under seal as described in paragraph 5.

4. Notwithstanding the provisions of paragraphs 2 and 3, nothing in this Order shall limit a Protected Person's use or disclosure in this proceeding of the Highly Confidential Information that it had produced in the FCC Regulatory Proceedings and that was included in the Highly Confidential Documents.

5. All Highly Confidential Information contained or discussed in any pleading, exhibit or other paper filed with the Court shall be filed under seal. Where possible, only the confidential portions of filings with the court shall be filed under seal. Information filed under seal shall be placed in a sealed envelope with the endorsements required by LCvR 5:1(j). The Clerk shall keep such papers under seal until further order of this Court. Such papers shall be furnished to the Court and the counsel for the Interested Persons provided that they have filed the attached Acknowledgment of Confidentiality. Within two business days of filing a paper containing Highly Confidential Information, the filing party shall file on the public record a copy of the paper with the Highly Confidential Information deleted.

6. An Interested Person shall provide Protected Persons with notice of the potential use of any Highly Confidential Information produced by them if such materials are listed as potential exhibits or are determined to be used by Counsel in the course of examination at a hearing in this proceeding. Notice shall be given at least three business days before the intended use of Highly Confidential Information, unless otherwise ordered by the Court. A Protected Person may request the Court to establish and apply protective procedures (including, with limitation, *in camera* review of confidential information, sealing of portions of transcripts containing or discussing Highly Confidential Information and/or excluding persons from the courtroom who are not eligible to have access to Highly Confidential Information under paragraphs 2(b) – (e) of this Order) governing the disclosure of Highly Confidential Information at a hearing of this proceeding.

### C. PROCEDURES FOR OBTAINING ACCESS TO HIGHLY CONFIDENTIAL DOCUMENTS.

7. Before reviewing or having access to the Highly Confidential Documents, each individual or Interested Person listed in paragraph 2(b) – (e) who seeks access shall first execute the attached Agreement Concerning Confidentiality and file it with the Court, with a copy to the General Counsel of the FCC, and to each Protected Party, at least three business days prior to such person's receiving a copy of the Highly Confidential Documents from the FCC.

### D. ADDITIONAL MATTERS

8. The Protected Parties reserve the right to apply to the Court for an order modifying this Order or seeking further protections against discovery or other use of the Highly Confidential Information.

9. Within 90 days after receiving notice of the entry of an order, judgment or decree terminating this action, all persons who received Highly Confidential Documents shall destroy the Highly Confidential Documents and any copy, and certify that fact in writing to the FCC. The Department of Justice and Outside Counsel for any defendant shall be entitled to retain court papers and other material incorporating Highly Confidential Information, provided that Department of Justice employees and defendants' Outside Counsel shall not disclose such information to any person except pursuant to court order or agreement with the Protected Person. Nothing in this provision shall restrict the rights of the Department of Justice to retain and use confidential materials for law enforcement purposes or as otherwise required by law.

So Ordered:

_____
Emmet G. Sullivan
United States District Court

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02102 (EGS) |
| ) | |
| SBC COMMUNICATIONS, INC. and ) | |
| AT&T CORP. ) | |
| ) | |
| Defendants. ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02103 (EGS) |
| ) | |
| VERIZON COMMUNICATIONS, INC. and ) | |
| MCI INC. ) | |
| ) | |
| Defendants. ) | |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as a _____ by _____.
I hereby certify that:

    1.    I have read the Protective Order entered in the above-captioned action. I understand its terms and the obligations imposed upon me by the Order.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purposes of this action.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this ____ day of _____, 2006.

_____
SIGNATURE

APPENDIX A

PROTECTED PARTIES

AT&T

VERIZON

SAVVIS

Provide notice through its attorney,
Christopher J. Wright
Harris, Wiltshire & Grannis, LLP
1200 18th St., NW
Washington, DC 20036

XO

Provide notice through its attorney,
Thomas W. Cohen
Kelley, Drye & Warren, LLP
1200 19th St. NW – Suite 500
Washington, D.C. 20036