UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>          Plaintiff, )<br>     v. )<br>)<br>SBC COMMUNICATIONS, INC. and )<br>AT&T CORP., )<br>)<br>          Defendants. )<br>_____) | Civil Case No. 1:05-CV-02102 (EGS) |
| UNITED STATES OF AMERICA, )<br>)<br>          Plaintiff, )<br>     V )<br>)<br>VERIZON COMMUNICATIONS, INC. )<br>And MCI INC., )<br>)<br>          Defendants. )<br>_____) | Civil Case No. 1:05-CV-02103 (EGS) |

**MOTION OF THE
NATIONAL ASSOCIATION OF STATE UTILITY CONSUMER ADVOCATES
TO INTERVENE FOR THE LIMITED PURPOSE OF
PROVIDING CONSUMER VIEWS ON THE PUBLIC INTEREST
AND MEMORANDUM OF POINTS AND AUTHORITIES**

The NATIONAL ASSOCIATION OF STATE UTILITY CONSUMER ADVOCATES ("NASUCA"), with offices at 8380 Colesville Road, Suite 101, Silver Spring, Maryland 20910, pursuant to Federal Rules of Civil Procedure, Rule 24 (b)(1), and the Antitrust Penalties and Procedures Act, 15 U.S.C. §§16(b)-(h) (the "Tunney Act"), moves for permissive statutory intervention in the above-captioned consolidated

cases. NASUCA seeks to intervene for the limited purpose of assisting the Court in making its public interest determination, by presenting the views of state utility consumer advocates on these mergers, in the attached comments.

NASUCA seeks by this limited intervention to have entered into this record NASUCA's submissions that were included in the record of the Federal Communications Commission ("FCC") review of these merger applications. The NASUCA submission includes facts specific to this merger and this industry, e.g., what post-merger markets will look like.

The submission includes a detailed analysis of the history and nature of this industry related to the merger applications, by nationally-recognized expert Dr. Lee Selwyn and his colleagues at the firm of Economics and Technology Inc. This expert analysis, presented as a paper entitled "Confronting Telecom Industry Consolidation: A Regulatory Agenda for Dealing with the Implosion of Competition," shows how the mergers under review here translate into market concentration greater than those that the United States Department of Justice ("DoJ") has previously rejected in other industries. Dr. Selwyn and his colleagues compiled and analyzed extensive data derived from industry reports and filings submitted to regulators, reports to investors, and surveys by disinterested third parties. NASUCA's submission, and the exhibit prepared by Dr. Selwyn, are directly relevant to the questions the Court posed in its order of July 7, 2006.[1]

---

[1] Dr. Selwyn has offered, pro bono, if the Court so desires, to review the record in this case, to appear before the Court for no more than one day, and to address, as best he can, any questions that the Court may wish to ask about the procedural, substantive or constitutional issues that may arise in connection with the Court's fashioning of an appropriate procedure for the Court's duty to make a public interest determination.

## MEMORANDUM OF POINTS AND AUTHORITIES

**NASUCA AND ITS INTEREST**

NASUCA is a voluntary, national association of 44 consumer advocates in 41 states and the District of Columbia, organized in 1979. NASUCA's members are designated by the laws of their respective states to represent the interests of utility consumers before state and federal regulators and in the courts.[2] Members operate independently from state utility commissions, as advocates primarily for residential ratepayers. Some NASUCA member offices are separately established advocate organizations while others are divisions of larger state agencies (*e.g.*, the state Attorney General's office). Associate and affiliate NASUCA members also serve utility consumers, but have not been created by state law or do not have statewide authority.

NASUCA has extremely limited resources to expend on a vast number of complex proceedings at the FCC, including those resources required when seeking judicial review of FCC Orders. NASUCA's presence at the federal level is largely in the form of volunteer hours offered by NASUCA members who nonetheless retain the primary and demanding responsibility of representing consumers in proceedings in the state in which they are located. NASUCA's extensive filings at the FCC in this and other mergers (and those of its state members before state regulators reviewing these same mergers) strained resources available to the organization. In its ongoing effort to expend its limited resources prudently, NASUCA concluded that past and recent FCC and DoJ

---

[2] *See, e.g.*, Ohio Rev. Code Chapter 4911; 71 Pa. Cons. Stat. Ann. § 309-4(a); Md. Pub. Util. Code Ann. § 2-205(b); Minn. Stat. Ann. Subdiv. 6; D.C. Code Ann. § 34-804(d).

decisions that evidence disregard for the public interest did not justify diverting additional time and effort to these mergers.

NASUCA was, however, heartened by press accounts that cited questions raised and concern about the public interested as expressed by this Court. Accordingly, NASUCA wishes to take all reasonable actions to ensure that the record here includes NASUCA's previous submissions, especially that of its expert, that were included in the FCC record.

NASUCA's members' interest in the protection of utility consumers makes NASUCA uniquely qualified to address the public interest implications of these mergers. No other party to these proceedings represents these interests.

