**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　　　　Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　　　　Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO THE MOTION TO INTERVENE**
**OF ELIOT SPITZER, ATTORNEY GENERAL OF THE STATE OF NEW YORK**

　　　　The United States opposes the motion to intervene of Eliot Spitzer, Attorney General of the State of New York ("the NYAG"). Not only does the NYAG fail to meet the requirements for permissive intervention under Rule 24, it seeks intervention to contest issues that have nothing to do with those alleged in the United States' Complaints. Accordingly, its participation would not assist the Court in determining whether the proposed Final Judgments are in the public interest.

I. **Neither Intervention nor Other Further Participation by the NYAG Will Aid the Court in Determining Whether the Remedy Proposed by the United States Is in the Public Interest**

The NYAG has already submitted a comment in this Tunney Act proceeding to which the United States has responded in detail.[1]  Much of the NYAG's comment dealt with issues well beyond the scope of the Complaints.  It now seeks to intervene to argue, and to introduce expert testimony, concerning "net neutrality" issues – issues that have nothing to do with the competitive problem relating to Local Private Lines alleged in the Complaints.  Indeed, for this reason the proposed remedies do not purport to address "net neutrality."[2]  Thus, neither participation by the NYAG, nor the testimony of its expert, will assist the Court in determining whether the proposed Final Judgments adequately address the alleged violations relating to Local Private Lines and fall within the reaches of the public interest.

II. **The NYAG Fails to Satisfy the Requirements of Rule 24 for Permissive Intervention**

---

[1] Plaintiff United States' Response to Public Comments at 44-49 ("Response to Public Comments").  The NYAG also filed comments with the New York Public Service Commission ("NYPSC") as part of the Verizon/MCI merger proceedings before that body.  The NYPSC approved the Verizon/MCI merger, with certain conditions, in a 64-page order on November 22, 2005.  Order Asserting Jurisdiction and Approving Merger Subject to Conditions, *Joint Petition of Verizon Communications Inc. and MCI, Inc. for a Declaratory Ruling Disclaiming Jurisdiction Over or in the Alternative for Approval of Agreement and Plan of Merger*, New York Public Service Comm'n, CASE 05-C-0237 (Nov. 22, 2005), *available at* http://www3.dps.state.ny.us/pscweb/WebFileRoom.nsf/ArticlesByCategory/135BB9AA905F47A7852570C0005155BD/$File/05c0237_11_22_05.pdf.

[2] As previously noted, the United States investigated Internet backbone issues and concluded that the evidence did not support filing a case alleging harm relating to Internet backbone. Response to Public Comments at 45.  The FCC reached a similar conclusion.  Memorandum Opinion and Order, *In re SBC Communications Inc. and AT&T Corp. Applications for Approval of Transfer of Control,* 20 F.C.C.R. 18,290, ¶ 108 (rel. Nov. 17, 2005); Memorandum Opinion and Order, *In re Verizon Communications Inc. and MCI, Inc. Applications for Approval of Transfer of Control,* 20 F.C.C.R. 18,433, ¶ 109 (rel. Nov. 17, 2005).  Of course, if the NYAG conducted its own investigation and reached a contrary conclusion, it could have filed its own case.  It chose not to do so.

Like several other proposed intervenors, the NYAG seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1). But, as previously noted, that provision is inapplicable to intervention in a Tunney Act proceeding.[3] Rule 24(b)(2), which authorizes a court to grant intervention "when an applicant's claim or defense and the main action have a question of law or fact in common,"[4] is also inapplicable: the NYAG does not identify any "claim" or "defense," much less one with a "question in law or fact in common" with the main action.[5] Indeed, because the NYAG seeks to address Internet backbone and "net neutrality" issues, the questions raised by its filing are outside the scope of the issues in this proceeding.

---

[3] United States' Opposition to American Antitrust Institute Inc.'s Motion to Intervene at 5 n.16 (July 18, 2006).

[4] Fed. R. Civ. P. 24(b)(2).

[5] Although participation short of intervention is occasionally allowed in Tunney Act proceedings, intervention is routinely denied. *See* Memorandum of the United States in Opposition to COMPTEL's Motion for Leave to Intervene or in the Alternative to Participate as Amicus Curiae at 10 n.10 (Feb. 22, 2006).

**Conclusion**

For the foregoing reasons, the Court should deny the NYAG's motion.

                    Respectfully submitted,

                    _____/s/_____
                    Laury E. Bobbish
                    Assistant Chief

                    _____/s/_____
                    Claude F. Scott, Jr. (D.C. Bar No. 414906)
                    Lawrence M. Frankel (D.C. Bar No. 441532)
                    Jared A. Hughes
                    Trial Attorneys

                    Telecommunications & Media Section
                    Antitrust Division
                    U.S. Department of Justice
                    1401 H Street, N.W., Suite 8000
                    Washington, D.C. 20530
                    (202) 514-5621
                    Attorneys for the United States