IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SBC COMMUNICATIONS, INC. ) <br> ) <br> and ) <br> ) <br> AT&T CORP. ) <br> ) <br> Defendants. ) | Civil action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VERIZON COMMUNICATIONS INC. ) <br> ) <br> and ) <br> ) <br> MCI, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 1:05CV02103 (EGS) |

**MOTION OF ELIOT SPITZER, ATTORNEY GENERAL
OF THE STATE OF NEW YORK, TO INTERVENE
AND MEMORANDUM OF POINTS AND AUTHORITIES**

The Attorney General of the State of New York, Eliot Spitzer (the "NY Attorney General"), with offices at 120 Broadway, New York, New York 10271, moves for permissive statutory intervention in these consolidated cases, pursuant to Fed. R. Civ. P. 24(b)(1), and the Antitrust

Penalties and Procedures Act, 15 U.S.C. § 16(b)-(h) (the "Tunney Act").

The NY Attorney General seeks to intervene for the purpose of assisting the Court in making its public interest determination by presenting the testimony of an expert witness, Professor Nicholas Economides, Ph.D.

A.      **The NY Attorney General's Interest**

The NY Attorney General is charged with enforcing federal and state antitrust and consumer protection laws. *See generally* 15 U.S.C. § 15; N.Y. Gen. Bus. L. §§ 340-347*, &* 349; N.Y. Exec. L. §§ 63(1) & 63(12). The NY Attorney General advocates in federal and state administrative and judicial proceedings on behalf of New York State consumers and small businesses, and the public interest generally.

Telecommunications are vital to the information-intensive economy of New York, which is the national and global center of the financial services and other major industries. For more than 20 years, New York has been a key arena for telecommunications competition for businesses and residential customers. During that time, competition has been the driving force behind lower prices, higher quality, innovative technologies and services, and greater access to an ever-growing array of products and services. New York residents and businesses are acutely affected by changes in the telecommunications industry and infrastructure, including those involving the internet.

Accordingly, the NY Attorney General has long advocated on behalf of competition in the telecommunications sector, in both national and state legal and regulatory forums. The NY Attorney General has participated actively in numerous New York Public Service Commission proceedings to support competition in New York State and has filed comments there, as well as at the Federal

Communications Commission, on a broad range of telecommunications competition issues.[1]

More specifically, the NY Attorney General reviewed the proposed Verizon-MCI merger and made submissions commenting on it to both the FCC and the New York State PSC. As the Court is aware, we also filed comments in these Tunney Act proceedings. As we wrote in our comments:

> Taken together, these mergers will change the face of the telecommunications industry. Post-merger these two companies will overwhelmingly dominate telecommunications markets and will be in a position to inhibit competition, customer choice and innovation. The remedies in the PFJs are unlikely to constrain the merged entities.

*See* Comments of Eliot Spitzer, Attorney General, State of New York, on the Proposed Final Judgments, dated February 13, 2006, at 4.

We thus concluded our comments as follows:

> The Court should not give DOJ "a pass" in its review of these important mergers. The long term implications are too important for too many people and businesses in New York and, indeed, throughout the country. Nothing in the PFJs is likely to preserve effective competition at any level in the affected markets, or to prevent the harm to the public that will follow the reduction in competition. The proposed remedies are, at best, cosmetic. Based on the current state of affairs, the Court should reject the PFJs as insufficient and contrary to the public interest.

*Id*. at 22.

**B. The Proposed Expert Witness**

Dr. Economides is a Professor of Economics at the Stern School of Business of New York University. After earning his doctorate at the University of California, Berkeley, Professor Economides served as an Associate Professor of Economics at Columbia University, as a Visiting Scholar to the Federal Reserve Bank of New York, as a Visiting Fellow at the Hoover Institution

---

[1] Documents filed by the Office of the NY Attorney General in various telecommunications proceedings are available online at http://www.oag.state.ny.us/telecommunications/telecommunications.html.

and as a Visiting Professor at Stanford University. Professor Economides has authored or contributed to hundreds of published articles, including articles on issues raised in the present proceedings. He has taught, written and spoken extensively on telecommunications and internet matters. Professor Economides' *curriculum vitae* is attached as Exhibit A.

Professor Economides is prepared to assist the Court with the required Tunney Act public interest determination. He is particularly able to offer testimony on the negative effects of these proposed mergers on "internet neutrality," a fundamental aspect of the internet since its inception. His expertise is directly germane in light of highly publicized statements by executives of the merging parties, which demonstrate their intention to jettison internet neutrality in order to maximize their profits – a course of conduct that will have deleterious consequences not only on competition, innovation, and consumer choice, but also on user access to the broadest marketplace of ideas ever developed. An outline of areas as to which Professor Economides will be prepared to testify is attached as Exhibit B.

Professor Economides will, of course, also be pleased to respond to specific questions of interest to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    There Is Clear Statutory Authority To Hear The NY Attorney General And Professor Economides.**

Under the Tunney Act, the consent judgments proposed by the United States require the Court affirmatively to "determine that the entry of such judgment is in the public interest." 15 U.S.C. § 16(e)(1). To this end, the Court "shall consider . . . the competitive impact of such judgment," as well as "any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest."

15 U.S.C. § 16(e)(1)(A). The Act also requires the Court to consider "the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally." 15 U.S.C. § 16(e)(1)(B).

