**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,              )<br>                                                    )<br>            Plaintiff,                        )<br>                                                    )<br>    v.                                            )<br>                                                    )<br>SBC Communications, Inc. and     )<br>AT&T Corp.,                                )<br>                                                    )<br>            Defendants.                   )<br>_____ ) | Civil Action No.:  1:05CV02102 (EGS) |
| United States of America,              )<br>                                                    )<br>            Plaintiff,                        )<br>                                                    )<br>    v.                                            )<br>                                                    )<br>Verizon Communications Inc. and )<br>MCI, Inc.,                                    )<br>                                                    )<br>            Defendants.                   )<br>_____ ) | Civil Action No.:  1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO THE MOTIONS TO INTERVENE BY THE NATIONAL ASSOCIATION OF STATE UTILITY CONSUMER ADVOCATES AND NEW JERSEY DIVISION OF THE RATEPAYER ADVOCATE**

The United States opposes the motions to intervene of the National Association of State Utility Consumer Advocates ("NASUCA") and the New Jersey Division of the Ratepayer Advocate ("NJRPA"). Participation in this proceeding by NASUCA and NJRPA will not assist the Court in determining whether the proposed Final Judgments are in the public interest because

their concerns lie with issues not before the Court. Moreover, even if the movants could provide assistance, intervention is improper as neither group satisfies the requirements of Rule 24.[1]

I. **Participation by NASUCA or NJRPA in These Proceedings Is Not Necessary for the Court to Determine Whether the Remedy Proposed by the United States Adequately Addresses the Competitive Problem Alleged in the Complaints**

NASUCA, an association of state government consumer advocates, and NJRPA, a division of a New Jersey state agency, have moved to intervene to assist the Court in "assessing the impact of the two recent mergers on mass market customers and on the public interest."[2] Neither topic is before the Court. What is before the Court is whether the proposed consent judgments remedy the harms (reduction in competition in Local Private Lines) alleged in the complaints sufficiently and without creating additional harm such that entry of those judgments would be in the public interest.[3] NASUCA and NJRPA instead seek to convince this Court that the United States should have brought a broader case – one alleging competitive harm in the

---

[1] We understand that certain other entities are sending letters to the Court directly. This correspondence does not appear to have been made part of the record, so we have not responded. Should the Court decide to consider these letters, the United States would appreciate an opportunity to respond. *Cf. United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (suggesting that judge in Tunney Act proceeding should have refused any ex parte communications).

[2] Motion of the New Jersey Division of the Ratepayer Advocate to Intervene and Memorandum of Points ("NJRPA Mem.") at 6; *see also* Motion of the National Association of State Utility Consumer Advocates to Intervene for the Limited Purpose of Providing Consumer Views on the Public Interest and Memorandum of Points and Authorities ("NASUCA Mem.") at 2, 8 (seeking to inform the Court about whether the mergers before it, as well as another merger, are in the public interest as viewed by advocates for utility consumers).

[3] The Tunney Act requires the Court to determine whether the *judgments*, not the underlying mergers, are in the public interest. 15 U.S.C. § 16(e).

"mass market," i.e., residential and small business customers[4] – and should do more to address those concerns in the proposed AT&T/BellSouth merger,[5] which is still pending and is not before any court. NASUCA and NJRPA urge the Court to impose additional conditions on the mergers[6] to remedy what they allege would be a loss of competition in mass market.[7] This is neither the time[8] nor place for NASUCA and NJRPA to be presenting arguments or evidence

---

[4] *See, e.g.,* NJRPA Mem. at 5 (noting that NJRPA reviewed data submitted to the FCC and NJPBU, "particularly information germane to mass market consumers and the public interest"), 6 (offering to assess for the Court "the impact of the two recent mergers on mass market consumers and on the public interest"), 7 (discussing "the absence of effective local competition for the mass market"), 10 (alleging "anti-consumer consequences of the recently consummated and pending mega-mergers"); NASUCA Mem. at 3 (NASUCA members are "advocates primarily for residential ratepayers"); 5 (urging the Court to examine the proposed remedy's "failure to address consumer concerns"); 8 (NASUCA opposes the mergers "on behalf of the millions of American consumers who reside in the states represented by NASUCA members").

