**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　Defendants. | )<br>)<br>)　Civil Action No.: 1:05CV02102 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　Defendants. | )<br>)<br>)　Civil Action No.: 1:05CV02103 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' OPPOSITION TO VERIZON'S MOTION FOR ENTRY OF
PROTECTIVE ORDER**

　　　　The United States opposes the motion of Verizon Communications Inc. ("Verizon") for a protective order. Verizon requests that its inside counsel be allowed access to highly confidential information that was submitted to the United States during its investigations of the proposed mergers of SBC and AT&T and Verizon and MCI. The United States opposes Verizon's position, as the materials at issue contain some of the most highly sensitive confidential information that Verizon's competitors possess. Indeed, at least one competitor has told the United States that it intends to vigorously oppose any protective order that would allow

inside counsel for either of the merging parties to see the information that it submitted to the government in confidence.

In recognition of competitors' concerns, the United States has drafted and circulated to the other parties and amici a proposed protective order for the Court that will restrict access to outside counsel and respectfully submits that its proposal will better suit the needs of third parties who submitted information to the government in the expectation that it would not be disclosed to their competitors. The United States plans to file a motion tomorrow morning requesting that the Court enter its proposed protective order.

While Verizon argues that it would be unfairly prejudiced by an order that did not allow its inside counsel to view sensitive competitive information, the fact is that Verizon has been ably represented by outside counsel at every step of these proceedings. Indeed, it was outside counsel Mark C. Hansen who submitted the very motion at issue. Furthermore, under the protective order as drafted by Verizon, "Counsel of Record" would have access to the confidential information. However, the term "Counsel of Record" is not defined so as to apply only to Mssrs. Thorne and Wheeler.

Verizon also cites the *Sungard* case for the proposition that inside counsel should be allowed access to sensitive information in certain circumstances. What Verizon does not say about *Sungard* is that while the protective order would have allowed inside counsel access to third party confidential information, the Court recognized the risk of inadvertent disclosure that exists whenever in-house attorneys are later called upon to advise their company's executives. Consequently, the Court included severe sanctions for any violation, even if inadvertent, of the confidentiality order, including a fine of $250,000 that would be paid, without reimbursement,

by any individual who violates the order, as well as potential disbarment. *United States v. Sungard Data Sys., Inc.,* 173 F. Supp. 2d 20, 29 (D.D.C. 2001). The in-house lawyers in that case declined to sign the protective order and gain access to the confidential information at issue.

## Conclusion

For the foregoing reasons, the Court should deny Verizon's motion.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Lawrence M. Frankel (D.C. Bar No. 441532)
Jared A. Hughes
Trial Attorneys

Telecommunications & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States