**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

## ORDER

Pursuant to Fed. R. Civ. P. 26(c)(7), and in the interest of ensuring an efficient and prompt resolution of this action and of protecting information of the parties and non-parties from improper disclosure, the Court hereby enters the following Protective Order:

### A.　DEFINITIONS

1.　As used herein:

　　(a)　"Highly Confidential Information" means any documents, data, or other materials filed with the Court in these proceedings that was produced to the United States either (1) voluntarily and identified as confidential; or (2) pursuant to 15 U.S.C. § 18a(e)(2) and 16

1

C.F.R. § 803.20 ("Second Request Statute") or 15 U.S.C. § 1311-1314 ("CID Statute") during its investigation of SBC Communications, Inc.'s acquisition of AT&T Corp. and Verizon Communications Inc.'s acquisition of MCI, Inc. ("the Mergers").

(b) "Disclosed" means directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(c) "Outside Counsel of Record" or "Outside Counsel" means the firm(s) of attorneys, or sole practitioners(s), as the case may be, representing an Interested Person in the above-captioned proceedings, provided that such persons are not involved in competitive decision-making, i.e., Outside Counsel's activities, association, and relationship with a client do not involve advice about or participation in the business decisions of the client or of any competitor of a Protected Person, nor the analysis underlying the business decisions. Outside Counsel of Record includes any attorney representing a non-commercial Interested Person in these proceedings, provided that such a person is not involved in the competitive decision-making activities of any competitor of a Protected Person.

(d) "Outside Consultant" means consultants or experts retained for the purpose of assisting an Interested Person to the above-captioned proceedings, provided that the Outside Consultants are not involved in competitive decision-making, i.e., Outside Consultants' activities, association and relationship with a client do not involve advice about or participation in the business decisions of the client or of any competitor of a Protected Person, nor the analysis underlying the business decisions. Outside Consultant includes any expert employed by a non-commercial Interested Person in these proceedings, provided that such a person is not involved in the competitive decision-making activities of any competitor of a Protected Person.

(e) "Interested Person" means the defendants to the above-captioned action and amici curiae ACTel, COMPTEL, the National Association of State Utility Consumer Advocates, the Office of the Attorney General of the State of New York, and Sprint Nextel Corp.

(f) "Protected Person" means an entity that produced Highly Confidential Information to the United States.

(g) "This action" and/or "this proceeding" means the above-captioned proceedings pending in this Court, including any appellate proceedings.

## B.    ACCESS TO AND USE OF HIGHLY CONFIDENTIAL INFORMATION

2.    Except as otherwise authorized by this Order, Highly Confidential Information shall be used only for the purpose of participating in this proceeding, and shall not be obtained by any person other than the individuals set forth below:

    (a)    the Court;

    (b)    all persons assisting the Court in the above-captioned actions, including clerks, court reporters and stenographic or clerical personnel;

    (c)    Outside Counsel of Record for Interested Persons, who sign the attached Acknowledgment of Confidentiality; and

    (d)    Outside Consultants for Interested Persons, who sign the attached Agreement Concerning Confidentiality.  Interested Persons who intend to use Outside Consultants should assure that the Protected Persons receive notice of the identity of their selected Outside Consultants at least two days before filing the Agreements Concerning Confidentiality applicable to those Outside Consultants.

3.    All individuals who have access to the Highly Confidential Information under the terms of this Order shall have the obligation to ensure that access is strictly limited as prescribed by this Order.  Such individuals shall further have the obligation to ensure that the Highly Confidential Information is used only as provided in this Order and is not duplicated except as necessary: (1) to provide one copy of the confidential information for each individual who signs the attached Agreement Concerning Confidentiality; or (2) for a filing with the Court.  If a filing is made with the Court that contains Highly Confidential Information, that filing shall be made under seal as described in paragraph 6.

4.    Notwithstanding the provisions of paragraphs 2 and 3, nothing in this Order shall limit a Protected Person's use or disclosure in this proceeding of the Highly Confidential Information that it had produced to the United States during the investigation of the Mergers.

5.    The United States shall be required to follow the procedures governing the filing and

service of Highly Confidential Information on Interested Parties. Nothing in this Order modifies the Department of Justice's ability to access and use materials in its possession pursuant to the Second Request Statute, CID Statute, or voluntary submission or its confidentiality obligations regarding such materials.

6. All Highly Confidential Information contained or discussed in any pleading, exhibit or other paper filed with the Court shall be filed under seal. Where possible, only the confidential portions of filings with the court shall be filed under seal. Information filed under seal shall be placed in a sealed envelope with the endorsements required by LCvR 5:1(j). The Clerk shall keep such papers under seal until further order of this Court. Such papers shall be furnished to the Court, the Department of Justice, and the counsel for the Interested Persons provided that they have filed the attached Agreement Concerning Confidentiality. Within two business days of filing a paper containing Highly Confidential Information, the filing party shall file on the public record a copy of the paper with the Highly Confidential Information deleted. Outside Consultants for Interested Parties who have entered into the attached Agreement Concerning Confidentiality shall also be entitled to receive court papers containing Highly Confidential Information.

7. The Department of Justice shall provide Protected Persons with a copy of this proposed Order and notify them of the potential use of any Highly Confidential Information produced by them. Notice shall be given at least two business days before the intended use of Highly Confidential Information, unless otherwise ordered by the Court. The Department of Justice shall also provide a copy of this signed Order to all Protected Persons. A Protected Person may request the Court to establish and apply protective procedures (including, with limitation, in camera review of confidential information, sealing of portions of transcripts containing or discussing Highly Confidential Information and/or excluding persons from the courtroom who are not eligible to have access to Highly Confidential Information under paragraphs 2(c) – (d) of this Order) governing the disclosure of Highly Confidential Information at a hearing of this proceeding.

### C. PROCEDURES FOR OBTAINING ACCESS TO HIGHLY CONFIDENTIAL INFORMATION

8. Before reviewing or having access to the Highly Confidential Information, each individual listed in paragraph 2(c) – (d) who seeks access shall first execute the attached Agreement Concerning Confidentiality and file it with the Court, with a copy to the counsel of record for the United States, at least three business days prior to such person's receiving a copy of the Highly Confidential Information. Once an individual associated with an Interested Person receives a copy of the Highly Confidential Information, that individual may duplicate the Highly Confidential Information for other individuals associated with that Interested Person who have met the requirements of this paragraph.

### D. ADDITIONAL MATTERS

9. The Protected Persons reserve the right to apply to the Court for an order modifying this Order or seeking further protections against discovery or other use of the Highly Confidential Information.

10. Within 90 days after receiving notice of the entry of an order, judgment or decree terminating this action, all persons who received Highly Confidential Information shall destroy the Highly Confidential Information and any copies thereof, and certify that fact in writing to the Department of Justice. Outside Counsel for any defendant shall be entitled to retain court papers and other material incorporating Highly Confidential Information, provided that defendants' Outside Counsel shall not disclose such information to any person except pursuant to court order or agreement with the Protected Person. Nothing in this provision shall restrict the rights of the Department of Justice to retain and use confidential materials for law enforcement purposes or as otherwise required by law.

So Ordered:

_____
Emmet G. Sullivan
United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>                Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>                Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed as a _____ by _____.
I hereby certify that:

1.    I have read the Protective Order entered in the above-captioned action. I understand its terms and the obligations imposed upon me by the Order.

2.    I agree to be bound by the terms of the Protective Order entered in the above-captioned

action. I agree to use the information provided to me only for the purposes of this action.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5.      I make this certificate this _____ day of _____, 2006.


_____
SIGNATURE