

# State of New Jersey
## DEPARTMENT OF THE PUBLIC ADVOCATE
### DIVISION OF RATE COUNSEL
31 CLINTON STREET, 11TH FL
P. O. BOX 46005
NEWARK, NEW JERSEY 07101

JON S. CORZINE
*Governor*

RONALD K. CHEN
*Public Advocate*

SEEMA M. SINGH, ESQ.
*Director*

August 1, 2006

**OVERNIGHT DELIVERY**
Clerk
United States District Court
For the District of Columbia
United States Courthouse – Room 4323
Washington, D.C. 20001

> **RE:**   **New Jersey Division of Rate Counsel Motion to Intervene**
> **U.S. v. SBC Communications, Inc., and AT&T Corp. Docket No. 05-2102, U.S.**
> **FCC, and U.S. v. Verizon Communications. Inc., and MCI, Inc.**
> **Docket No. 05-2103, U.S. FCC**

Dear  Clerk:

Enclosed is an original and copy of the New Division of the Rate Counsel ("Rate Counsel") Reply to the United States, AT&T and Verizon's Opposition in the above proceeding. We have filed this material electronically with the Clerk, and served the service list by overnight mail.

Very truly yours,

SEEMA M. SINGH, ESQ.
RATE COUNSEL


By:   *Christopher J. White*
       Christopher J. White, Esq.
       Deputy Ratepayer Advocate

Cc: Via Overnight Delivery
        Hon. Emmet G. Sullivan
        Service list

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:05CV02102 (EGS) |
| ) | |
| **SBC COMMUNICATIONS, INC. and** ) | |
| **AT&T CORP.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:05CV02103 (EGS) |
| ) | |
| **VERIZON COMMUNICATIONS, INC.** ) | |
| **And MCI INC.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## REPLY OF THE NEW JERSEY RATE COUNSEL
## TO THE OPPOSITIONS FILED BY THE UNITED STATES, AT&T AND
## VERIZON TO THE RATE COUNSEL'S MOTION TO INTERVENE

The Office of the New Jersey Rate Counsel ("Rate Counsel") hereby files it's

reply to the oppositions filed by the United States, AT&T and Verizon to the Rate

Counsel's Motion to Intervene. The Rate Counsel has participated extensively in the

investigation of these two major mergers at the federal level.[1] The outcome of the

_____

[1] / Rate Counsel submitted comments to the Federal Communications Commission in the merger applications of both SBC/AT&T, WC Docket Nos. 05-65 and 05-75; and also in the investigation by the New Jersey Board of Public Utilities ("Board") in Docket Nos. TM05020168 and TM05030189. More recently, the Rate Counsel submitted extensive comments in WC Docket No. 06-74, the Commission's investigation of AT&T's proposed acquisition of BellSouth Corporation ("BellSouth").

pending cases affects the national telecommunications industry and, therefore, the options, quality, and price of telecommunications services offered to consumers throughout the nation, including consumers in New Jersey.

I.     **The Tunney Act Gives the Court Full Discretion To Allow Intervention and Application of Rule 24(b)(2) Should Not Bar the Grant of Rate Counsel's Motion to Intervene**

Opponents primarily argue that Rate Counsel should have sought intervention under Rule 24(b)(2) rather than under Rule 24(b)(1).  Opponents further argue that Rate Counsel offers nothing germane or useful to the Court.  These arguments are weak and the Court should not find the opponents' procedural arguments persuasive.  Opponents would have the Court rubberstamp the Antitrust Division's proposed remedy. The Court's power of review is not as extremely narrow as  opponents suggest and their reliance on *United States v. Microsoft Corp*., is misplaced, not only because it was reversed on appeal,[2] but because the 2004 amendments to the Tunney Act in fact require the Court to engage in detailed scrutiny in making a public interest determination.[3]  The floor statements of Senator Kohl and other co-sponsors of the 2004 Amendments to the Tunney Act clearly reflect the intent of Congress to overrule the precedents cited by the Department and require the Court "to review a list of enumerated factors to determine whether a consent decree is in the public interest...[and] ensure that the Justice Department's antitrust consent decrees are in the best interests of consumers and

---

[2] /    *Massachusetts v. Microsoft*, 373 F. 3d 1199, 1234-1236.

