| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff | ) | 1:05CV02102(EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| SBC COMMUNICATIONS, INC And AT&T CORPORATION | ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO |
| | ) | |
| Plaintiff | ) | 1:05CV02103(EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS INC. And MCI INC. | ) ) | |
| | | |
| Defendants | | |

## MOTION TO INTERVENE

NOW COMES BRENDA SMITH, PRO Se Plaintiff, in Motion to the Court to Intervene In the above captioned cases.

Smith believes that she has information to cause the Court to question and require Verizon Communications to confirm and validate, with Court oversight, the validity and Truth of all facts and statements that Verizon Communications has presented to the Court, the FCC, and all parties involved in the merger with MCI INC., and other mergers That are before this court now.

Smith has information to confirm that Verizon Communications has presented false,

misleading, and untrue facts to employees regarding a safe working environment. In Addition, Smith has information to confirm that Verizon Communications has purposely And intentionally allowed possibly thousands of current and former employees to become Injured, develop severe and permanent disabilities, develop cancer and die as a direct Result of use and handling of a product these employees worked with, used and were Exposed to while employees of Verizon Communications. Smith has information to Confirm that Verizon Communications intentionally and purposely did not warn Employees of the known potential injuries, disabilities, cancers and deaths associated With use , exposure , and handling of this product. This intentional and purposeful action Not to warn employees was apparently done to reduce costs, avoid worker compensation Costs, personal injury claims, disability retirements, wrongful death claims and other Associated costs. Such savings surely allowed Verizon Communications to proceed with The merger with MCI INC..

Because Verizon Communications has acted in such a deplorable manner towards Employees and apparently will stoop to most anything in order to boost profits with such Actions as the merger with MCI INC., the Court may want to review all documents and Information presented as facts in association with the merger of Verizon Communications And MCI INC. to confirm all facts presented then and now to be true.

Smith prays the Court will allow her to Intervene in the above captioned case.

Respectfully submitted,

Brenda Smith
Brenda Smith

5445 Old Providence Road
Virginia Beach, Virginia 23464
757-420-1277
Bsmith594@cox.net

CERTIFICATE OF SERVICE

I, Brenda Smith, certify that I sent a copy of this motion to the following parties on August, 8, 2006, via US Mail and email.

Brenda Smith
August 8, 2006

William Randolph Smith, Esq.
Crowell & Moriay LLP
1001 Pennsylvania Ave. NW
Washington , DC 20006
Counsel for SBC Communications

John Thorne, Esq.
Verizon Communications, Inc.
1515 North Courthouse Road
Arlington, VA. 22201
Counsel for Verizon Communications Inc.

Kevin R. Sullivan, Esq.
King & Spalding, LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Counsel for COMPTEL

Claude F. Scott, Esq.
Telecommunications Task Force
Antitrust Division
United States Department of Justice
1401 H Street, NW
Washington, DC 20530         - Counsel for USDOJ

David L. Lawson, Esq.
Sidley, Austin, Brown, & Wood
1501 K Street NW
Washington, DC 20005
Counsel for AT&T Corporation

Mark Hansen, Esq.
Kellogg, Huber, Hansen, Todd,
Evans, & figel, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036
Counsel for MCI INC.

Paul M. Eskildsen, Esq.
MCI INC.
22001 Loudoun County Parkway
Ashburn, VA 20147
counsel for MCI INC.

Case 1:05-cv-02103-EGS    Document 119    Filed 08/07/2006    Page 4 of 4