IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America,<br><br>    Plaintiff,<br><br> v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>    Plaintiff,<br><br> v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO MOTION OF AMICI
FOR MODIFICATION OF MINUTE ORDER**

  The United States opposes the motion of COMPTEL, the National Association of State Utility Consumer Advocates ("NASUCA"), and the Office of the Attorney General of the State of New York ("NYAG") (collectively "Movants") for an extension of more than four weeks to the period for amici to respond to the United States' Submission in Response to the Court's Minute Order of July 25, 2006. The United States does not dispute that an extension of four days is warranted to account for unavoidable delays arising from the timing provisions of the

Protective Order entered by the Court on August 4, 2006. The United States Motion for an appropriate extension is currently pending. Movants, however, have seized on this unavoidable delay of several *days* as an opportunity to request an extension of more than *four weeks*.

The Court's Minute Order of July 25, 2006, required amici to file any response to the United States' Submission by August 17, 2006, ten days after the United States' submission on August 7, 2007. The ten-day response period ordered by the Court affords amici ample opportunity to review and respond to the materials submitted by the United States, but appropriately reflects the Congressional concern that Tunney Act proceedings should not be unduly lengthy.

The United States has repeatedly acted in good faith to ensure that the amici have the full benefit of the ten-day period originally ordered by the Court. For example, on August 7, 2006, when it noted that the NYAG had not filed an Agreement Concerning Confidentiality with the Court, the United States contacted and reminded the NYAG of the need to do so if they wanted to access materials subject to the Protective Order. Similarly, when the New Jersey Division of Rate Counsel ("NJRC") was subsequently granted amicus status on August 8, the United States immediately filed an Emergency Order to amend the Protective Order so that the NJRC could seek access to the highly confidential information submitted by the United States. Finally, because it was evident that the notice provisions of the applicable Protective Order would shorten amicis' ten-day response period by several days, on August 9, 2006, the United States moved the Court to extend the schedule by four days, to avoid any resulting prejudice to amici.

Movants essentially acknowledge that the extension sought by the United States would restore the full ten-day period, even as to outside consultants. They concede that outside

consultants could have filed the executed Agreements Concerning Confidentiality as early as August 7, 2006 and obtained the sealed materials three business days later -- or August 10, 2006. (*See* Opposition at 3). The amended schedule proposed by the United States would provide such consultants with more than ten days -- from August 10th to 21st -- to review and respond to the Submission. Under the revised schedule proposed by the United States, moreover, amici that exercised reasonable diligence would have even longer. ACTel, for example, submitted Agreements Concerning Confidentiality promptly upon entry of the Protective Order and was served with the sealed version of the United States' Submission on the morning of August 9, 2006, a full 12 days before the revised deadline proposed by the United States.

Notwithstanding the United States' good faith efforts to preserve a ten-day response period, Movants now blame the United States for delays exclusively within Movants' own control. Specifically, COMPTEL and NASUCA argue that they were not served with the list of Protected Persons on August 4, 2006, as other amici were. In fact, NASUCA's counsel was not provided with that list on August 4, 2006 specifically because she notified the United States on August 3, 2006, that "NASUCA has decided not to sign the Agreement Concerning Confidentiality. . .."[1] NASUCA therefore had no reason to receive the list of Protected Persons. When NASUCA changed course and filed an Agreement Concerning Confidentiality on August 8, 2006, the United States promptly provided NASUCA with the list of Protected Persons.

Equally disingenuous is COMPTEL's claim that it did not receive the list of Protected

---

[1] Attached as Exhibit A hereto is a true and correct copy of an electronic mail, dated August 3, 2006, from Kathleen F. O'Reilly, counsel for NASUCA to Jared Hughes, attorney at the Department of Justice, stating that NASUCA did not intend to execute the Agreement Concerning Confidentiality.

Persons until August 9, 2006. COMPTEL's Lead Attorney, Kevin R. Sullivan, was served with the other amici on August 4, 2006. COMPTEL complains that Mr. Sullivan did not have access to email and that the United States should have served COMPTEL's in-house counsel, Jonathan Lee, as well. However, neither Mr. Lee, nor any in-house counsel from COMPTEL was identified as an "Attorney to be Noticed" on the Court's electronic docket on August 4, 2006, when the List of Protected Persons was served; Mr. Sullivan was the only attorney identified as an "Attorney to be Noticed" for COMPTEL.[2] The United States, moreover, was not made aware of Mr. Sullivan's absence or any request that it serve someone else on COMPTEL's behalf.

Absent from Movants' memorandum is any persuasive explanation why ten days is not sufficient time to review and respond to the materials submitted by the United States. The United States' Submission provides certain highly confidential information under seal to complement and buttress the public explanations it has offered in its public Tunney Act filings. All persons, including amici, had the opportunity to file responses to those public explanations during the Tunney Act comment period. The recently submitted materials -- including contemporaneous business documents, customer statements, economic analysis, and data regarding the fiber networks of the parties and competitors -- provide commercially sensitive evidence to support the same explanations that the United States has offered consistently, beginning nearly nine months ago in its Competitive Impact Statement.

The United States has acted in good faith to facilitate the amicis' access to its

---

[2] Subsequently, on August 8, 2006, another member of Mr. Sullivan's firm, Peter Todaro was added as an "Attorney to be Noticed." It was not until August 11, 2006, the day that COMPTEL's attorney filed this Motion, that an in-house attorney for COMPTEL, Mary Catherine Albert, was added as an "Attorney to be Noticed." As of August 14, 2006, Mr. Lee is still not identified on the official docket list of attorneys to be noticed.

Submission as quickly as permissible under the Protective Order. The United States continues to believe that ten days is a reasonable period of time to review and respond to the Submission; its pending motion is intended to preserve this schedule. Even if the Court finds all of Movants' arguments persuasive, however, and is disposed to delay the proceedings to accommodate Movants' vacation plans, a four-plus week delay is clearly excessive. Though the Motion seeks an extension through September 15, 2006, it clearly acknowledges that a September 8, 2006 deadline would give Movants a fair opportunity to respond *without* canceling their vacation plans. (*See* Motion at 4-5.)

## Conclusion

For the foregoing reasons, the Court should deny amicis' motion and grant the United States' motion, filed August 9, 2006, to extend the schedule to respond by four days.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Laury E. Bobbish
                                        Assistant Chief

                                        _____/s/_____
                                        Claude F. Scott, Jr. (D.C. Bar No. 414906)
                                        Jared A. Hughes
                                        John M. Snyder (D.C. Bar No. 456921)
                                        Trial Attorneys

                                        Telecommunications & Media Section
                                        Antitrust Division
                                        U.S. Department of Justice
                                        1401 H Street, N.W., Suite 8000
                                        Washington, D.C. 20530
                                        (202) 514-5621
                                        Attorneys for the United States

Dated: August 15, 2006