IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05CV02102 (EGS) |
| SBC Communications, Inc. and AT&T Corp., | ) ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:05CV02103 (EGS) |
| Verizon Communications, Inc. and MCI, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

**AT&T INC.'S REPLY TO *AMICI'S* OPPOSITIONS
TO THE UNITED STATES' SUBMISSION IN RESPONSE TO
THE COURT'S MINUTE ORDER OF JULY 25, 2006**

Upon review of the *amici* submissions, and given that the Government has assumed the role as the primary responding party in this latest round of briefing, Defendant AT&T, Inc. concludes that there is nothing new or different that requires a further detailed response.

1. The latest submissions confirm that what *amici* are really about here is an improper effort to second guess the Government's prosecutorial discretion and expand the scope of the Complaint. Even where *amici* purport to discuss the "remedy," their principal assertion is that there should be relief beyond certain 2-to-1 buildings, which are the only ones as to which the

Complaint alleges harm and 100% of which are remedied by the proposed decrees.[1]  But the fact remains that there is nothing in the Tunney Act that empowers a court to violate the fundamental Constitutional principles preserving the domain of prosecutorial discretion within which the Department of Justice has exclusive authority.  *See* AT&T Inc's Response to ACTEL's Opposition and Supplemental Opposition to the Department of Justice's Motion for Entry of Final Judgments, at 4-9 & n. 4.  The law is clear that it is the Department of Justice's role to identify the anticompetitive harm that constitutes the violation, while it is this Court's function to review whether the proposed remedy for the harm alleged in the Complaint is in the public interest.  Simply stated, a reviewing court cannot tell the Government what case to bring.

2.  AT&T will leave to the Government any more detailed reply to *amici's* latest re-assertion of opposition arguments, noting only that *amici* continue to rely on isolated documents or statements taken out of context and other irrelevant matters in an attempt to buttress their contentions.  For example, ACTel's use of a 2004 document to suggest that CLECs who build "fiber-to-the-floor" connections or who may not offer wholesale services cannot be counted as competitors is just another argument that the DOJ should have alleged anticompetitive effects in more buildings.  *See* ACTel Response at 7-8; 12-14.[2]   Similarly, ACTel argues at length that

---

[1]     *See, e.g.,* Gillan Decl. ¶ 7 – Comptel ("By adopting the narrowest definition of the relevant geographic market possible … the Department seriously underestimates the actual competitive harm of these acquisitions …."); ACTel Response at 27 ("The same theory of economic injury that predicts price increases for customers in the buildings on the Government's remedy list – higher prices because of fewer suppliers – also predicts price increases elsewhere . . ."); NASUCA Response at 3 ("The PFJs seriously underestimate the harms of the mergers in relevant markets other than the special access/private line market"); Economides Decl. ¶ 17 – New York Attorney General ("I believe that DOJ did not identify all relevant antitrust markets where the two mergers can result in price increases and hurt the public interest.").

[2]     Even other *amici* agree with the DOJ that it is much less costly for a carrier with a fiber-to-the-floor connection to install the necessary equipment to access other floors than it is to build

(continued…)

Time Warner Telecom is too small to be competitive without disclosing to the Court that TWT just announced an acquisition that its CEO proclaimed "significantly broadens the already extensive nature of our local assets and national capabilities." TWT Press Release, "TWT to Acquire Xspedius for $531.5 million" (July 27, 2006). So such citations plainly do not undermine the Government's comprehensive analysis of all relevant evidence, and it suffices to say that the Government has more than adequately satisfied its burden under the Tunney Act.

## CONCLUSION

Accordingly, for the foregoing reasons, and those articulated in AT&T's prior briefs and in the Government's filings, this Court should promptly grant the Government's motion for entry of the final judgments.

Respectfully submitted,

  /s/  Wilma A. Lewis
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)

**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated:  September 19, 2006

---

(continued)

the lateral. *See, e.g.*, Economides Decl. ¶ 45 n.34 ("CLECs having a sound business basis to construct an additional building loop to serve one customer routinely provide ample excess capacity in the hope that the current customer's demand will grow, or that other tenants in the same building can be won over at a later time.").

3

Case 1:05-cv-02103-EGS     Document 188     Filed 09/19/2006     Page 4 of 5

## **_CERTIFICATE OF SERVICE_**

       I hereby certify that on this 19th day of September, 2006, true and correct copies of AT&T Inc.'s Reply to *Amici's* Oppositions to the United States' Submission in Response to the Court's Minute Order of July 25, 2006 were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the
 Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

Jonathan L. Rubin, Esquire
14121 Saddle River Drive
Potomac, MD  20878

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

*Attorneys for Time Warner Telecom, Inc.*
Theodore C. Whitehouse
Benjamin W. Jackson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC  20006

*Attorney for Sprint Nextel Corporation*
Timothy J. Simeone
Harris Wiltshire & Grannis LLP
1200 – 18th Street, N.W., 12th Floor
Washington, DC  20036

Kathleen F. O'Reilly
414 A Street, SE
Washington, DC 20003

Brenda Smith
5445 Old Providence Road
Virginia Beach, Virginia 23464

*Attorney for Attorney General for the State of New York*
Jay L. Himes
Chief Antitrust Bureau
Office of the Attorney Genera
120 Broadway
New York, NY  10271

*Attorney General for the State of New York*
Eliot Spitzer, Attorney General
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, NY  10271

          /s/  Valerie Hinko