IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　　Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　　Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO COMPTEL'S MOTION
TO CORRECT THE RECORD**

　　　　The United States opposes the motion by amicus COMPTEL to supplement, for a second time, its September 5, 2006, response to the United States Submission of August 7, 2006. Federal Rule of Civil Procedure 15(d), under which COMPTEL brings its motion, allows a party to seek leave of the Court to file a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." F.R.C.P. § 15(d).   No such transaction, occurrence or event has occurred here.

Though COMPTEL purports to "correct the record," its motion amounts to an improper surreply that attempts to respond to arguments made by the United States. In its Reply Submission, the United States accurately pointed out that COMPTEL had previously argued that the FCC should use a building-by-building approach to evaluate competitive conditions for certain types of local private lines (DS1 and DS3 loops). This assertion is neither "error" nor misleading. COMPTEL's prior advocacy of this position was offered merely to demonstrate that the United States' approach is reasonable and consistent with the perspectives previously offered by CLECs. The fact that a building-by-building approach was the CLECs' "fallback position" does not undercut this point, nor does it negate the fact that the CLECs argued in that case that narrow geographic areas were appropriate, given the variation in competitive conditions from building to building.[1]

The Court's scheduling orders did not provide for a surreply, nor should the Court amend its orders to permit one now. Over the course of the last ten months, amicus COMPTEL has had ample opportunity to present its arguments to the Court, beginning during the statutory comment period, continuing through several rounds of motions practice, and culminating in its (already once supplemented) response to the United States Submission.

---

[1] The FCC did not actually adopt a building-by-building approach, largely due to administrative difficulties. *See Covad Communications Co. v. FCC,* 450 F.3d 528, 544 (D.C. Cir. 2006). However, as COMPTEL points out in its motion, the FCC did not follow a *Merger Guidelines* analytical framework in the order at issue.

## Conclusion

For the foregoing reasons, the Court should deny COMPTEL's motion.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Jared A. Hughes
John M. Snyder (D.C. Bar No. 456921)
Trial Attorneys

Telecommunications & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

Dated: Sept. 22, 2006