**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br>v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>              Defendants,<br><br>The Alliance for Competition in<br>       Telecommunications<br><br>              and<br><br>COMPTEL,<br><br>       *Amicus-Curiae*. | Civil Action No.: 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>              Defendants,<br><br>The Alliance for Competition in<br>       Telecommunications<br><br>              and<br><br>COMPTEL,<br><br>       *Amicus-Curiae*. | Civil Action No.: 1:05CV02103 (EGS) |

**ACTel's MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY**

*Amicus Curiae*, the Alliance for Competition in Telecommunications ("ACTel"), hereby moves this Court for permission to file a surreply to the United States' Reply Submission in Response to the Court's Minute Order of July 25, 2006.

The magnitude of this case and the interests of justice warrant a complete opportunity for ACTel to respond to several important arguments that the government raises in its Reply brief that ACTel would not otherwise receive an opportunity to meaningfully respond to absent this Court's permission for leave to file a surreply.

For example, for the first time in this case the Government, in its Reply (which is almost twice as long as its opening memorandum and 13 pages over the limitation in Local Rule 7), offers an explanation as to why the harm flowing from the mergers is confined to 2-to-1 buildings, rather than 3-to-2 or 4-to-3 buildings. The Government's argument, to which ACTel has not yet had an opportunity to respond, is that a new stringent standard should be employed in the 3-to-2 or 4-to-3 building merger context requiring a showing that the acquired company has both: (a) unique competitive characteristics; and (b) regularly sells at the lowest prices in the market. This argument has no basis in law or economics and should the Court countenance this approach merger enforcement will be radically altered and irrevocably damaged since few, if any, mergers could possibly be enjoined under such standards. ACTel has not previously had an opportunity to respond to this and several other arguments the Government makes in it Reply. Moreover, several of the arguments in the Government's Reply are directly contradicted by documents in the record and ACTel would like to have the opportunity to direct the Court's attention to these instances.

Pursuant to the requirements of Local Rule 7(m), ACTel represents that it has conferred with all opposing parties. NASUCA, the NYAG, the NJDRPA and SPRINT do not object. The United States, AT & T and Verizon object.

Accordingly, ACTel respectfully requests that the Court grant it leave to file a surreply so as to allow it address these arguments to which it has not otherwise had an opportunity to respond. A copy of ACTel's intended surreply is being filed under seal with the Court today.

Dated: September 25, 2006

Respectfully submitted,

_____/s/_____

Gary Reback (Bar No. 218594)
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303
650-812-3489 (phone)
650-812-3444 (facsimile)
greback@carrferrell.com

Thomas Cohen (Bar No. 269332)
Kelley Drye & Warren LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
tcohen@kelleydrye.com

*Attorneys for the Alliance for Competition in Telecommunications*

2