**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　　Defendants,<br><br>The Alliance for Competition in<br>　　Telecommunications<br><br>　　　　　　and<br><br>COMPTEL,<br><br>　　　*Amicus-Curiae*. | Civil Action No.: 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　　Defendants,<br><br>The Alliance for Competition in<br>　　Telecommunications<br><br>　　　　　　and<br><br>COMPTEL,<br><br>　　　*Amicus-Curiae*. | Civil Action No.: 1:05CV02103 (EGS) |

**<u>ACTel's MOTION FOR LEAVE TO SUPPLEMENT RECORD
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>**

*Amicus Curiae*, the Alliance for Competition in Telecommunications ("ACTel"), hereby moves this Court for leave to supplement the record. Yesterday, the Department of Justice announced that it was clearing AT&T Corp.'s ("AT&T") acquisition of BellSouth, which still requires Federal Communications Commission approval, without conditions, restrictions or divestitures of any kind. This announcement, which is attached hereto as Exhibit A, is probative and important information of which this Court should be aware and, as a result, the Court should grant this motion and permit the record to be supplemented with the attached press release.

Pursuant to the requirements of Local Rule 7(m), ACTel has conferred with the parties and represents that all *amici* consent to granting the relief requested in this motion, while the Department of Justice ("the Department"), AT&T, and Verizon Communications, Inc. ("Verizon") object.

The BellSouth acquisition that is the subject of the press release raises precisely the same antitrust issues now pending before this Court, specifically including anticompetitive concentration and post merger price increases with respect to Local Private Lines. *See* Exhibit A at p. 2. In clearing the BellSouth acquisition, the Justice Department announced that it applied the "same criteria" as it applied to the SBC Communications, Inc. ("SBC") acquisition of AT&T. These very criteria are currently facing challenge and judicial review in this Court. We, therefore, file this motion to bring the Government's action to the attention of the Court.

Because the BellSouth acquisition raises the same antitrust issues now before this Court, bipartisan Congressional leadership wrote letters to both the Attorney General and the head of the Antitrust Division, asking that antitrust review of the BellSouth

acquisition be held in abeyance until completion of this Court's Tunney Act evaluation. The Department simply ignored this request and cleared the deal, notwithstanding the absence of any exigent circumstances that required immediate review.

In order to avoid both judicial and public scrutiny of its actions, the Justice Department did not condition the acquisition in any respect. There will be no consent decree, no public comment, and no Tunney Act review of the BellSouth acquisition. There are no competitive safeguards attached to that deal at all. Rather than submitting to the probing questioning and rigorous review of the judiciary in a Tunney Act proceeding, the Justice Department simply issued a press release, filled with self-praise about how "thoroughly" the Antitrust Division investigated the acquisition.

The Department claimed that it cleared the BellSouth deal by applying the "same criteria" that it used to review the SBC-AT&T merger. The adequacy of these "criteria" is the issue this Court currently has before it. Appropriate deference to the role of the judiciary (particularly after a specific request from Congressional leadership) would dictate a hiatus to permit the Court to rule. Yet the Justice Department simply steamed ahead, applying its new "criteria" without regard to what this or any other court might conclude.

The Court will recall that the "criteria" now being applied by the Justice Department includes some remarkable departures from settled antitrust doctrine. The Department's market entry criteria, for example, ignores many of the entry factors the Government pled in its own complaint, as well as the "timely, likely and sufficient" requirements of the Merger Guidelines. The Department's new approach to competition analysis also relies on the so-called Bertrand model, deemed a "not very realistic"

3

"counterintuitive" "paradox" by the leading economic textbooks. Indeed, the Government's BellSouth press release seems to indicate that the Government no longer even requires two actual competitors to protect the public interest – "potential competition," in the view of this Administration, is sufficient to protect the public interest. Not even 2-to-1 buildings merit divestitures.

And the "same criteria" now being applied by the Government include the requirement of "uniqueness" to challenge an anticompetitive merger. The Department has disingenuously claimed that its reliance on "uniqueness" is merely a response to the arguments of *amici*, but the record is to the contrary. The Government's first invocation of the "uniqueness" requirement (in this or any other antitrust proceedings of which we are aware) came in its initial August 7 economist declaration at ¶ 17 – before any *amici* had replied: "If AT&T or MCI had some unique qualifications … there might be concerns." Presumably, the absence of "uniqueness" in AT&T's product offering carried the day in the BellSouth acquisition, as well as the SBC deal.

But the "criteria" now being applied by the Government, do not include evaluation of either concentration (HHIs) or post merger price increases. Those traditional benchmarks were absent from the Government's analysis of the SBC deal. And the Department's BellSouth press release contains not a word on either subject. No small wonder the "same criteria" now being applied by the Government required no divestitures by BellSouth. The "divestitures" required in the SBC deal were so thoroughly worthless that even the Government declined to waste everyone's time on such a meaningless exercise.

4

The public outcry over the Department's action has only just begun.[1]  We know full well that this Court is without authority to review the BellSouth acquisition.  We bring the Department's action to the Court's attention so that the Court may further understand the consequences of the new merger review criteria that the Department has asked this Court to bless in the SBC case.  As we have argued throughout this proceeding, these new "criteria" will dramatically change antitrust enforcement.  The Department's approach does not meet the "public interest" standard.  The Government needs to know that.

Dated: October 11, 2006

                                      Respectfully submitted,

                                      _____/s/_____

                                      Gary Reback (Bar No. 218594)
                                      Carr & Ferrell LLP
                                      2200 Geng Road
                                      Palo Alto, CA  94303
                                      650-812-3489 (phone)
                                      650-812-3444 (facsimile)
                                      greback@carrferrell.com

---

[1] For example, a coalition of consumer groups blasted the Justice Department's clearance as an abdication of responsibility to promote competition that will lead to "inflated prices."

The Ranking Democrat on the House Subcommittee on Communications and the Internet was even more critical:  "The approval this morning of the merger of these two Bell behemoths by the Department of Justice, without any competitive or consumer safeguards or conditions, underscores how the Bush Administration's Antitrust Division has become the executive branch's version of Rip Van Winkle – it appears to be deep in the throes of a multiyear slumber.  The historic sound of its marketplace-watchdog bark has been replaced by a gentle snore.  Today's decision represents a shirking of its important responsibility."

And FCC Commissioner Michael Copps stated:  "The Justice Department has packed its bags and walked out on consumers and small businesses by refusing to impose even a single condition in the largest telecom merger the nation has ever seen.  This abdication looks suspiciously like an end-run around the public interest review required by the Tunney Act:  no consent decree, no way for the courts to conduct a review."

Thomas Cohen (Bar No. 269332)
Kelley Drye & Warren LLP
3050 K Street, NW, Suite 400
Washington, DC  20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
tcohen@kelleydrye.com

*Attorneys for the Alliance for Competition in Telecommunications*