**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05CV02102 (EGS) |
| **SBC Communications, Inc. and AT&T Corp.,** | ) | |
| Defendants. | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:05CV02103 (EGS) |
| **Verizon Communications, Inc. and MCI, Inc.,** | ) | |
| Defendants. | ) | |

**AT&T INC.'S OPPOSITION TO ACTEL'S MOTION
TO SUPPLEMENT THE RECORD**

AT&T Inc. opposes ACTEL's motion to "supplement the record" with irrelevant material, erroneous allegations, and a re-hash of legally incorrect arguments. The Justice Department's conclusion regarding the AT&T/BellSouth merger involves an entirely different transaction not before the Court that obviously involves entirely different facts relevant to that competitive analysis. If anything is clear from the Government's extensive explanation of how it conducted its investigations of the SBC/AT&T and Verizon/MCI transactions, it is that each transaction is different and the competitive effects depend completely on the particular facts and

circumstances.  So there is nothing ACTEL or anyone else can say about a different transaction that could be relevant here.

The second reason to deny ACTEL's motion is that it is just using the BellSouth announcement as an excuse to re-argue points included in prior filings.  ACTEL (at 3-5) again accuses the Government of "departures from settled antitrust doctrine" based on a variety of assertions from its briefs of September 11 and 28.  The Government responded in full so this latest filing would add nothing new to this record.  ACTEL's attempt to circumvent this Court's briefing schedule by using a separate and irrelevant transaction as a vehicle to re-hash old arguments should not be rewarded.

Additionally, ACTEL's latest motion repeats a fundamental error of law that the parties have pointed out, but ACTEL persists in advancing.  The motion (at 2, 3) again invites judicial scrutiny of the Government's "criteria" for deciding what antitrust violation to allege in its Complaints.  But ACTEL could not be more wrong, as the Tunney Act itself and constitutional principles of separation of powers make clear that courts cannot second-guess the Justice Department's exercise of its prosecutorial discretion.[1]  The proper scope of this Court's review is limited to whether the proposed remedy adequately addresses the anticompetitive harm the Government alleged in its Complaints, which the record makes clear it does 100%.[2]

---

[1] *See* AT&T Inc.'s Reply to Comptel's Opposition to the Department of Justice's Motion for Entry of Final Judgments (April 18, 2006), at 2-5; AT&T Inc.'s Response to ACTEL's Opposition and Supplemental Opposition to the Department of Justice's Motion for Entry of Final Judgments (May 31, 2006), at 2-9 & n.4.

[2] Even ACTEL admits (at 5) that "this Court is without authority to review the BellSouth acquisition," obviously because second-guessing the Government's considered decision not to challenge a transaction would violate these same principles.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system, . . . the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion."); *Haitian Refugee*

(continued…)

Further, ACTEL continues its *modus operandi* of hurling unsupported accusations at the Government, such as its assertion (at 3) that DOJ's decision in the BellSouth matter was intended "to avoid judicial and public scrutiny." The reality is that the Assistant Attorney General publicly explained in a press release that DOJ conducted an "extensive investigation" of the BellSouth transaction, in which it "thoroughly examined all areas" of competitive overlap.[3] That investigation focused "in significant part" on local private line services and led to the conclusion that "postmerger, AT&T would have several competitors with extensive local networks" and thus "divestitures were unnecessary to preserve competition." *Id.* This conclusion is not at all surprising because the BellSouth transaction obviously involves far fewer overlapping assets spread over a smaller geographic area than the instant case.[4]

Finally, the Government concluded that the combination of AT&T and BellSouth "would likely result in cost savings and other efficiencies that should benefit consumers." *Id*. In such circumstances, it is the executive branch's duty to the public to complete its law enforcement investigations and announce the results without undue delay. To postpone the conclusion of the BellSouth review after the Government had determined there was no basis to challenge the transaction under the antitrust laws not only would have been inappropriate, it would have been unfair to the employees, shareholders and customers of AT&T and BellSouth.

---

(continued)

*Center v. Gracey*; 809 F.2d 794, 804 (D.C. Cir. 1987) ("The refusal of courts to intervene with prosecutorial discretion is . . . an aspect of the separation of powers.").

[3]     See DOJ Press Release (Oct. 11, 2006), *available at* http://www.usdoj.gov/atr/public/press_releases/2006/218904.htm.

[4]     While the FCC is still in the process of completing its review, all eighteen of the state utility commissions that have examined the merger to date have joined the DOJ in clearing the transaction with no divestitures or other conditions.

In short, ACTEL should not be allowed to distract and delay this Court from a prompt resolution. This Court has presided over a full and fair proceeding that has created an extensive record reflecting all perspectives. Under the Court's schedule, as extended to accommodate *amici*, the record here is complete and closed. This matter has now been pending for almost a year and purchasers are waiting to acquire the divested assets so they can offer competitive alternatives in the affected buildings. As ACTEL itself said on September 11, "[i]t is time for the Court to rule."[5]

Respectfully submitted,

/s/ Wilma A. Lewis
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)

**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated: October 12, 2006

---

[5] ACTEL's Corrected Response to the United States' Submission Pursuant to the Court's Minute Order of July 25, 2006 (Sept. 11, 2006), at 28.

4

## *CERTIFICATE OF SERVICE*

       I hereby certify that on this 12th day of October, 2006, true and correct copies of AT&T Inc.'s Opposition to ACTEL's Motion to Supplement the Record were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the
  Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

Jonathan L. Rubin, Esquire
14121 Saddle River Drive
Potomac, MD  20878

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

                                                 /s/  Valerie Hinko