**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>        Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>        Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO ACTel's MOTION FOR LEAVE**
**TO SUPPLEMENT RECORD**

The United States opposes ACTel's Motion for Leave to Supplement Record, as its proposed supplemental pleading adds nothing of substance. While acknowledging that "this Court is without authority to review the BellSouth acquisition,"[1] ACTel here uses the Department of Justice's decision not to challenge the AT&T-BellSouth merger to raise yet again

---

[1] ACTel's Motion for Leave to Supplement Record and Memorandum of Points and Authorities in Support at 5 (Oct. 12, 2006) ("ACTel Motion").

a laundry list of arguments that have been shown to be baseless in the extensive briefing to date.[2]

The Department of Justice evaluates each merger on its own merits. After conducting a thorough investigation of the AT&T-BellSouth merger, the Department announced, in a time frame consistent with its statutory obligations, that it had not found a basis upon which to challenge that merger.[3] The Department of Justice's exercise of its prosecutorial discretion in not challenging that merger has no relevance to the question actually before the Court – whether entry of the proposed Final Judgments serves the public interest.

ACTel's proposed supplemental pleading adds nothing that would assist the Court in making its public interest determination. Rather, ACTel continues to argue that the government has adopted "new merger review criteria" that "will dramatically change antitrust enforcement" and asks the Court to send a message that this "new" approach does not meet the public interest

---

[2] ACTel Motion at 3-5. The United States has repeatedly explained how its approach to investigating the SBC-AT&T and Verizon-MCI mergers followed standard and well-established antitrust analysis. *See, e.g.,* United States' Opposition to ACTel's Motion for Leave to File Surreply at 3-5 (Sept. 28, 2006); *see also id.* at 2 & n.5 (explaining that HHIs are only a starting point for merger analysis); United States' Reply Submission in Response to the Court's Minute Order of July 25, 2006 at 12-16 (Sept. 19, 2006) (explaining the Department's entry analysis); United States' Supplemental Response to ACTel's Reply at 4-6 (June 22, 2006) (commenting on the insufficiency of ACTel's alleged evidence of price increases).

[3] ACTel suggests that the Department should have "held in abeyance" its review of the AT&T-BellSouth merger until these proceedings are completed. ACTel Motion at 3. Under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act"), the parties to a merger are required to refrain from consummating the transaction while the Department investigates, but only for a period that ends 30 days after the parties certify compliance with the Department's requests for additional information and documentary material. 15 U.S.C. § 18a(e)(2). This 30-day period expired months ago. The Federal Communications Commission ("FCC") retained the ability to block the transaction pending its own decision, but that decision, if issued according to the FCC's internally set deadline, would have issued in mid-October. *See* Commission Seeks Comment on Application for Consent to Transfer of Control Filed by AT&T Inc. and BellSouth Corporation, Public Notice, WC Docket No. 06-74, DA 06-904, at 1 (Apr. 19, 2006). Because the Antitrust Division believed it had no basis to challenge the merger in court, it was only proper for it to inform the parties that it did not intend to file such a challenge. Under recent Division policy, *see* Antitrust Division, United States Department of Justice, Issuance of Public Statements Upon Closing of Investigations, *available at* http://www.usdoj.gov/atr/public/guidelines/201888.pdf, a public announcement to that effect was appropriate.

standard.[4]  As demonstrated in earlier pleadings, there are no such "new criteria" for merger review.[5]  But the issue before the Court is not whether the Department has appropriately exercised its prosecutorial discretion in these cases, or any other case, but whether it would be in the public interest to enter the judgments that will require AT&T and Verizon to divest the assets in question so that they can be used by other companies to offer competition where it would otherwise be lost.

---

[4] ACTel Motion at 5.

[5] As recently pointed out by amicus COMPTEL, the Department continues to investigate mergers under the approach outlined in the *Horizontal Merger Guidelines* and to bring enforcement actions where warranted.  *See* Motion to Supplement COMPTEL's Response to the DOJ's Supplemental Submission (Sept. 14, 2006) (bringing to the Court's attention the Department's enforcement action against ALLTEL and Midwest Wireless).

**Conclusion**

For the foregoing reasons, ACTel's Motion for Leave to Supplement Record should be denied.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Jared A. Hughes

Trial Attorneys

Telecommunications and Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

Dated: October 16, 2006