**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ENTERED AUGUST 4, 2006**

# REDACTED FOR PUBLIC INSPECTION

## ATTACHMENT: UNITED STATES' RESPONSES TO ALLEGATIONS MADE BY AMICI AT NOVEMBER 30, 2006 HEARING

| | |
|---|---|
| **1**<br><br>**Hearing Transcript (Nov. 30, 2006) at 59:21-60:2** | **The United States has provided the Court with the specific criteria and methodology used to conduct its entry analysis.**<br><br>Complaints ¶¶ 27-29 (Oct. 27, 2005)<br>Competitive Impact Statements at 8 (Nov. 16, 2005) ("CISs")<br>Response to Public Comments at 20, 22-23 (Mar. 21, 2006) ("RPC")<br>Reply of United States to COMPTEL's Opposition to the United States' Motion for Entry of the Final Judgments at 7-8 & nn.19-21 (Apr.17, 2006) ("U.S. Reply to COMPTEL's Opposition")<br>Reply of the United States to ACTel's Opposition to the United States Motion for Entry of the Final Judgments at 19-23 (June 1, 2006) ("U.S. Reply to ACTel's Opposition")<br>U.S. Submission in Response to the Court's Minute Order of July 25, 2006 at 6 (Aug. 7, 2006) ("U.S. Subm.")<br>Declaration of W. Robert Majure ¶ 14 & n.17, ¶ 21 & n.25 (Aug. 7, 2006) ("Majure Decl.")<br>U.S. Submission in Reply to the Court's Minute Order of July 25, 2006 at 12-15 (Sept. 19, 2006) ("U.S. Reply Subm.")<br>Reply Declaration of W. Robert Majure ¶ 16 & n.23; ¶ 18 & n.27 (Sept. 19, 2006) ("Majure Reply Decl.") |

| | |
|---|---|
| 2<br><br>65:17-25 | **The State of New York is authorized to challenge mergers pursuant to Section 7 of the Clayton Act.**<br><br>15 U.S.C. § 26; *see New York v. Kraft Gen. Foods, Inc.*, 862 F. Supp. 1030, 1033 (S.D.N.Y. 1993); *United States and New York v. Sony Corp. of America*, 2000-1 Trade Cas. (CCH) ¶ 72,787 (S.D.N.Y. Nov. 9, 1998), 1998 U.S. Dist. LEXIS 20815; Final Judgment, *New York v. Service Corp. Int'l*, No. 99-Civ.-11391 (S.D.N.Y. Nov. 19, 1999), http://www.oag.state/ny.us/business/antitrust/pdfs/ny_sci.pdf; Final Judgment, *New York v. Allied Waste Indus., Inc.*, No. 00 Civil No. 363 (S.D.N.Y. Jan. 31, 2000), http://www.oag.state.ny.us/business/antitrust/pdfs/ny_alliedwaste.pdf; Final Judgment, *New York v. El Paso Energy Corp.*, No. 01-CV-0059S (SC) (W.D.N.Y. May 2, 2001), http://www.oag.state.ny.us/business/antitrust/pdfs/ny_elpaso.pdf. |
| 3<br><br>67:2-7;<br>88:16-89:1 | **The United States' filings described HHIs relevant to the 2-to-1 buildings and also explained why HHIs in this matter may be misleading. HHIs are part of merger analysis but only a starting point.**<br><br>United States' Supplemental Response to ACTel's Reply at 3 & nn.7-8 (June 22, 2006)<br>U.S. Reply Subm. at 10-12 & nn.32-33<br>Majure Reply Decl. ¶¶ 11-14 & n.13<br>United States' Opposition to ACTel's Motion for Leave to File Surreply at 2 & nn.2-5 (Sept. 28, 2006)<br><br>U.S. Dep't of Justice Fed. Trade Comm'n, *Horizontal Merger Guidelines* § 1.52 (rev. ed. Apr. 8, 1997)<br>U.S. Dep't of Justice Fed. Trade Comm'n, *Commentary on the Horizontal Merger Guidelines* at 15-16 (Mar. 2006) |



| | |
|---|---|
| **4**<br>**76:5-10;**<br>**78:12-21** | **The record does not show that there is a significant barrier to CLECs being able to compete for other business in a building once they have a facilities-based connection to that building.**<br><br>CISs at 6<br>RPC at 38-39<br>Majure Decl. ¶ 14 & nn. 14-15, ¶ 21 & n.25<br>Attachments to Declaration of W. Robert Majure (Aug. 7, 2006) ("Majure Decl. Attachs"), Tab 6, CLEC Network Maps and Building Lists, Tab 9, CLEC Interrogatory Responses (Aug. 7, 2006)<br>U.S. Reply Subm. at 12-15 & nn.39, 39, 41; 33 & n.111<br>Majure Reply Decl. ¶ 18 & n.27 |

