## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>SBC Communications, Inc. and )<br>AT&T Corp., )<br><br>Defendants. ) | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Verizon Communications, Inc. and )<br>MCI, Inc., )<br><br>Defendants. ) | Civil Action No. 1:05CV02103 (EGS) |

### AT&T INC.'S OPPOSITION TO SPRINT'S MOTION TO SUPPLEMENT

AT&T Inc. opposes Sprint's attempt to "supplement" the record with plainly irrelevant material relating to the AT&T/BellSouth transaction.  When Sprint initially sought leave to participate in these proceedings, it pledged that "[b]ecause Sprint seeks to participate only as specifically authorized by the Court and for purposes of appeal, Sprint's participation will not delay the proceedings or prejudice the parties."  Motion of Sprint Nextel Corporation for *Amicus Curiae* Status and to Intervene and Memorandum of Points and Authorities, at 3 (July 20, 2006).  Sprint's unauthorized Motion to Supplement contradicts this commitment and seeks to distract the Court with information that is well beyond the scope of this proceeding.

It is undisputed that the AT&T/BellSouth transaction is not before this Court in any manner. *Amici* acknowledged explicitly that "this Court is without authority to review the BellSouth acquisition." Actel Motion for Leave to Supplement the Record, at 5 (Oct. 12, 2006). In fact, this Court has confirmed its agreement with the parties and *amici* that the BellSouth transaction is outside the scope of its current public interest inquiry. Transcript of November 30, 2006 at 7:19-9:1 ("I'm not getting at that issue, I'm not scrutinizing the government's actions or inactions in that second case . . . That's not before me.").

Sprint's Motion, nevertheless, improperly invites the Court to consider the BellSouth transaction in reaching a decision. It suggests that the FCC's interest in taking account of the Court's ruling should somehow influence the outcome of this proceeding. But what a different federal agency may do with regard to a different transaction under a statutory standard different from the antitrust laws (much less the Tunney Act) has no conceivable bearing here.[1]

Put simply, this proceeding is limited to the SBC/AT&T and Verizon/MCI transactions. Nothing in or about the BellSouth transaction changes the sole issue before this Court or the Court's analysis of that issue. The only issue before the Court is whether the remedy proposed by the Department of Justice addresses the competitive harm alleged in the Complaints such that the Court can conclude, consistent with the statutory factors, that the proposed judgments are in the public interest. The record demonstrates that divestitures are required in 100 percent of the

---

[1] Sprint goes so far as to suggest this Court should consider the FCC's alleged "lack of attention" to conditions it imposed on the BellSouth transaction, pointing to typographical errors in the attachment to the FCC press release. Motion at 2, n.3.

buildings where harm is alleged, so there can be no question this complete relief satisfies the public interest standard.[2]

### Conclusion

This proceeding has now been pending for over one year. *Amici* have caused delay twice before by seeking to introduce issues related to the AT&T/BellSouth merger, despite their own admission that that transaction stands completely outside this Court's scope of review. Given the stipulated irrelevance of that separate transaction to this proceeding and Sprint's prior pledge to avoid delay, Sprint's Motion to Supplement should be denied. This Court should promptly proceed to a decision that the decrees are in the public interest.


Respectfully submitted,


  /s/  Wm. Randolph Smith
Wm. Randolph Smith (D.C. Bar No. 356402)
Wilma A. Lewis (D.C. Bar No. 358637)

---

[2] At the November 30 hearing, for the first time during this proceeding, *amici* purported to dispute the fact that the remedy offers 100 percent relief to the harm alleged in the Complaint: "Ms. Lewis kept saying to you it's 100 percent remedy. It's less than 50 percent." Tr. at 80:2-4. It is important for the record to be clear that the *amici's* assertion is false, as it includes buildings that the Government did not include in the violation alleged in the Complaints. As the DOJ clearly stated in its March 21, 2006 Response to Public Comments (at 20), "**Nowhere do the Complaints state that there would be competitive harm in all 2-to-1 buildings, nor would the facts support such an allegation**. One reason is that for some of the 2-to-1 buildings entry would be likely in response to a post-merger price increase." The Government's economic expert similarly testified in his sworn declaration that "the buildings identified by the Department as likely to experience harm from the mergers . . . include **only those buildings where entry is unlikely**." Majure Decl. ¶ 14 (Aug. 7, 2006). Thus, the proper focus is limited to those buildings where the government alleged competitive harm, and there is no doubt the divestitures remedy that harm 100 percent.

**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated:  January 9, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 9th day of January, 2007, true and correct copies of AT&T Inc.'s Opposition to Sprint's Motion to Supplement were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the
  Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer Advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

Kathleen F. O'Reilly
414 A Street, SE
Washington, DC 20003

*Attorneys for Time Warner Telecom, Inc.*
Theodore C. Whitehouse
Benjamin W. Jackson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC  20006


*Attorney for Sprint Nextel Corporation*
Timothy J. Simeone
Harris Wiltshire & Grannis LLP
1200 – 18th Street, N.W., 12th Floor
Washington, DC  20036

*Attorney for Attorney General for the State of New York*
Jay L. Himes
Chief Antitrust Bureau
Office of the Attorney Genera
120 Broadway
New York, NY  10271

*Attorney General for the State of New York*
Eliot Spitzer, Attorney General
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, NY  10271


        /s/  Valerie Hinko