IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 1:05CV02102 (EGS) |
| SBC COMMUNICATIONS, INC., and AT&T CORP., | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 1:05CV02103 (EGS) |
| VERIZON COMMUNICATIONS, INC., and MCI, INC., | |
| Defendants. | |

**RESPONSE OF ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF NEW YORK,
TO AT&T'S OPPOSITION TO SPRINT NEXTEL CORPORATION'S
MOTION TO SUPPLEMENT**

We are reluctant to burden the Court with more papers. However, AT&T's opposition to Sprint Nextel's motion includes an assertion that warrants response.

In its motion, Sprint Nextel refers to AT&T's recent promise to the FCC to divest access to certain buildings. In that context, Sprint Nextel noted:

> The divestitures themselves relate to only 31 buildings in the entire AT&T/BellSouth overlap regions. Even the briefest review of AT&T's building list (Exhibit A at 19) discloses gross errors in identifying divestiture locations. Buildings are said to be located in "Lauderhill, TN" and "Sunrise, TN," but the addresses bear Florida zip codes. Lauderhill and Sunrise are in fact in Florida. Other buildings are said to be located in "Nashville, FL," although the

> corresponding zip code is in Tennessee. Of course, at some point, these errors will be discovered and corrected. The fact that they exist at all, however, is telling: the lack of attention that produced these mistakes is a by-product of the trivial value of the divestiture offer itself.

Sprint Motion at 2, n.3.

In opposing Sprint's motion, AT&T writes that:

> Sprint goes so far as to suggest this Court should consider the FCC's alleged "lack of attention" to conditions it imposed on the BellSouth transaction, pointing to typographical errors in the attachment to the FCC press release. Motion at 2, n.3.

AT&T Opposition at 2, n.1.

The attachment to the FCC's press release, however, is AT&T's own December 28, 2006 letter to the agency. AT&T's letter included the list of buildings where AT&T offered to divest access. The errors in that list, and the lack of attention that produced them, are those of AT&T. *See* Robert W. Quinn, Jr.'s December 28, 2006 letter to the FCC, and annexed Attachment B, included as Exhibit A to Sprint Nextel's motion.

We would not wish the Court to be misled by AT&T's effort to attribute its own mistakes to the FCC.

Dated: New York, New York
      January 10, 2007

                      Respectfully Submitted,

                      ANDREW M. CUOMO
                      Attorney General of the State of New York

                      By: /s/ Jay L. Himes
                          Jay L. Himes
                          Chief, Antitrust Bureau
Mary Ellen Burns             120 Broadway
Special Counsel               Suite 26C
Public Advocacy Division     New York, NY 10271
                          212-416-8282

Keith H. Gordon
Assistant Attorney General
Consumer Frauds and Protection Bureau

Jeremy Kasha
Assistant Attorney General
Antitrust Bureau