UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., and<br>AT&T CORP.<br>        Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., and<br>MCI, INC.<br>        Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**MOTION OF LEVEL 3 COMMUNICATIONS LLC FOR PERMISSION
TO PARTICIPATE IN THESE PROCEEDINGS FOR THE PURPOSE OF
APPRISING THE COURT OF THE NEED FOR EXPEDITED REVIEW OF THE
UNITED STATES' PROPOSED FINAL JUDGMENT AND MEMORANDUM OF
POINTS AND AUTHORITIES**

Pursuant to the Tunney Act, 15 U.S.C. §16(f)(3), Level 3 Communications LLC ("Level 3") moves for permission to participate in this action for the limited purpose of filing the accompanying memorandum bringing to the Court's attention Level 3's views on the need for expedited review of the Proposed Final Judgment ("PFJ").

Pursuant to Local Rule 7, Level 3 has conferred with counsel for the United States, who does not oppose this request; counsel for AT&T, who does not oppose this request and; counsel for Verizon Communications, Inc., who does not oppose this request.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Tunney Act gives this Court the discretion to allow participation of "interested persons" in any "manner and extent which serves the public interest as the court may deem appropriate." 15 U.S.C. §16(f)(3). Level 3 has a vital interest in this Court's prompt and proper review of the PFJ, which requires the divestiture of certain assets of the merged AT&T Corp. and SBC Communications, Inc. (together, "AT&T"), a combination which the Department of Justice (the "Department") has determined is anticompetitive. *See Competitive Impact Statement*, pp. 6-8.

Level 3 seeks permission from this Court to file the accompanying memorandum in order to bring to the Court's attention Level 3's views on the need for expedited review of the PFJ. Level 3, a non-party to this action, has an interest in this proceeding as a purchaser of some of the assets required to be divested ("Divestiture Assets") by AT&T under the PFJ.

The Department's PFJ, at 1, requires "the prompt and certain divestiture" of the Divestiture Assets to cure the anticompetitive effects of the merger between AT&T Corp. and SBC Communications, Inc., which closed in November 2005.

Level 3 and AT&T have negotiated the purchase by Level 3 of the Divestiture Assets. Department approval is required before the transaction may close. Department approval, however, is contingent upon this Court's review of the PFJ. Level 3 thus is an "interested person" within the meaning of the Tunney Act.

The anticompetitive effects alleged in the Department's Complaint have continued since the AT&T merger closed in 2005. Level 3 has been unable to use the Divestiture Assets to compete against AT&T. More importantly, the competition the Complaint alleges was lost in the merger has yet to be restored. A prompt and proper conclusion to the Tunney Act proceeding thus "serves the public interest" within the meaning of the statute.

For these reasons, Level 3 respectfully requests that this Court grant its motion for permission to participate in this action for the limited purpose of bringing to the Court's attention Level 3's views on the need for expedited review of the PFJ.

Dated: February 20, 2007

Respectfully submitted,

By: /s/ Bernard A. Nigro

Bernard A. Nigro Jr. (D.C. Bar No. 412347)
Daniel K. Alvarez (D.C. Bar No. 500173)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
202.303.1000 (telephone)
202.303.2000 (facsimile)
bnigro@willkie.com
dalvarez@willkie.com

*Counsel for
Level 3 Communications LLC*