UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., and AT&T CORP.<br>           Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., and MCI, INC.<br>           Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**LEVEL 3 COMMUNICATIONS LLC'S MEMORANDUM IN SUPPORT OF ITS REQUEST TO PARTICIPATE IN THESE PROCEEDINGS FOR THE PURPOSE OF APPRISING THE COURT OF THE NEED FOR EXPEDITED REVIEW OF THE UNITED STATES' PROPOSED FINAL JUDGMENT**

Bernard A. Nigro Jr. (D.C. Bar No. 412347)
Daniel K. Alvarez (D.C. Bar No. 500173)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
202.303.1000 (telephone)
202.303.2000 (facsimile)
bnigro@willkie.com
dalvarez@willkie.com

Dated: February 20, 2007

*Counsel for*
*Level 3 Communications LLC*

- i -

## TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| STATEMENT OF INTEREST OF LEVEL 3. | 1 |
| PROCEDURAL AND FACTUAL BACKGROUND | 2 |
| DISCUSSION | 3 |
| CONCLUSION | 4 |

## INTRODUCTION

Level 3 Communications LLC ("Level 3") is an international communications company with financial and competitive interests in bringing about a prompt conclusion to the Court's review of this matter. The United States Department of Justice ("Department") determined that SBC Communications, Inc.'s ("SBC") acquisition of AT&T Corp. (together with SBC, "AT&T") would result in substantial anticompetitive effects absent "prompt divestitures" of certain of AT&T's assets ("Divestiture Assets"). *Stipulation*, at 3. SBC completed its acquisition of AT&T in November 2005, yet the divestitures have not occurred. Unfortunately, this means that there has been no "remedying the effects that the United States alleges would otherwise result from SBC's acquisition of AT&T." *Id.*, at 3-4. Accordingly, Level 3 respectfully requests prompt resolution of the Court's review of this matter.

## STATEMENT OF INTEREST OF LEVEL 3

The Tunney Act gives this Court the discretion to allow participation of "interested persons" in any "manner and extent which serves the public interest as the court may deem appropriate." 15 U.S.C. §16(f)(3). Level 3 is an international communications company headquartered in Broomfield, Colorado. It competes directly with AT&T. It operates one of the largest communications and internet backbones in the world, offering a comprehensive portfolio of network offerings including internet protocol services, broadband transport, colocation services, and patented Softswitch-based managed modem and voice services. Level 3 has agreed to purchase some of the AT&T Divestiture Assets as provided under the terms of the Proposed Final Judgment. Both as a competitor to AT&T and a purchaser of some Divestiture Assets, Level 3 has a significant interest in prompt resolution of the Court's review of this matter.

## PROCEDURAL AND FACTUAL BACKGROUND

In October 2005, the Department filed a Complaint in the U.S. District Court for the District of Columbia to enjoin the AT&T merger, citing substantial anticompetitive effects. Specifically, the Department identified "hundreds of commercial buildings" in eleven major metropolitan areas for which AT&T is the only carrier "with an owned or controlled last-mile connection ... effectively eliminat[ing] competition for facilities-based Local Private Line service to those buildings ...." *Competitive Impact Statement*, at 7. The Department determined the merger "will substantially lessen competition in the markets for (a) Local Private Lines and (b) voice and data telecommunications services that rely on Local Private Lines." *Id.*, at 6. As a consequence, "the merged firm would, therefore, have the ability to raise price to retail and wholesale customers of Local Private Lines." *Id.* At 7.

To remedy these anticompetitive effects, and to avoid a lengthy trial on the merits, the Department proposed a Final Judgment requiring AT&T to divest certain assets to allow other telecommunications companies to provide competing services. *See Proposed Final Judgment*, at 5. Both the Department and AT&T made clear that the Final Judgment was "meant to ensure defendants' prompt divestitures of the Divestiture Assets for the purpose of remedying the effects that the United States alleges would otherwise result from SBC's acquisition of AT&T." *Stipulation*, at 3-4; *see also Proposed Final Judgment*, at 1 ("the essence of this Final Judgment is the prompt and certain divestiture of certain rights or assets ...."); *Competitive Impact Statement*, at 12 ("To rapidly restore lost competition, the United States requires divestitures to be completed within the shortest time period reasonable under the circumstances.").

AT&T conducted a bidding process for the assets. The divestitures were to be completed by one hundred twenty (120) days after the AT&T merger closed or within five (5) days after entry of the Final Judgment, *whichever was later. Stipulation*, at 5.

The AT&T merger closed on November 18, 2005. On December 19, 2005, Level 3 submitted a preliminary proposal for the purchase of some of the Divestiture Assets. Level 3 met with AT&T over the following months and on February 23, 2006, Level 3 and AT&T signed the Master Agreement for Level 3 to purchase some of the Divestiture Assets, subject to certain closing conditions, including Department approval. The bidding process was complete and the Master Agreement signed within the 120-day period following the closing date, and Level 3 expected to obtain use of the Divestiture Assets shortly thereafter. However, Department approval is contingent on entry of a Final Judgment by the Court, which the Court has not yet entered.

## DISCUSSION

The competition the Department alleged would be lost (mainly Local Private Line service to hundreds of commercial buildings in eleven major metropolitan areas) has not been restored. More than a year after the filing of the Complaint, Level 3 and the other companies acquiring Divestiture Assets designed to remedy these anticompetitive effects still are unable to make use of them. The unfortunate consequence is that the very anticompetitive effects the Department sought to prevent have been prolonged. The Divestiture Assets remain in the sole possession of AT&T rather than the hands of the competitors who have contracted to acquire them.

Level 3 acknowledges the large record that has been developed in this action. In addition to the Tunney Act claims, several intervenors and *amicus curiae* have participated, debating whether the remedy proposed by the Department goes far enough. Unfortunately, the debate about the adequacy of the remedy prolongs the anticompetitive *status quo*. Rather than *some remedy*, each day that this proceeding continues there is *no remedy*.

Level 3 is eager and prepared to use the Divestiture Assets it has contracted to buy to bring competition to consumers.

## CONCLUSION

For the foregoing reasons, Level 3 respectfully requests that the Court promptly conclude its review of the Department's Proposed Final Judgment.

Respectfully submitted,

*[signature: Bernard A. Nigro]*

Bernard A. Nigro Jr. (D.C. Bar No. 412347)
Daniel K. Alvarez (D.C. Bar No. 500173)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
202.303.1000 (telephone)
202.303.2000 (facsimile)
bnigro@willkie.com
dalvarez@willkie.com

Dated: February 20, 2007

*Counsel for*
*Level 3 Communications LLC*

- 4 -