# M. Lovern, Sr.



*pratgen@myway.com*
*3713 Parke Drive*
*Edgewater, Md. 21037*
*Fax (206)-350-5409*
*Phone (206)-202-9074 (west coast)*
*410-956-8079 (east coast)*

April 26, 2007

Honorable Chief Judge Thomas Hogan
U.S. District Court
333 Constitution Ave., Rm 4012
Washington, D.C. 20001

    RE: 1:05CV02102 (EGS) – United States v. SBC Communications, Inc. & AT&T Corp.

Dear Judge:

I filed a motion to intervene in this case back in May 2006, part and parcel to $2.7 Billion in personal claims going back to when I owned four telecom companies. I filed several supplement motions and responses after. Every time I showed up for court Judge Sullivan stated he had my motions under advisement.

In March 2007, I contacted both the Judges office, and the Clerk's office, only to be told by both locations that my motions had not been ruled on.

On March 30th, 2007, Judge Sullivan ruled on the case. I found out on April 16, 2007, at which time I contacted the Court to find out why he could rule without having ruled on my motions. I then confirmed that Judge Sullivan had ruled on my motions (hereinafter referred to as "infamous motion"), and that the Court had intentionally not sent me a copy of the infamous motion done back in February, 2007, confirmed by a deputy Clerk.

I spoke with the Judge's Chambers, several Clerks, and the Clerk of the Court subsequently and Ms. Whittington said it was being sent to me immediately, however, as of today, I still do not have the motion and 30 days is coming up first of next week.

This type of behavior is unacceptable as it violates my federally protected rights. As Chief Judge I am requesting you to take appropriate action and respond to me. It is my intent to file post judgment motions pursuant to Microsoft III.

Yours truly,

M. Lovern, Sr.

*Before the*
## FEDERAL COMMUNICATIONS COMMISSION
Washington, D.C. 20554

In the Matter of Applications
for Consent to the Transfer
of Control of Licenses and
Section 214 Authorizations from

BELLSOUTH CORPORATION
Transferor

To                                                                   WC Docket No. 06-74

AT&T INC.
Transferee

### PETITION FOR RECONSIDERATION

MICHAEL LOVERN, SR. ("MLS") herewith submits its PETITION FOR RECONSIDERATION ("PETITION") with respect to the subject transfer proceeding. MLS has reviewed the Commission's December 29, 2006, decision as reported by FCC Press Release, part and parcel to this proceeding. Based on this review, MLS concludes that the Commission failed in any way to consider and discuss the matters raised in MLS's two Comments filed and dated May 10, 2006, and, October 23, 2006, BUT, more important MLS finds the Commission's vote to be <u>illegal</u> and the action (or rather inactions) of the Commission to have been arbitrary and capricious, and in direct violation of the Administrative Procedure Act (APA), the Communications Act of 1934, as amended (Communications Act), and its own Rules and Regulations.

TITLE 47--TELECOMMUNICATION

CHAPTER I--FEDERAL COMMUNICATIONS COMMISSION

PART 1_PRACTICE AND PROCEDURE--Table of Contents

Subpart A_General Rules of Practice and Procedure

Sec. 1.102 Effective dates of actions taken pursuant to delegated authority. [underline added for emphasis]

(a) Final actions following review of an initial decision.

(1) Final decisions of a commissioner, or panel of commissioners following review of an initial decision shall be effective 40 days after public release of the full text of such final decision. [underline added for emphasis]

(2) If a petition for reconsideration of such final decision is filed, the effect of the decision is stayed until 40 days after release of the final order disposing of the petition.

(3) If an application for review of such final decision is filed, or if the Commission on its own motion orders the record of the proceeding before it for review, the effect of the decision is stayed until the Commission's review of the proceeding has been completed.

(b) Non-hearing and interlocutory actions.

(1) Non-hearing or interlocutory actions taken pursuant to delegated authority shall, unless otherwise ordered by the designated authority, be effective upon release of the document containing the full text of such action, or in the event such a document is not released, upon release of a public notice announcing the action in question.

(2) If a petition for reconsideration of a non-hearing action is filed, the designated authority may in its discretion stay the effect of its action pending disposition of the petition for reconsideration. Petitions for reconsideration of interlocutory actions will not be entertained.

(3) If an application for review of a non-hearing or interlocutory action is filed, or if the Commission reviews the action on its own motion, the Commission may in its discretion stay the effect of any such action until its review of the matters at issue has been completed.

The Commission's vote on December 29, 2006, was pursuant to their **"Delegated Authority." See Title 47 U.S.C., Sec. 154 (j), in conjunction with 47 U.S.C., Sec. 152**

Sec. 154 - (j) Conduct of proceedings; hearings

"The Commission may conduct its proceedings in such manner as will best conduce to the proper dispatch of business and to the ends of justice. No commissioner shall participate in any hearing or proceeding in which he has a pecuniary interest. Any party may appear before the Commission and be heard in person or by attorney. Every vote and official act of the Commission shall be entered of record, and its proceedings shall be public upon the request of any party interested."

