IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>SBC Communications, Inc. and AT&T Corp.,<br><br>Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>Verizon Communications Inc. and MCI, Inc.,<br><br>Defendants. | Civil Action No. 1:05CV02103 (EGS) |

### VERIZON'S OPPOSITION TO COMPTEL'S MOTION FOR LEAVE TO INTERVENE FOR PURPOSES OF APPEAL

CompTel again seeks to intervene in this action – the Court having already denied one such motion – this time for the purpose of appealing the Court's entry of the Final Judgment. Motion at 2 (filed May 23, 2007). The Court's initial determination that CompTel fails to meet the standard for permissive intervention was correct, and CompTel presents no changed circumstances justifying a different result here. The Court should deny CompTel's motion.

CompTel's motion fails to meet either of the two criteria for intervention under Federal Rule of Civil Procedure 24(b)(2). First, Comptel has failed to identify a "claim or defense" justifying intervention. As Verizon pointed out in opposing CompTel's initial motion to

intervene, CompTel does not raise any claim that the proposed transaction violates Section 7 of the Clayton Act, nor does it even argue that it could allege a violation of the antitrust laws or what claim it might hypothetically assert in such a suit. Thus, not only does CompTel fail to satisfy the plain textual requirement of the Rule, but, on a more practical level, the primary "hoped-for advantages" of allowing intervention – "litigative economy [and] reduced risks of inconsistency" with respect to an actual or potential parallel claim – are altogether absent here. *Massachusetts School of Law*, 118 F.3d at 782. Moreover, because CompTel lacks any legal claim of its own, a favorable result on appeal would afford CompTel redress only if the Department decided, in its sole discretion, to pursue the case further. *See* Verizon Opp. at 7 (filed Mar. 22, 2006) ("Verizon 2006 Opp."). Hence CompTel lacks constitutional standing.[1]

Second, CompTel cannot satisfy Rule 24(b)(2) because the intervention it seeks would cause "undue" delay. *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1234 (D.C. Cir. 2004).

CompTel is left to argue that it should be permitted to file an appeal simply because no one else will. The argument is illogical and invites the waste of judicial resources. Appellate litigation, like other litigation, is not a good in and of itself, and useless appeals are a waste of scarce judicial resources as well as a waste of time and money for the parties. Indeed, the chief benefit of entering into a settlement in the first place is that one *avoids* unnecessary litigation.[2]

---

[1] CompTel lacks standing for a second reason: approval of the settlement cannot be said to harm CompTel in any way, given that CompTel has no legal claim that has been adversely affected by the Court's decision. Indeed, CompTel does not deny that the remedies imposed in the settlement are beneficial to its members; CompTel's gripe is simply that the remedies are not beneficial enough. *See* Verizon 2006 Opp. at 7.

[2] The unreported decision in *United States v. Thomson Corp.*, Civ. A. No. 96-1415, 1997 WL 90992 (D.D.C. Feb. 27, 1997), on which CompTel heavily relies, is not to the contrary. In that case, and unlike here, there was a major – and in the court's view troubling – development that took place *after* the court had already approved the settlement. Specifically, the court learned that all of the assets of which the defendant West, the legal publishing company, was bound to divest itself would be sold to its largest competitor, Lexis-Nexis, and not to smaller

As set forth above and in Verizon's prior Opposition, under a straightforward application of Rule 24(b)(2), CompTel's motion fails. Indeed, CompTel's second motion to intervene largely rehashes, in summary fashion, the arguments CompTel made in its previous motion to intervene, which this Court rejected. *See, e.g.*, Motion at 7 ("As discussed in more detail in COMPTEL's initial motion to intervene"; "Final Judgments do nothing to eliminate the concerns discussed in greater detail in COMPTEL's Initial Motion"); Minute Order (May 10, 2006) (denying CompTel's initial motion to intervene). CompTel's instant motion provides no basis for the Court to revisit its previous ruling other than offering further litigation with no prospect of plausible claims. The Court should decline the invitation for needless delay and expense in reaching a final resolution of these proceedings.

---

competitors as had been anticipated. The court expressed "concern" that this development "might alter the competitive landscape in various legal product markets in unforeseen ways," which led the court to believe a "vigorous appeal" would be beneficial. *Id.* at *1. There are no such changed circumstances here.

## CONCLUSION

For the reasons set forth above and in Verizon's prior Opposition, the Court should deny the motion.

Respectfully submitted,

_____
Mark C. Hansen

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Evan T. Leo |
| Verizon Communications Inc. | Kellogg, Huber, Hansen, Todd, |
| 1515 N. Courthouse Road |   Evans & Figel, P.L.L.C. |
| Arlington, Virginia 22201 | 1615 M Street, N.W., Suite 400 |
| Telephone: (703) 351-3000 | Washington, D.C. 20036-3209 |
| Facsimile: (703) 351-3670 | Telephone: (202) 326-7900 |
| | Facsimile: (202) 326-7999 |

4