IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>    Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>    v.<br><br>Verizon Communications, Inc. and<br>MCI, Inc.,<br><br>    Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**AT&T INC.'S OPPOSITION TO MICHAEL LOVERN, SR.'S
MOTION TO SET HEARING DATE**

AT&T Inc. opposes Mr. Lovern's motion to set a date to hear argument on a baseless motion that is clearly outside the scope of these proceedings, which have long since closed. In moving to intervene, Mr. Lovern failed to identify any question of law or fact that his MasterCard and Visa "conspiracy" assertions had in common with the Final Judgment regarding whether the focused remedy in the local private line segment was in the public interest. *See also* United States' Opposition to Motion by Michael Lovern, Sr. for Leave to Intervene for Purposes

of Filing a Rule 60(B) Motion (March 25, 2008). Indeed there is no conceivable connection that could make a hearing on this issue a useful exercise of the Court's resources.[1]

This is now at least the third time that Mr. Lovern has attempted to present issues that are wholly outside the scope of the Tunney Act. *See* Minute Order (Feb. 21, 2007) (denying Mr. Lovern's motion for leave to appear amicus curiae and motion for leave to file evidentiary briefs "because Michael Lovern's matters are beyond the scope of these proceedings); Order (June 26, 2007) (denying Mr. Lovern's motion to intervene for purposes of appeal, noting that Mr. Lovern "has consistently attempted to intervene to raise issues outside the scope of the Tunney Act proceedings"). Mr. Lovern should not be allowed to continue to raise matters that are "obviously without merit" and "a monument to what ought not to be in a federal court."[2] *Lovern v. Edwards*, 190 F.3d 648, 656 (4th Cir. 1999).

Because Mr. Lovern has again clearly failed to meet the requirements for intervention in a Tunney Act proceeding, his motion should be denied.

---

[1] Although any hearing would be limited to the intervention issue, AT&T agrees with the United States' arguments regarding Mr. Lovern's further failure to meet the requirements of F.R.C.P. 60(b) as stated in its March 15, 2008 opposition, including the fact that Mr. Lovern admits that he has been aware of his purported "newly discovered evidence" since at least 2003.

[2] Mr. Lovern continues to improperly refer to himself as an amicus in this case although his motion to appear as such was denied on Feb. 21, 2007.

        Respectfully submitted,


        /s/ Wm. Randolph Smith
        Wm. Randolph Smith (D.C. Bar No. 356402)

        **CROWELL & MORING LLP**
        1001 Pennsylvania Avenue, N.W.
        Washington, DC 20004
        Telephone: (202) 624-2500
        Facsimile: (202) 628-5116

        Counsel for Defendant AT&T Inc.

Dated: April 21, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of April, 2008, a true and correct copy of AT&T Inc.'s Opposition to Motion by Michael Lovern, Sr.'s Motion to Set Hearing Date was sent by first class mail, postage prepaid, to the following:

Michael Lovern, Sr.
163 Mitchells Chance Rd., #121
Edgewater, Maryland  21037
(443) 995-0001


      /s/  Valerie Hinko