IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) | Civil Action No. 1:05CV02102 (EGS) |
| v. ) | |
| SBC Communications, Inc. and ) <br> AT&T Corp., ) <br> ) <br> ) | **MICHAEL LOVERN, SR.** <br> **(PROPOSED AMICUS CURIAE),** <br> **MOTION FOR LEAVE TO INTERVENE** <br> **FOR PURPOSES of Rule 60(b) Motion** |
| Defendants. ) | |
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) | |
| v. ) | Civil Action No.: 1:05CV02103 (EGS) |
| Verizon Communications Inc. and ) <br> MCI, Inc., ) | |
| Defendants. ) | |

### RESPONSE BY PROPOSED AMICUS CURAIE, MICHAEL LOVERN, SR. (LOVERN), TO AT&T's MOTION IN OPPOSITION TO LOVERN'S MOTION FOR LEAVE TO INTERVENE FOR PURPOSES TO FILE A RULE 60(b) MOTION

Michael Lovern, Sr. (Lovern) respectfully, and timely, files this Response to

AT&T's Motion in Opposition to the **Motion By Proposed Amicus Curiae,**

**Michael Lovern, Sr., for Leave to Intervene For Purposes of Filing a Rule 60(b)**

**Motion.**

What's very interesting in AT&T's Opposition Motion is that in 1994 they told the court, in this District, an exact opposite position from what they have filed here, that being how AT&T wanted to use Rule 60(b) to modify their consent decree some ten years after final judgment. *Modification of Final Judgment* (the "Decree"), <u>United States v. American Telephone and Telegraph Co.</u>, 552 F. Supp. 131, 226-34 (D.D.C. 1982), aff'd sub nom, <u>Maryland v. United States</u>, 460 U.S. 1001 (1983). Not within 12 months as this case, but after more than 10 years. The District Court approved AT&T's use of Rule 60(b) and the D.C. Court of Appeals affirmed in *United States Court of Appeals* FOR THE DISTRICT OF COLUMBIA CIRCUIT, Argued November 16, 1994 Decided February 17, 1995, No. 94-5252, UNITED STATES OF AMERICA, APPELLEE v. WESTERN ELECTRIC COMPANY, INC.; AMERICAN TELEPHONE AND TELEGRAPH COMPANY, APPELLEES BELLSOUTH CORPORATION, APPELLANT BELL ATLANTIC CORPORATION, APPELLEE - Appeal from the United States District Court for the District of Columbia (82cv00192).

When it helped AT&T 14 years ago, using Rule 60(b) was fine and perfectly legal. Now that it's being used against them, it's not fine and illegal.

The Tunney Act provides that before a settlement agreement between the Department and a party charged with violating the antitrust laws can take effect, "the court shall determine that the entry of such judgment is in the public interest." 15 U.S.C. § 16(e). The court may employ a <u>wide variety of techniques</u> in gathering information about the proposed judgment and coming to a decision, one of which is to allow intervention by interested parties: [T]he court may ... authorize full or limited

(2)

participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, Rules of Civil Procedure, examination of witnesses or documentary materials, or <u>participation in any other manner and extent which serves the public interest</u> as the court may deem appropriate. *Id.* § 16(f)(3).

This Court has stated in this case that the 2004 amendments to the Tunney Act (15 U.S.C.A. § 16 (2006)), passed in response to District of Columbia Circuit's highly deferential review and approval of the consent decree in *United States v. Microsoft*, requires that this Court in this merger do a more in-depth review. The 2004 Amendments to the Tunney Act directed that "before entering any consent judgment proposed by the United States under this section, the court shall determine that the entry of such judgment is in the public interest," and then instructed the court to consider the impact of the entry of judgment "upon competition and upon the public generally." 15 U.S.C.A. 16(e). This Court interpreted this provision as requiring it to review evidence itself, rather than relying upon the administrative agencies' review of the evidence.