Through various accounts, it has come to our attention that at the opening of this Court's July 12, 2006, Tunney Act hearing on the mergers of SBC/AT&T and Verizon/MCI (the "Bell mergers"), questions were raised regarding the apparent absence of consumer group representation at the hearing and the significance of that absence. We understand that some may have offered their supposition that consumer groups intended to signal to the Court by their non-presence that they were not troubled by the merger approval. NASUCA assures the Court that nothing could be further from the truth.

NASUCA and many of its individual members participated actively in state and federal proceedings **in opposition to** these Bell mergers, including the above-discussed comments filed at the FCC.[3] Our submissions and advocacy were essentially ignored by the FCC, and the substantial resources we expended on our effort appeared to us to have

---

[3] Given the nature of their formation under state law, NASUCA's members focus on activity at state and federal agencies like the FCC and the Federal Energy Regulatory Commission, hence do not typically become involved in Tunney Act proceedings.

4

been in vain, as the FCC imposed conditions on the mergers decidedly insufficient to protect consumer interests.[4]

We understand that the United States Department of Justice ("DoJ") has not been welcoming to consumer interests in previous telecommunications merger proceedings. We also understand that the DoJ has made clear in the instant matter its position that the Court's Tunney Act review is limited to the specific remedy adopted by the Department – a ten-year lease on facilities in a few hundred buildings across the country. The merging companies agree. All other issues, the Department and the companies have argued, are outside the scope of this proceeding – including, presumably, the numerous issues raised by NASUCA and its members in opposition to the Bell mergers. We believe that the DoJ and the companies are wrong in their interpretation of the limited scope of this review, but the DoJ's refusal to permit further examination of its failure to address consumer concerns helps explain consumers' disinclination to participate.

**DISCUSSION OF RELEVANT PORTIONS OF THE LAW**

Pursuant to §5(e) of the Tunney Act, 15 U.S.C. §16(e), the proposed final judgments pending in these cases may only be entered upon the Court's determination "that the entry of such judgment is in the public interest." In making its public interest determination, the Tunney Act authorizes the Court to take such action "as the court may deem appropriate," 15 U.S.C. §16(f)(5).

---

[4] Our profound disappointment with the FCC's treatment of the SBC/AT&T and Verizon/MCI merger proceedings is shown clearly by the very brief comments NASUCA recently filed on the proposed AT&T/BellSouth merger. A copy of those comments is also attached to this filing.

It appears that this Court has recognized that the 2004 amendments to the Tunney Act significantly enhance the Court's role in reviewing the Department's disposition of these mergers, and that its function is not merely to rubber-stamp the position of the DoJ. The law, of course, requires the Court in this proceeding to consider "any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest."[5] The law also requires the Court to consider "the impact of competition in the relevant market or markets, upon the public generally...."[6]

In furtherance of these duties, the Court issued its order of July 7, 2006. The Court's order raised, *inter alia*, the following questions:

> (6) Has the government provided the Court with sufficient information for it to make an independent determination as to whether entry of the proposed consent decrees is in the public interest? If not, what other information should the government have provided to the Court?
>
> (7) What weight, if any, should the Court give to the findings of the FCC as related to these two mergers?
>
> (8) Through the eyes of a layperson, the mergers, in and of themselves, appear to be against the public interest given the apparent loss in competition. In layperson's terms, why isn't that the case?

We understand that concerns were raised at the July 12 hearing about the failure of the DoJ to provide the Court any meaningful data or information upon which an independent judicial review of the merger approval could be conducted.[7] NASUCA

---

[5] 15 U.S.C. § 16(e)(1)(A).

[6] 15 U.S.C. § 16(e)(1)(B).

[7] As of the date of this Motion, no transcript of the July 12, 2006 hearing was available to NASUCA.

submits these comments and attachments in response to those concerns.[8] Should the Court elect to hold further proceedings, NASUCA stands ready to assist the Court by any means deemed appropriate.

**DESCRIPTION OF NASUCA'S SUBMISSIONS**

NASUCA submits for the Court's information the following documents, attached hereto:

1) the White Paper authored by Dr. Selwyn and colleagues, "Confronting Telecom Industry Consolidation: A Regulatory Agenda for Dealing with the Implosion of Competition," which describes in detail the anti-competitive impacts of the SBC/AT&T and Verizon/MCI mergers.

2) the Comments that NASUCA filed with the FCC in its SBC/AT&T merger proceeding. The comments show the breadth of the issues engaged by this merger. The comments also address necessary conditions well beyond what is set forth in the Proposed Final Judgment. (The Verizon/MCI merger proceeding raised, from the consumer perspective, substantially similar issues. Thus we have not included the essentially duplicative comments on the Verizon/MCI merger that NASUCA filed at the FCC.)