The Tunney Act specifically contemplates intervener motions such as this one "in any . . . manner and extent which serves the public interest as the court may deem appropriate." 15 U.S.C. § 16(f)(3). Similarly, the statute expressly allows the presentation of expert testimony, such as the testimony offered by Professor Economides. 15 U.S.C. §16(f)(1).

**II.   The NY Attorney General's Intervener Motion Satisfies
The Requirements Of Fed. R. Civ. P. 24(b)(1).**

The NY Attorney General "may be permitted to intervene in an action . . . when a statute of the United States confers a conditional right to intervene." Fed. R. Civ. P. 24(b)(1). As discussed above, the Tunney Act confers such a conditional right. *See* 15 U.S.C. § 16(f). The decision whether to allow such intervention is committed to the Court's discretion. Fed. R. Civ. P. 24(b).

We are mindful that these mergers raise issues of great national import. For that reason, the NY Attorney General submitted timely Tunney Act comments in February, expressing the view that the proposed final judgments are not in the public interest.

By Order dated July 7, 2006, this Court directed the following question, among others, to the parties: "What consideration should the Court give the arguments of the Attorney General of New York, Eliot Spitzer, that the mergers will adversely affect digital subscriber lines ('DSL') and the Internet backbone?" In response, we provided a letter to the Court, which furnished the NY Attorney General's FCC comments on the Verizon-MCI merger, as well as a letter regarding internet neutrality by Attorney General Spitzer to the Chair and Ranking Member of the Commerce Committee of the United States Senate. *See* letter of Jay L. Himes, dated July 7, 2006, and

enclosures.

At the most recent July 12, 2006 hearing, the Court made clear its interest in receiving additional information to inform its public interest determination. The NY Attorney General therefore makes this motion in an effort to provide as much assistance to the Court as possible.

## CONCLUSION

Professor Economides should be permitted to testify at the Court's convenience to aid the Court's public interest determination under the Tunney Act. The NY Attorney General's motion to intervene should be granted.

Dated: New York, New York
      July 20, 2006

Respectfully Submitted,

ELIOT SPITZER
Attorney General of the State of New York

By: /s/ Jay L. Himes

Jay L. Himes
Chief, Antitrust Bureau
120 Broadway
26C54
New York, NY 10271
Tel No.: (212) 416-8262
Fax No.: (212) 416-6015

Mary Ellen Burns
Special Counsel
Public Advocacy Division

Jay L. Himes
Chief, Antitrust Bureau

Jeremy R. Kasha
Assistant Attorney General

    *Of Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2006, a true and correct copy of the Motion of Eliot Sptizer, Attorney General of the State of New York, to Intervene and Memorandum of Points and Authorities, 20th of July, 2006, was filed with the clerk's office and copies were served by overnight mail to:

*Attorneys for Plaintiff*

Laury E. Bobbish, Assistant Chief
Jared A. Hughes, Attorney
Lawrence M. Frankel, Attorney
Matthew C. Hammond, Attorney
David T. Blonder, Attorney
Telecommunications & Media
Enforcement Section - Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530

*Attorneys for Verizon Communications, Inc.*

John Thorne
Verizon Communications, Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

Aaron Martin Panner
Joseph S. Hall
Mark C. Hansen
Kellog, Huber, Hansen, Todd, Evens &
Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20016-2439

David Earl Wheeler
4445 Warren Street, N.W.
Washington, D.C. 20016-2439

*Attorneys for MCI, Inc.*

Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorneys for Defendant, SBC Communications*

Wm. Randolph Smith
Michael L. Lazarus
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Richard L. Rosen
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

James D. Ellis
Wayne Watts
SBC Communications Inc.
175 East Houston Street
San Antonio, Texas 78205

*Attorneys for Defendant, AT&T Corp.:*
Wilma A. Lewis
William Randolph Smith
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Defendant, AT&T Corp.:*
Ilene Knable Gotts
Wachtell, Lipton Rosen & Katz
51 West 52nd Street
New York, New York 10019

David L. Lawson
David W. Carpenter
Sidley Austin Brown & Wood LLP
1501 K Street N.W.
Washington, D.C. 20005

James W. Cicconi
Lawrence J. Lafaro
AT&T Corp.
One AT&T Way
Bedminster, New Jeresey 07921

*Attorneys for New Jersey Division of Rate Council*

Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
Newark, New Jeresey 07101

*Attorneys for American Antitrust Institute*

Albert A. Foer, President
Jonathan Rubin
American Antitrust Institute
1717 K Street, N.W.
Suite 600
Washington, D.C. 20036

Jonathan Laurence Rubin
Jonathan L. Rubin, PC
14121 Saddle River Drive
North Potomac, MD 20878

*Attorneys for CompTel*

Kevin R. Sullivan
Peter M. Todaro
King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

Jonathan Lee
Sr. Vice President, Regulatory Affairs
CompTel
1900 M Street, N.W.
Suite 800
Washington, D.C. 20036-3508

*Attorneys for Alliance for Competition in Telecommunications*

Gary L. Reback
Carr & Ferrell LLP
535 Montgomery Street, Suite 750
San Francisco, CA 94111

*Attorneys for National Association of State Utility Consumer Advocates*

John R. Perkins
Iowa Consumer Advocate
President of NASUCA
Office of the Consumer Advocate
310 Maple Street
Des Moines, IA 50319-0063

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD 20910



Jeremy R. Kasha