[5] *See* NJRPA Mem. at 3, 6, 7 n.10, 9, 10; NASUCA Mem. at 4 n.4, 8.

[6] A court generally lacks authority to impose conditions on the transactions of private parties absent an adjudication of some form of liability or at least an adjudication regarding a party's request for a preliminary injunction. *See, e.g., United States v. Microsoft*, 56 F.3d 1448, 1460-61 (D.C. Cir. 1995) (stating that "because it is a settlement, there are no *findings* that the defendant has actually engaged in illegal practices"). There has been no such adjudication here.

[7] *See, e.g.,* NASUCA Mem. at 5 (stating NASUCA's view that the FCC's conditions are "decidedly insufficient to protect consumer interests"), 7 (referring to NASUCA's attached FCC comments which propose what it views as "necessary conditions"); NJRPA Mem. at 7 (identifying two conditions "the Court should impose" and noting that "several other important conditions" are discussed in NJRPA's attached prior filings.). In particular, NJRPA asks the Court to reinstate TELRIC pricing for the UNE-platform ("UNE-P"). However, the FCC terminated the provision of UNE-P more than one year ago, pursuant to guidance from the D.C. Circuit. *See Covad Comm'ns Co. v. FCC*, 450 F.3d 528, 546-50 (D.C. Cir. 2006) (rejecting challenges to FCC finding that incumbent local exchange carriers ("ILECs") no longer have an obligation to provide UNE-P); Order on Remand, *In re Unbundled Access to Network Elements, Review of the Section 251 Unbundling Obligations of Incumbent Local Exchange Carriers*, 20 F.C.C.R 2533, ¶¶ 5, 199-225 (Feb. 4, 2005) (finding no ILEC obligation to provide UNE-P, and establishing a 12-month period for transition to other local exchange arrangements); *see also United States Telecom Assoc. v. FCC*, 359 F.3d 554, 568-71 (D.C. Cir. 2004) (vacating the FCC's earlier UNE-P determination and remanding to the Commission for reexamination).

[8] NASUCA's and NJRPA's requests to intervene here come more than eight months after the Complaints and proposed Final Judgments in these matters were filed, more than five months after the statutorily required public comment period closed, and subsequent to the Court's seven-hour Tunney Act hearing. Hence, their respective requests are not timely.

about mass market issues that are beyond the scope of the discrete Local Private Line issues before this Court.

To support their concerns about mass market and the public interest, NASUCA and NJRPA attached to their filings materials they filed with the FCC, and, in the case of NJRPA, with the New Jersey Board of Public Utilities ("NJBPU"), during those agencies' reviews of the SBC/AT&T and Verizon/MCI mergers, as well as new comments on the proposed AT&T/BellSouth merger. While harms of the sort NASUCA and NJRPA allege are a serious matter,[9] these attachments will not assist this Court because they address the wrong questions.[10]

---

[9] The Department of Justice thoroughly investigated whether the transactions in question would likely reduce competition for telecommunications services provided to mass market consumers. In addition to reviewing hundreds of thousands of documents relating to consumer issues, reviewing comments on those issues submitted to the FCC, and conducting interviews with industry participants, the Department also met with any consumer group that expressed an interest in discussing these issues. Ultimately, the Department concluded that the evidence did not sufficiently support filing a case alleging competitive harm to mass market customers. The Complaints the United States filed have nothing to do with mass market products: Local Private Lines (and value-added services that rely on them) are typically provided to and used by wholesale and large business customers.