[3] /    See 150 Cong. Rec. S3615 (daily ed. Apr. 2, 2004), statements of Senator Leahy noted during floor debates, "that the court make an independent judgment based on a series of factors."

competition."[4]   Among these are "(A) the competitive impact of such judgment, including…any other competitive consideration that the court deems necessary to a determination of whether the consent judgment is in the public interest; and (B) the impact of entry of such judgment upon competition in the relevant market or markets,…."[5]

The office of the New Jersey Rate Counsel participated actively on behalf of consumers in federal proceedings in opposition to these mergers, by filing comments and reply comments with the Federal Communications Commission (FCC), as well as numerous and substantial presentations to the FCC and the New Jersey Board of Public Utilities outlining the concerns of consumers. Our submissions and concerns about the mergers' anti-competitive impacts on the residential market were largely disregarded by both FCC and Department of Justice ("Department"). The Department imposed little to no conditions on the mergers sufficient to protect mass market consumer interests in reducing the anticompetitive impacts of the mergers. Indeed, we do not see how the Court can fulfill its statutory obligations by limiting the scope of its review, as opponents have proposed.

The oppositions presented attempt to improperly limit the discretion of the Court to permit, under whatever limitations or conditions the Court sees fit to impose, the intervention of a member of the public under Rule 24(b) and under §5(f) of the Tunney Act , 15 U.S.C. §16(f).  Rate Counsel stands in a unique position to provide comment and input that will assist the Court in making an informed determination and the Court should

---

[4] /        150 Cong. Rec. S3618 -24 (daily ed. Apr. 2, 2004

[5] /        Section 5(e), 15 U.S.C. § 16(e)(1)

reject opponents' claims of procedural error.  Otherwise, Rate Counsel submits that the Court will be hindered in its review and evaluation of the record and any supplemental expert testimony that intervening parties, including Rate Counsel, bring to the Court's attention.

The Tunney Act authorizes the District Court to permit "full or limited participation in proceedings before the court…, including…intervention as a party pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f)(3).  Moreover, a Tunney Act court is conferred with broad powers to gather information and the Act envisions participation by interested persons, "to ensure that the Court's public interest determination is fully informed." 15 U.S.C. Section 16(b)-(h).  This broad authority permits the Court to overlook procedural defects there may be in the public interest.[6]

## II.    The Rate Counsel's Comments Will Assist The Court In Making An Informed Determination

The Rate Counsel seeks to intervene in order to present the views of state consumers in one of the major states that Verizon serves as the incumbent local exchange carrier ("ILEC").  The Rate Counsel also seeks to intervene in order to present the expert opinions of Susan M. Baldwin and Sarah M. Bosley upon which the Ratepayer Advocate relied in its preparation of comments and briefs that were filed with the Federal Communications Commission ("Commission" or "FCC") and with the New Jersey Board of Public Utilities ("Board") in proceeding to approve the two mergers. The Rate Counsel's level of participation in the relevant federal and state proceedings regarding the

---

[6] /    Section 5(f) of the Tunney Act authorizes the Court to "take such other action in the public interest as the court may deem appropriate." 15 U.S.C. § 16(f)(5).

SBC/AT&T and the Verizon/MCI mergers, and also in the pending Commission investigation of AT&T's acquisition of BellSouth, is predicted on the protection of competition, choice, and technological innovation for the benefit of mass market consumers.

No other intervening party is in the same position to present issues which impact mass market consumers, including New Jersey consumers to the Court because Rate Counsel during the New Jersey merger proceedings reviewed confidential, highly confidential and copy prohibited information furnished to the FCC. Such review enables us to comment on the harms to mass market consumers from these mergers.

The issues raised by this case are important, and their presentation to the Court by the Rate Counsel should not be foreclosed by this Court. Opponents have misinterpreted or misapplied the Court of Appeals' decision in *United States v. Microsoft Corp.,* The United States suggests a mindless application of Microsoft which does not take into account that the facts in that case were a universe away form the situation presented Microsoft ruling is limited to a set of facts which may not always be present-- and when those facts are not present, there must be either an exception to (or a refinement of) Microsoft. If any case calls for that interpretation or refinement it is this one. The provisions of the Tunney Act, supported by the testimony of Judge J. Skelly Wright to the congressional committee that drafted the law, require that the process of approving mergers must have "light from the public as well as from the Attorney General" if the process is to function in the public interest. The public's protection from this process lies in the Tunney Act, which embodies the concept of "meaningful public comment" and to

allow such comment to be meaningful, the Act anticipates public disclosure of the central, industry controlling agreements between the major players.