| | |
|---|---|
| | **The United States has consistently made it clear that it did not find harm in all 2-to-1 buildings but only those where entry is unlikely.**<br><br>CISs at 8<br>RPC at 20, 22-23<br>U.S. Reply to COMPTEL's Opposition at 8 & nn.20, 21<br>U.S. Reply to ACTel's Opposition at 19-20, 23<br>U.S. Subm. at 5-7, 6<br>Majure Decl. ¶¶ 14<br>Majure Reply Decl. ¶ 19 |
| **5**<br><br>**79:13-21** | **The United States is required to protect confidential information generally by statute and specifically by the protective order entered in these proceedings, and takes seriously its responsibility to do so.**<br><br>15 U.S.C. §§ 1313<br>Order, *United States v. SBC Communications, Inc., United States v. Verizon Communications Inc.*, Nos. 1:05CV02102,1:05CV02103 (EGS) (D.D.C. Aug. 4, 2006)<br><br>**The Department did enter building information into the record, but this information was designated confidential by the parties to the mergers and the CLECs, including members of ACTel and COMPTEL, who submitted it to the Department.**<br><br>Majure Decl. Attachs., Tab 6, CLEC Network Maps and Building Lists |

| | |
|---|---|
| 6<br><br>84:17-85:3 | **The United States has explained its methodology for analyzing entry, including why it concluded that distance to network and demand were more important than other factors.**<br><br>RPC at 23 & n.40<br>U.S. Subm. at 6 & n.16<br>Majure Decl. ¶ 14 & n.15<br>Majure Decl. Attachs. Tab 9, CLEC Interrogatory Responses<br>U.S. Reply Subm. at 13-14 & nn. 39 & 41<br>Majure Reply Decl. ¶ 16 & n.24, ¶ 18 & n.27 |
| 7<br><br>89:15-18 | **Although entry into local private line markets can be difficult, the potential for entry is present if the expected revenues are sufficient, taking into account the cost of building a connection. The United States has provided information showing where entry has occurred.**<br><br>Complaints ¶¶ 27-29<br>CISs at 8<br>RPC at 17 & n.27, 20 & n.33, 22-23<br>U.S. Reply to ACTel's Opposition at 21-23<br>U.S. Subm. at 6-8 & nn. 17 & 18<br>Majure Decl. ¶ 10 & nn. 10-12<br>Majure Decl. Attachs., Tab 6, CLEC Network Maps and Building Lists, Tab 8: CLEC Business Plans, Tab 9, CLEC Interrogatory Responses<br>U.S. Reply Subm. at 12-15<br>Majure Reply Decl. ¶¶ 16-18 |

| | |
|---|---|
| 8<br><br>90:1-4 | **The Tunney Act requires the court to evaluate the proposed remedies given the harm alleged in the complaint, not whether to approve or disapprove the merger.**<br><br>RPC at 7-13, 16 n.25, 49-50 & n.91, 51-52<br>Plaintiff United States' Motion and Memorandum in Support of Entry of Final Judgments at 4-5 (Apr. 5, 2006)<br>U.S. Reply to COMPTEL's Opposition at 2-5<br>U.S. Reply to ACTel's Opposition at 3-11 & nn.29-31, 18, 24, 30-31, 34-35<br>U.S. Supplemental Response to ACTel's Reply at 2 & n.5 (June 22, 2006)<br>U.S. Opposition to the Motions to Intervene by the National Association of State Utility Consumer Advocates and New Jersey Division of the Ratepayer Advocate at 2 & n.3 (July 24, 2006)<br>U.S. Subm. at 3-4 & n.7, 17, 20<br>U.S. Reply Subm. at 2, 23 & n.78 |
| 9<br><br>90:14-21;<br>92:14-16 | **The evidence in the record supports Dr. Majure's conclusion that LPL are close to commodities.**<br><br>U.S. Reply to ACTel's Opposition at 16-18 & n.51<br>U.S. Subm. at 9<br>Majure Decl. Attachs., Tab 10, Documents Pertaining to CLECs as Providers of Access<br>U.S. Reply Subm. at 33<br>Majure Reply Decl. ¶¶ 24-25 |
| 10<br><br>91:23-25 | **The United States explained its analysis pursuant to the *Horizontal Merger Guidelines*, including the fact that the uniqueness of the party being acquired is a standard part of competition analysis. However, uniqueness is not the sole factor in determining whether harm is likely.**<br><br>U.S. Reply to ACTel's Opposition at 16 & n.48<br>U.S. Reply Subm. at 32-34<br>Majure Reply Decl. ¶¶ 23-30 & nn.39-40<br>United States' Opposition to ACTel's Motion for Leave to File Surreply at 3-5<br><br>*Horizontal Merger Guidelines* § 2.2. |

| | |
|---|---|
| 11<br><br>92:14-16 | **The evidence in the record suggests that AT&T was not the lowest price provider. MCI offered**<br><br>**[REDACTED]**<br><br>U.S. Reply to ACTel's Opposition at 16-18 & n.49<br>Majure Decl. ¶ 17 n.20<br>U.S. Reply Subm. at 31-32<br>Majure Reply Decl. ¶¶ 27-29<br>Majure Reply Decl. Attach., Critique of Dr. Wilkie's Analysis at 1-2 (Sept. 19, 2006) |
| 12<br><br>93:8-19 | **The United States explained its rationale for concluding that the evidence did not support a case beyond what was alleged in the Complaints and explained the relevance of the principles illustrated in the Bertrand Model.**<br><br>Majure Decl. ¶¶ 13-14, ¶ 17<br>Majure Reply Decl. ¶¶ 6-10, ¶ 16, ¶¶ 23-27 & n.36, ¶ 31, ¶¶ 33-34<br>United States' Opposition to ACTel's Motion for Leave to File Surreply at 5 n.14 (Sept. 28, 2006) |