**47 CFR – Part 1, Subpart A, Sec. 1.102** *supra* **applies to this proceeding.**

On October 23, 2006, MLS filed additional comments, part and parcel to the expanded time ordered by the Commission. Included in MLS's filing was a complete copy of an *"evidentiary brief"* just filed by MLS in U.S. District Court in Civil Action No. 1:05CV02102 (EGS) - **United States of America v. SBC Communications, Inc. and A&T Corp**.; and, Civil Action No. 1:05CV02103 (EGS) - **United States of America v. Verizon Communications, Inc. & MCI, Inc.**

(3)

It was received by the FCC Secretary's Office, addressed to Ms. Dortch, in a timely fashion. Someone at the FCC, or due to lack of security other individuals then proceeded to physically remove Official Court Exhibits N,O, & Q, all *smoking guns* in the context of evidence presented to the federal court, and provided to the FCC for consideration in this proceeding, from the official FCC record in this proceeding. [See MLS Exhibit A – Letter to all Commissioners dated November 4, 2006, explaining this in detail, FCC Inspector General copied].

There was no response from any of the Commissioners. MLS was subsequently able to file a complaint with the FCC Inspector General's Office, and discussed the complaint at length with Mr. David Hunt who is allegedly investigating this incident.

One of the missing exhibits is an affidavit from a former AT&T and Bell Operating System [BOC] employee with personal knowledge corroborating MLS's claims of massive fraud, racketeering, illegal billing practices, antitrust violations, etc…, committed by AT&T, SBC, Bellsouth et al, alleged in federal court, and filed with the FCC in MLS's comments dated May 10, 2006, part and parcel to this proceeding.

Tampering with evidence is a federal felony. The three exhibits omitted by someone, considered in conjunction with the remainder of information and evidence in the FCC / Court filing[s] is more than ample to <u>null and void</u> the Commissions vote on December 29, 2006, or, at the very least require a stay until such time the Commission can review the missing documents, casting a new vote on a "COMPLETE RECORD" as required by law.

When one considers the missing documents in conjunction with other evidence already in the record[s], like the secret internal documents from Bellcore whereby the RBOCs discuss how they laundered the billions of dollar stolen from their customers via the "Intercompany Settlement System", any reasonable person would have to take notice.

For this reason alone, this Petition for Reconsideration must be granted as it's undeniable that MLS's participation in this proceeding has been adversely affected by leaving out of the official FCC record in this proceeding important official court documents that go to the heart of his comments and opposition, and that should be seen and considered by the Commissioners.

## BELLSOUTH SHRAEHOLDERS BEING DAMAGED, AT&T SHAREHOLDERS CAN BE POTENBTIALLY DAMAGED [cost of Bellsouth]

NOW, this brings us to an even more serious problem. The Commission has not, and cannot issue a Final Order in this proceeding based on its own rules. The decision approving the merger is not final, nor is the merger between SBC Communications & AT&T Corp, as the federal court has not even approved that merger. Without a FINAL ORDER from the FCC in this proceeding, in clear violation of state and federal law [felonies included], AT&T took physical possession of Bellsouth and has dismantled it. BELLSOUTH is GONE! Thousands of employees and contractors have been laid off, records destroyed, the corporate treasury has been looted, projects cancelled, and "Golden Parachute Checks" written. AT&T has been selling Bellsouth stock under AT&T's name illegally, and now the NYSE is liable. The AT&T / Bellsouth Merger is

(5)

far from final. MLS is about to file a lawsuit in U.S. District Court requesting Injunctive relief and a TRO prohibiting AT&T from controlling Bellsouth assets until such time the merger is final.

MLS was in court the day Judge Sullivan chastised DOJ lawyers for allowing SBC to take control of AT&T before his court had ruled in the antitrust proceeding. His court still hasn't ruled.

MLS requests that the Commission 1) Stay all orders in this proceeding until such time that all review [appeals] [both FCC and Federal Circuit Court] have run their course; 2) Order AT&T to cease control of Bellsouth assets during said review, and to order a full in-depth audit as to the monetary and structural actions committed on BellSouth to date; 3) Order the record in this proceeding to be amended to include the missing court documents prior to a new scheduled vote, or, further hearings after the Commission has reviewed the missing documents; and 4) schedule hearings as to what happened to the missing documents.

**Conclusion**

WHEREFORE, in light of these compelling circumstances, Petitioner [MLS] respectfully ask that the Commission grant this Petition, and issue a stay of enforcement

(6)

of its decision until all appeals and review has completed.