DOJ has already admitted that it did not know about the transfer of alleged massive antitrust, etc, liability, however, in their opposition response to Lovern's Motion they did not even suggest that the alleged MasterCard / Visa Conspiracy - joint & several liability attached to AT&T does not exist, nor that the claims are not valid; and, AT&T in its Opposition Motion does not suggest the alleged antitrust claims or liability are false.

This brings us to last year, pre-"final order," Why didn't AT&T inform either DOJ, this Court, or both as to the alleged antitrust, etc, liability and legal claims? It is undeniable the old AT&T knew about them, as did SBC Communications, Inc. (SBC).

(3)

**$75-115 Trillion Dollars** in joint & several liability is not routine, and certainly can have a negative impact on the New AT&T (hereinafter referred to as "AT&T"). AT&T and DOJ both take the position that Lovern should have informed the court about this evidence. WRONG! Lovern was not a party as he was never granted Intervenor status, which brings us back to – Why did AT&T and SBC hide this evidence from the Court, and/or DOJ? They do not deny the alleged allegations of non-routine, massive legal liability. Informing the court about this problem was not Lovern's responsibility. If it had been disclosed in the SEC Filings [10 Qs / 10 Ks] of the Old AT&T as required by 17 CFR 229.303, as defined by the U.S. Supreme Court, DOJ would have known, as would other interested parties, but, the Old AT&T elected to hide this alleged liability in violation of Securities Law, then go ahead and hide it from this Court.

How could the court have reviewed ALL the evidence to determine if the merger is in the <u>best interest of the public</u> when the court didn't have all the material evidence? The answer is simple… impossible. This brings us to the unfortunate matter of "FRAUD ON THE COURT." It is undeniable that the Old AT&T and SBC both knew about the alleged legal claims and liability [not disputed in this case], yet they both made a conscious decision to hide it from the court. That's about as self serving as one can get.

In <u>BALTIA AIR LINES, INC., v. TRANSACTION MANAGEMENT, INC.</u>, 98 F.3d 640 321 U.S. App. D.C. 191, 36 Fed.R.Serv.3d 340, No. 95-7301, United States Court of Appeals, District of Columbia Circuit (1996), the Court said;

> "**Rule 60(b)(6) permits a court to grant relief from a final judgment for 'any *other* reason justifying relief....'** (Emphasis added.) **The courts have**

> universally interpreted 'other' to mean other than the reasons specified in subsections 60(b)(1)-60(b)(5)....*Id.* at 249. To interpret 60(b)(6) any other way
>
> would make the time limitations on motions under 60(b)(1)-(3) meaningless. *See id.* ('[I]t is generally accepted that cases clearly falling under Rule 60(b)(1) cannot be brought within the more generous Rule 60(b)(6) in order to escape the former's one year time limitation.' ").
>
> "Nonetheless, Rule 60(b) states that it 'does not limit the power of a court to entertain an independent action ... to set aside a judgment for fraud upon the court.' FED. R. CIV. P. 60(b). "Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.' *Bulloch v. United States,* 721 F.2d 713, 718 (10th Cir. 1983). Fraud upon the court refers only to 'very unusual cases involving far more than an injury to a single litigant.' 11 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2870 at 415 (1995) (internal quotation marks omitted). Examples include the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony. *Id.* at 418- 20."

THE injury that is going to occur if this merger is allowed to stand is going to be to <u>Millions of Consumers</u>, not a single party, as AT&T provides dial tone service to about 60% of the entire U.S. market. To a lesser extent, the same damage to consumers will attach to Verizon Customers, as Verizon is still on the MC / Visa defendant list.

In the Horizontal Merger Guidelines for DOJ it states, **"we assess whether, but for the merger, either party to the transaction would be likely to fail, causing its assets to exit the market."** This makes perfect sense, if one company might fail, losing it's assets, this could impact the other company and certainly the new merged company. In this case not only will the Old AT&T lose its assets, if the two companies are merged SBC will lose its assets along with Bellsouth who has also been allowed to merge with the New AT&T. The same applies to MCI as to Verizon's MC / Visa liability.