3) a brief *ex parte* letter filed with the FCC subsequent to the above-cited comments.[9] The letter summarizes the conditions that NASUCA believed

---

[8] It should be noted that NASUCA's response to Question (7) would be, "Very little." NASUCA's response to Question (8) would be that it is not only laypeople who view the mergers as against the public interest, as shown by the attached NASUCA submissions to the FCC.

[9] The Court should be aware that the filing of such *ex parte* submissions is common practice at the FCC and is provided for in the FCC's procedural rules. *See* 47 C.F.R. § 1.206(b).

7

    would have to be ordered by the FCC in order to have the merger approval approach being in the public interest.

  4) the brief comments NASUCA recently filed with the FCC regarding the AT&T/BellSouth merger. These comments express the frustration of NASUCA and its members with the merger review process and the result of that process at the FCC.

These submissions by NASUCA are presented to aid the Court in the determination of the public interest required by 15 U.S.C. § 16(e), and are relevant to the specific considerations required by 15 U.S.C. § 16(e)(1) and (2).

**CONCLUSION**

  NASUCA and its members remain opposed to the Bell mergers (and, indeed, the pending acquisition of BellSouth by AT&T[10]) on behalf of the millions of American consumers who reside in the states represented by NASUCA members. These consumers will face higher prices and fewer choices as a result of the re-monopolization of the nation's telecommunications network. We ask the Court to grant our intervention for the limited purpose of providing the attached information to aid the Court in its public interest determinations.

  We urge the Court to reject the notion that our previous lack of presence as a party to the Tunney Act judicial review somehow indicates consumer satisfaction with DoJ's merger review process. We also urge this Court to reject the Department's deficient decree and remand the matter for further proceedings consistent with the public interest, rather than the private economic interests of Bell conglomerates.

---

[10] As also shown in the attached AT&T/BellSouth comments.

                                      Respectfully submitted,

                                      */s/ John R. Perkins (BCB per authorization)*
                                      John R. Perkins
                                      Iowa Consumer Advocate
                                      President of NASUCA
                                      Office of Consumer Advocate
                                      310 Maple Street
                                      Des Moines, IA 50319-0063
                                      515-281-7021 (Direct Line)
                                      515-242-6564 (Fax)

                                      NASUCA
                                      8380 Colesville Road, Suite 101
                                      Silver Spring, MD 20910
                                      Phone (301) 589-6313
                                      Fax (301) 589-6380

July 18, 2006

Respectfully submitted,

_____
Kathleen F. O'Reilly
DC Bar No. 56390
414 "A" Street SE
Washington DC 20003
(202) 543-5068


John R. Perkins
Iowa Consumer Advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA 50319-0063
515-281-7021 (Direct Line)
515-242-6564 (Fax)


David C. Bergmann
Assistant Ohio Consumers' Counsel
Chairman, NASUCA Telecommunications Committee
Office of the Ohio Consumers' Counsel
10 West Broad Street, Suite 1800
Columbus, Ohio 43215
614-466-9559 (Direct Line)
614-466-9475

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD 20910
Phone (301) 589-6313
Fax (301) 589-6380

July 18, 2006

9-A

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2006, a true and correct copy of the Motion of the National Association of State Utility Consumer Advocates to Intervene for the Limited Purpose of Providing Consumer Views on the Public Interest and Memorandum of Points and Authorities was filed with the clerk's office and copies were served via U.S. mail to:

*Attorneys for Plaintiff, United States:*
**Jared A. Hughes**
**Lawrence M. Frankel**
**Matthew C. Hammond**
**David T. Blonder**
Telecommunication and Media Enforcement, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Ste. 8000
Washington, D.C. 20530

*Attorneys for Defendant, Verizon Communications Inc.:*
**Aaron Martin Panner**
**Joseph S. Hall**
**Mark C. Hansen**
Kellogg, Huber, Hansen, Todd, Evens & Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

**David Earl Wheeler**
4445 Warren Street, N.W.
Washington, D.C. 20016-2439

**John Thorne**
1320 North Courthouse Road, 8th Floor
Arlington, VA 22201

*Attorneys for Defendant, SBC Communications, Inc.:*
**William Randolph Smith**
**Michael L. Lazarus**
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Defendant, AT&T Corp.:*
**Wilma A. Lewis**
**William Randolph Smith**
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Movant, CompTel:*

**Kevin R. Sullivan**
King & Spalding LLP
1730 Pennsylvania Ave., N.W.
Washington, D.C. 2006

*Attorneys for Eliot Spitzer, Attorney General of the State of New York:*

**Jay L. Himes**
Chief Antitrust Bureau
120 Broadway
New York, NY 10271

*Attorney for Movant, American Antitrust Institute, Inc.:*

**Jonathan Laurence Rubin**
Jonathan L. Rubin, PC
14121 Saddle River Drive
North Potomac, MD 20878

*Attorneys for Movant, Alliance for Competition in Telecommunications:*

**Gary L. Reback**
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

_____
David C. Bergmann
Assistant Ohio Consumers' Counsel
Chairman, NASUCA Telecommunications Committee

11