[10] The FCC, as the Court is aware, approved the mergers without such changes as NASUCA or NJRPA recommend. As for the NJBPU, it approved both mergers, explicitly rejecting most of NJRPA's arguments and proposed conditions. *In re the Joint Petition of Verizon Communications Inc. and MCI, Inc. for Approval of Merger,* No. TMO5030189 (N.J. Bd. of Pub. Utils. Apr. 2, 2006) at 49-50 ("NJBPU Verizon/MCI Order"); *In re the Joint Petition of SBC Communications Inc. and AT&T Corp., Together with its Certificated Subsidiaries for Approval of Merger,* No. TMO5020168 (N.J. Bd. of Pub. Utils. Oct. 4, 2005) at 23. Moreover, with respect to the special access/Local Private Line concerns, the NJBPU imposed minimal conditions and found as to the Verizon/MCI merger that: "Our actions, in conjunction with the federal government's, mitigating harmful concentration in the market for special access services, are adequate given the scope of the overlap between MCI's and Verizon's fiber networks in New Jersey, which is pronounced but hardly ubiquitous." NJBPU Verizon/MCI Order at 38.

## II. NASUCA and NJRPA Do Not Meet Rule 24's Requirements for Permissive Intervention

NASUCA and NJRPA each seek permissive intervention. Neither offers any explanation why their intervention is appropriate. Each cites only Federal Rule of Civil Procedure 24(b)(1),[11] which authorizes a court to permit intervention "when a statute of the United States confers a conditional right to intervene,"[12] but the Tunney Act confers no such right,[13] so Rule 24(b)(1) is inapplicable. Rule 24(b)(2), which authorizes a court to grant intervention "when an applicant's claim or defense and the main action have a question of law or fact in common,"[14] is also inapplicable: neither NASUCA nor NJRPA has any "claim" or "defense," much less one with a "question in law or fact in common" with the main action.[15]

---

[11] NASUCA Mem. at 1; NJRPA Mem. at 1.

[12] Fed. R. Civ. P. 24(b)(1).

[13] *See United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319139, at *2 (denying a Rule 24(b)(1) motion because it "ignores this Circuit's precedent which declined to conclude that the Tunney Act confers a 'conditional right to intervene'" (citing *Massachusetts Sch. of Law vs. United States,* 118 F.3d 776, 780 n.2 (D.C. Cir. 1997))); *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983) (stating the Tunney Act "does not confer any *right* to intervene, conditional or otherwise" (emphasis in original)); *United States v. IBM*, 1995-2 Trade Cas. (CCH) ¶ 71,135, at 75,457 (S.D.N.Y. 1995), 1995 WL 366383, at *4-*5; *see also* 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed to require the court to . . . permit anyone to intervene."). If the Tunney Act were construed to grant a conditional right to intervene, the "condition" would be satisfaction of Rule 24(b)(2) and the Court's favorable exercise of discretion.

[14] Fed. R. Civ. P. 24(b)(2).

[15] Although participation short of intervention is occasionally allowed in Tunney Act proceedings, intervention is routinely denied. *See* Memorandum of the United States in Opposition to COMPTEL's Motion for Leave to Intervene Or in the Alternative to Participate as Amicus Curiae at 10 n.10 (Feb. 22, 2006).

**Conclusion**

This Tunney Act proceeding will determine whether the remedy negotiated by the parties and presented to the Court adequately resolves the harm alleged in the Complaints, and does so in a way that does not positively injure third parties. The United States respectfully submits that the record before the Court is sufficient to conclude that the proposed Final Judgments adequately address the alleged violation and fall within the reaches of the public interest. Regardless, however, intervention or other further participation by third parties, particularly ones whose concerns have little relationship to those alleged in the Complaints, is neither necessary nor justified. Accordingly, the Court should deny the NASUCA and NJRPA motions.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Lawrence M. Frankel (D.C. Bar No. 441532)
Jared A. Hughes
Trial Attorneys

Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States