The grant of Rate Counsel's Motion to Intervene will precisely assist the Court in obtaining the necessary information to conduct a meaningful review. To this extent, the United States has not sufficiently explained why the Rate Counsels comments to the Court would not be in the public interest. Rate Counsel stands in the same position as National Association of State Consumer Advocates and the New York Attorney General and the Court granted their motions to intervene. Therefore, Rate Counsel's Motion to Intervene should also be granted. As noted above, Rate Counsel's and its consultant's review of confidential, highly confidential, and copy prohibited information gives Rate Counsel the perspective needed to address mass market concerns. The Court's grant of Rate Counsel's Motion to Intervene would be fully consistent with the spirit and purpose of the Tunney Act. The D.C. Circuit has long recognized and held that intervention in district court proceedings is the proper way to permit a party to appeal the entry of a consent decree in Tunney Act cases. *See United States v. LTV Corporation,* 241 U.S. App. D.C. 58, 746 F.2d 51, 54 (D.C. Cir. 1984).

Under the Tunney Act, a Court has to be confident of its decision in making a public interest determination. Permitting the intervention of parties who present competent views and opinions will place the Court in a more informed position which is precisely the purpose for allowing intervention in Tunney Act proceedings. Rate Counsel will abide by the Court's procedural schedule in this matter, if intervention is granted, and Rate Counsel is prepared to respond on August 17, 2006.

III.     **Conclusion**

For the foregoing reasons, the Rate Counsel respectfully submits that its

Motion to Intervene should be granted.[7]

                        Respectfully submitted,

                        SEEMA M. SINGH, ESQ.
                        RATE COUNSEL

By: *Christopher J. White*
           Christopher J. White, Esq.
           Deputy Ratepayer Advocate
           Division of the Ratepayer Advocate
           31 Clinton Street, 11th Floor
           P.O. Box 46005
           Newark, NJ 07101
           973-648-7575 (Direct Line)
           973-624-1047 (Fax)
           D.C. Bar No.: 967919

Dated:  August 1, 2006

---

[7] /        Rate Counsel notes that the Court has already granted the Motions to Intervene of NASUCA and the Attorney General of New York State.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2006, I filed electronically with the Clerk, our Reply to the Oppositions filed by the United States, AT&T and Verizon to our Motion to Intervene and served the service list by overnight delivery. A courtesy copy is also being provided to the Judge and an original and a copy are being filed with the Clerk of the Court by overnight delivery.

*Estrella Dominguez*
ESTRELLA DOMINGUEZ,
TELCO Paralegal
Division of the Rate Counsel
31 Clinton Street, 11th Fl.
Newark, NJ 07102
(973) 648-2690

*Attorneys for Plaintiff, United States:*
**Jared A. Hughes**
**Lawrence M. Frankel**
**Matthew C. Hammond**
**David T. Blonder**
**James J. Schwartz**
**Claude F. Scott, Jr.**
Telecommunication and Media
Enforcement, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Ste. 8000
Washington, D.C. 20530

*Attorneys for Defendant, Verizon*
*Communications Inc.:*
**Aaron Martin Panner**
**Joseph S. Hall**
**Mark C. Hansen**
Kellogg, Huber, Hansen, Todd, Evens &
Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

**David Earl Wheeler**
4445 Warren Street, N.W.
Washington, D.C. 20016-2439

**John Thorne**
1320 North Courthouse Road, 8th Floor
Arlington, VA 22201

*Attorneys for Defendant, SBC*
*Communications, Inc.:*
**William Randolph Smith**
**Michael L. Lazarus**
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Defendant, AT&T Corp.:*
**Wilma A. Lewis**
**William Randolph Smith**
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Movant, CompTel:*

**Kevin R. Sullivan**
King & Spalding LLP
1730 Pennsylvania Ave., N.W.
Washington, D.C. 2006

*Attorneys for Eliot Spitzer, Attorney
General of the State of New York:*

**Jay L. Himes**
Chief Antitrust Bureau
120 Broadway
New York, NY 10271

*Attorney for National Association of State
Utility Consumer Advocates:*

**David C. Bergmann**
Assistant Ohio Consumers' Counsel
Chairman, NASUCA Telecommunications
Committee
Office of the Ohio Consumers' Counsel
10 West Broad St., Suite 1800
Columbus, Ohio 43215

Charles T. Kimmett
Harris, Wiltshire & Grannis, LLP
1200 Eighteenth Street, NW
12 Floor
Washington, DC 20036-2506

*Attorney for Movant,  American Antitrust
Institute, Inc.:*

**Jonathan Laurence Rubin**
Jonathan L. Rubin, PC
14121 Saddle River Drive
North Potomac, MD 20878

*Attorneys for Movant, Alliance for
Competition in Telecommunications:*

**Gary L. Reback**
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

National Association of State Utility
Consumer Advocates
8380 Colesville Road, Suite 101
Silver Spring, Maryland 20910

Kathleen F. O'Reilly
414 A Street, SE
Washington, DC 20003