                                      Respectfully submitted,

                                      Michael Lovern, Sr.
                                      3713 Parke Drive
                                      Edgewater, MD 21037
                                      (206)-202-9074
                                      pratgen@myway.com

January 25, 2007

HENRY A. WAXMAN, CALIFORNIA
EDWARD J. MARKEY, MASSACHUSETTS
RICK BOUCHER, VIRGINIA
EDOLPHUS TOWNS, NEW YORK
FRANK PALLONE, Jr., NEW JERSEY
BART GORDON, TENNESSEE
BOBBY L. RUSH, ILLINOIS
ANNA G. ESHOO, CALIFORNIA
BART STUPAK, MICHIGAN
ELIOT L. ENGEL, NEW YORK
ALBERT R. WYNN, MARYLAND
GENE GREEN, TEXAS
DIANA DeGETTE, COLORADO
  VICE CHAIRMAN
LOIS CAPPS, CALIFORNIA
MIKE DOYLE, PENNSYLVANIA
JANE HARMAN, CALIFORNIA
TOM ALLEN, MAINE
JAN SCHAKOWSKY, ILLINOIS
HILDA L. SOLIS, CALIFORNIA
CHARLES A. GONZALEZ, TEXAS
JAY INSLEE, WASHINGTON
TAMMY BALDWIN, WISCONSIN
MIKE ROSS, ARKANSAS
DARLENE HOOLEY, OREGON
ANTHONY D. WEINER, NEW YORK
JIM MATHESON, UTAH
G.K. BUTTERFIELD, NORTH CAROLINA
CHARLIE MELANCON, LOUISIANA
JOHN BARROW, GEORGIA
BARON P. HILL, INDIANA

DENNIS B. FITZGIBBONS, CHIEF OF STAFF
GREGG A. ROTHSCHILD, CHIEF COUNSEL

JOE BARTON, TEXAS
  RANKING MEMBER
RALPH M. HALL, TEXAS
J. DENNIS HASTERT, ILLINOIS
FRED UPTON, MICHIGAN
CLIFF STEARNS, FLORIDA
NATHAN DEAL, GEORGIA
ED WHITFIELD, KENTUCKY
BARBARA CUBIN, WYOMING
JOHN SHIMKUS, ILLINOIS
HEATHER WILSON, NEW MEXICO
JOHN B. SHADEGG, ARIZONA
CHARLES W. "CHIP" PICKERING, MISSISSIPPI
VITO FOSSELLA, NEW YORK
STEVE BUYER, INDIANA
GEORGE RADANOVICH, CALIFORNIA
JOSEPH R. PITTS, PENNSYLVANIA
MARY BONO, CALIFORNIA
GREG WALDEN, OREGON
LEE TERRY, NEBRASKA
MIKE FERGUSON, NEW JERSEY
MIKE ROGERS, MICHIGAN
SUE MYRICK, NORTH CAROLINA
JOHN SULLIVAN, OKLAHOMA
TIM MURPHY, PENNSYLVANIA
MICHAEL C. BURGESS, TEXAS
MARSHA BLACKBURN, TENNESSEE

ONE HUNDRED TENTH CONGRESS

# U.S. House of Representatives
## Committee on Energy and Commerce
### Washington, DC 20515–6115

JOHN D. DINGELL, MICHIGAN
CHAIRMAN

April 5, 2007

Kent R. Nilsson, Ph.D.
Inspector General
Federal Communications Commission
445 12th Street, SW
Washington, DC 20554

Dear Inspector General Nilsson:

  The attached document from Mr. Michael Lovern, Sr. has come to my attention. It is a pleading from *In the Matter of Applications for Consent to the Transfer of Control of Licenses and Section 214 Authorizations from BellSouth Corporation to AT&T, Inc.*, WC Docket No. 06-74.

  Please review the matter and take action as you deem necessary in your capacity as Inspector General of the Federal Communications Commission.

  With every good wish,

Sincerely,

JOHN D. DINGELL
CHAIRMAN

Attachment

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

FEB 2 1 2007

Mr. Michael Lovern, Sr.　　　　　　　　Re:　Appeal No. 06-2290
3713 Parke Drive　　　　　　　　　　　　　　Request No. ATFY06-062
Edgewater, MD  21037　　　　　　　　　　　ALB:SRO

Dear Mr. Lovern:

　　You appealed from the action of the Antitrust Division on your request for access to records reflecting the names of Department of Justice personnel who worked on the "SBC/AT&T Merger," and to records relating to this merger that pertain to the "InterCompany Settlement System (ISS), and SBC/AT&T's role as 'Contract Administrator,' and/or Telco Billing & Collection- - known as LEC Billing."

　　After carefully considering your appeal, and as a result of discussions between Antitrust Division personnel and a member of my staff, I am remanding your request for a search for records responsive to your request. The Antitrust Division initially involved Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A), which protects from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings. I have determined, however, that Exemption 7(A) is not applicable to any responsive records, if they exist. If the Antitrust Division locates any responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by the Antitrust Division.

　　If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

　　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　　Janice Galli McLeod
　　　　　　　　　　　　　　　　　　　　　　　Associate Director