(5)

In this case DOJ did not have the opportunity to "assess" the infamous, alleged, undisputed, liability as it was hidden, therefore, when DOJ stood before this Court and proffered that they had looked at all material potential issues, that was not an accurate statement, as they didn't know about the undisputed **TRILLIONS of DOLLARS** of alleged joint & several liability attached to the Old AT&T, transferring and attaching to the New AT&T, once the merger was approved. Once again, the same applies to MCI as Verizon's liability attached, hence, MCI customers and Shareholders are at risk.

The newly discovered evidence brought before this court by Lovern is in fact "material," and "new."

DOJ is required to represent the Public's Interest in this case. The Court is required to make its determination based on what's in the Public's Best Interest. Neither is possible when material evidence is intentionally withheld by the merging parties, hence, **"Fraud on the Court;"** and, utilization of Rule 60(b)(6) is appropriate; (quoting) the D.C. Court of Appeals again in BALTIA AIR LINES, INC., *supra;*

> **"Rule 60(b)(6) permits a court to grant relief from a final judgment for 'any *other* reason justifying relief....' (Emphasis added.) The courts have universally interpreted "other" to mean other than the reasons specified in subsections 60(b)(1)-60(b)(5)....*Id.* at 249. To interpret 60(b)(6) any other way would make the time limitations on motions under 60(b)(1)-(3) meaningless."**

AT&T, as did DOJ, attempts to co-mingle this request for intervention under Rule 60(b) with Lovern's previous request, when in fact the two could not be more different. The two have nothing in common. Their attempt to confuse the court is simply because they don't have a defensible position, so they're trying to hoodwink the court just as AT&T and SBC did by withholding material evidence.

If this procedure and precedent was good enough for AT&T in 1994 after 10 years had passed since the final order, it should be good enough now. It's interesting to see how AT&T acts when they are not the benefiting party. This entire proceeding is about protecting the Public, not protecting AT&T.

In closing, this matter pending before the court is very material to the public's interest. As stated before, the undisputed, alleged antitrust, etc, massive joint & several liability facing the New AT&T is so large that even if the court had known about it before issuing its final order there is no way the court could have ordered SBC to set aside a defense fund large enough to deal with it. That being said, how can this Court take the position that something this dangerous is in the best interest of the Public without having a full hearing on the merits. One way AT&T and DOJ could have easily ended this debate would have been to provide the court some legal authority to dispute the alleged allegations and devastating liability. Their problem is, <u>there is none</u>, which again is reason not to ignore this new evidence. The fact that DOJ, nor AT&T, has disputed the alleged allegations or liability is reason enough to have a hearing on the pending Motion. As for legal authority to grant the pending Motion and schedule a hearing on its merits, the legal authority is overwhelming and it's from this Circuit; and, this Court knows that once the "Rule of Law" is established within the Circuit it cannot be changed except by the full Circuit sitting en banc, or the U.S. Supreme Court.

Last September [2007] **Tom Barnet, Assistant Attorney General for Antitrust** testified before the House Judiciary Committee, Antitrust Task Force investigating the Interchange Fee that his Department had opened a formal investigation into the

(7)

Interchange Fee. He also told two members on the Committee that he would personally keep them up to date as to any new developments. The person in charge of that investigation is **James J. Tierney,** *Chief,* **NETWORKS AND TECHNOLOGY ENFORCEMENT SECTION - DOJ ANTITRUST DIVISION.** Keep in mind this was September 2007. Last week, Lovern spoke directly with James Tierney and he [Tierney] had no knowledge whatsoever about the proceedings pending in this Court, yet there is undisputed, credible, material evidence about the Interchange Fee before this court. Lovern also confirmed that neither Committee Member who requested to be kept up to date knew anything about this proceeding or the <u>undisputed</u> evidence before this Court. So much for DOJ's - Antitrust Division's Interchange Fee (IF) investigation that was suppose to be ongoing since before September 2007. Lovern is the foremost expert on the IF, yet DOJ hasn't even talked to him, even though he has offered several times. One doesn't need a crystal ball to know what's really going one with the IF and the federal government, just like one doesn't need special powers to know what DOJ is doing with AT&T.

   In addition, this Court also knows there is no statute of limitations on *Fraud on the Court*. Therefore, the present final order in this case can be opened at any time until and unless this Court, or some court of competent jurisdiction, addresses the NEW Evidence. It's much easier and less expensive on the taxpayers to do it now, and it's certainly in the best interest of the public. There is no sense in delaying what's inevitable, and the new evidence in this case is going to get adjudicated as to how it pertains to this merger, one way or the other, so it's best to do it now before any more time expires. Time

is not on the side of the SBC or Bellsouth Shareholders. If AT&T and SBC had not withheld the alleged massive liability we wouldn't be having this debate. If there is a party at fault, it's certainly AT&T & SBC. They should quit whining and come to court.

It is important to point out to this Court that once again an attorney for the opposing side is being disingenuous with the court. Mr. Smith states in his Motion that "Mr. Lovern should not be allowed to continue to raise matters that are 'obviously without merit' and 'a monument to what ought not be in a federal court,' and he sites *Lovern v. Edwards*, 190 F. 3d 648, 656 (4th Cir. 1999). Mr. Smith has used dicta out of context in an attempt to hoodwink the court <u>again</u>. In *Lovern v. Edwards* the District court ruled that it did not have subject matter jurisdiction. There was never a ruling on the merits of the case, nor was there even a hearing on the merits. The case was moved to state court whereby Edwards settled out of court before the 4th Circuit issued their opinion. The only question of law before the 4th Circuit was that of "subject matter jurisdiction," <u>Not</u> the <u>merits</u> of the case, and, as a footnote, if the case was without merit it is doubtful Edwards would have settled out of court.

It should be very obvious to this Court that the opposing parties are trying to divert the court's attention to anything and everything <u>except</u> what's important. The "Public Interest" is not outside the scope of these proceedings. It should be taken into consideration that opposing counsel continues to attack the messenger instead of addressing the issues. Usually, when opposing counsel attacks the messenger it's because they have no defense.

For ALL THE REASONS STATED ABOVE, and because AT&T and DOJ have both failed in their attempt to provide legal authority to stop this Court from granting Lovern's Motion, Lovern, respectfully requests this Court to schedule the hearing on his Motion to Intervene, GRANT IT, then as soon as possible schedule a hearing on the merits of his Rule 60(b), keeping an open mind aimed at the TRUTH, and, not get caught up in the mindless Rhetoric of the other Parties. The new evidence presented to this Court is credible, corroborated, undisputed, and it's material to these proceedings.

Respectfully submitted,

Michael Lovern, Sr.
163 Mitchells Chance Rd., #121,
Edgewater, MD 21037
(443)-995-0001
mlsatt@myway.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of April, 2008, copies of the foregoing **RESPONSE BY PROPOSED AMICUS CURAIE, MICHAEL LOVERN, SR. (LOVERN), TO AT&T's MOTION IN OPPOSITION TO LOVERN'S MOTION FOR LEAVE TO INTERVENE FOR PURPOSES TO FILE A RULE 60(b) MOTION,** was sent by U.S. Mail, or e-mail, to counsel of record as follows:

Charles F. Scott (D.C. Bar No. 414906)
Matthew C. Hammond, Jared A. Hughes
Trial Attorneys
Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530 - (202) 514-5621

Attorneys for the United States

FOR DEFENDANTS - SBC COMMUNICATIONS, INC. & AT&T

Michael Payne
175 E. Houston
San Antonio, Texas 78205-2233
210-351-3500

William Randolf Smith
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004


FOR DEFENDANT VERIZON COMMUNICATIONS, INC. / MCI

John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201



Michael Lovern, Sr.
163 Mitchells Chance Rd., #121,
Edgewater, MD 21037
(443)-995-0001
mlsatt@myway.com


April 28th, 2008